JOSEPH H. HUNT
Assistant Attorney General
JAMES J. GILLIGAN
Acting Director
Federal Programs Branch
JACQUELINE COLEMAN SNEAD
Assistant Branch Director
ASHLEY A. CHEUNG
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 616-8267
Fax: (202) 616-8470
Email: ashley.cheung@usdoj.gov

## UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>By the Department of Justice<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br><br>       Plaintiff,<br><br>v.<br><br>OMAROSA MANIGAULT NEWMAN,<br><br>3796 Biggin Church Road W<br>Jacksonville, Florida 32224<br><br>       Defendant. | Case No.: 19-cv-1868<br><br><br><br><br><br>**COMPLAINT** |

## COMPLAINT

1.   This is an action brought pursuant to the Ethics in Government Act, 5 U.S.C. app. 4 § 101 *et seq.* (2006), ("EIGA"), by the United States of America against Omarosa Manigault Newman for civil penalties for knowingly and willfully failing to file the required public financial disclosure report after her employment terminated with the Executive Office of the President.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 5 U.S.C. app. 4. § 104(a) and 28 U.S.C. §§ 1331 and 1345.

3.   Venue is proper pursuant to 5 U.S.C. app. 4. § 104(a) and 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff is the United States of America.

5.   Defendant Omarosa Manigault Newman is the former Director of Communications for the Office of Public Liaison in the White House, within the Executive Office of the President.

## STATUTORY BACKGROUND

6.   The EIGA requires individuals who occupy covered positions to file a final public financial disclosure report on or before the thirtieth day after leaving their position, unless they have accepted another covered position.  5 U.S.C. app. 4 § 101(e).

7.   Among the positions covered by section 101 are "employee[s] in the [E]xecutive [B]ranch" whose "basic pay is equal to or greater than 120 percent of the minimum rate of basic pay payable for GS-15 of the General Schedule."  5 U.S.C. app. 4 § 101(f)(3).

8.   Section 104(a) of the EIGA authorizes the Attorney General to bring a civil action in federal district court against any individual "who knowingly and willfully fails to file or report

any information that such individual is required to report" under the EIGA.  5 U.S.C. app. 4

§ 104(a).

9.   The EIGA provides that the court may assess a civil penalty of up to $50,000 against an

individual who knowingly and willfully fails to file a public financial disclosure report required

under the EIGA.  *See* 5 U.S.C. app. 4 § 104(a)(1).

## FACTUAL BACKGROUND

10. Beginning January 20, 2017, Ms. Manigault Newman was the Director of

Communications in the Office of Public Liaison in the White House, a position within the

Executive Branch.

11. Her salary was greater than 120 percent of $103,672, which was the minimum rate of

basic pay payable for GS-15 of the General Schedule in 2017.  *See* 5 U.S.C. app. 4 § 101(f)(3);

United States Office of Personnel Management, Salary Table 2017-GS, effective January 2017,

*available at* https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/salary-

tables/pdf/2017/GS.pdf.

12. Ms. Manigault Newman filed the new entrant financial disclosure report required under

the EIGA.

13. On or before December 19, 2017, Ms. Manigault Newman received a post-government

employment briefing in which she was advised of her obligation under the EIGA to file a

termination financial disclosure report by January 18, 2018.

14. Ms. Manigault Newman's employment as Director of Communications in the Office of

Public Liaison in the White House terminated effective December 19, 2017.

15. Ms. Manigault Newman did not accept another government position covered by section

101 of the EIGA after the termination of her employment with the White House.

16. On December 29, 2017, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman an email reminding her of her obligation to file her termination financial disclosure report by January 18, 2018.  Although the email address used was the personal email address provided by Ms. Manigault Newman to the White House Counsel's Office (hereinafter "provided email address"), she did not respond.

17. On January 3, 2018, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman another email to the provided email address reminding her of her obligation to file her termination financial disclosure report by January 18, 2018.  The email included as an attachment her post-government employment memorandum, which memorialized the briefing that Ms. Manigault Newman received before leaving the White House.

18. On January 12, 2018, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman an email to the provided email address asking whether she had any questions regarding filing her termination financial disclosure report.

19. On January 18, 2018, Ms. Manigault Newman failed to file the required termination financial disclosure report due that date.

20. The following day, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman an email to the provided email address advising her that her termination financial disclosure report was overdue and that she might be assessed a $200 late filing fee.

21. On February 6, 2018, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman another email to the provided email address and to a second email address for Ms. Manigault Newman asking whether she had any questions regarding filing her termination financial disclosure report.

22. On March 26, 2018, an ethics attorney in the White House Counsel's Office sent Ms. Manigault Newman another email to the provided email address and to the second email address reminding her that her termination financial disclosure report was past due.  This time, shortly after the email was sent, Ms. Manigault Newman responded by calling the ethics attorney to discuss the overdue termination financial disclosure report.

23. Later that day, on March 26, 2018, Stefan Passantino, then-Deputy Counsel to the President, sent Ms. Manigault Newman an email to the provided email address and to the second email address reminding her of her obligation to file her termination financial disclosure report. Ms. Manigault Newman responded to Mr. Passantino's email that same day using the provided email address but thereafter did not file the overdue termination financial disclosure report.

24. Pursuant to the regulations of the Executive Office of the Government Ethics, 5 C.F.R. § 2634.701, the Executive Office of the President referred this matter to the Department of Justice for commencement of an action authorized by 5 U.S.C. app. 4 § 104(a), and the action was authorized on March 17, 2019.

## COUNT I

25. Plaintiff repeats and realleges Paragraphs 1 through 24 as if fully stated herein.

26. Ms. Manigault Newman has been aware since on or before December 19, 2017 that she was subject to the EIGA and was required to file a termination financial disclosure report within thirty days of the termination of her employment within the Executive Branch.

27. White House ethics counsel repeatedly informed Ms. Manigault Newman both orally and in writing of her obligation to file her termination financial disclosure report.

28. Notwithstanding the numerous attempts to obtain her compliance, Ms. Manigault Newman has not filed her termination financial disclosure report even though her employment within the Executive Branch ended, as of this filing, more than 180 days ago.

29. Ms. Manigault Newman violated the Ethics in Government Act, 5 U.S.C. app. 4 § 104, by knowingly and willfully failing to file her termination financial disclosure report within the time required by the EIGA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court issue a decision and order:

(1) Requiring Ms. Manigault Newman to file her termination financial disclosure report;

(2) Assessing a civil penalty under Count I of up to $50,000; and

(3) Granting Plaintiff such further relief as the Court deems just and proper.


Dated: July 1, 2019                      Respectfully submitted,


                                         JOSEPH H. HUNT
                                         Assistant Attorney General

                                         JAMES J. GILLIGAN
                                         Acting Director

                                         JACQUELINE COLEMAN SNEAD
                                         Assistant Branch Director


                                         */s/ Ashley A. Cheung*
                                         ASHLEY A. CHEUNG
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division,
                                         Federal Programs Branch
                                         1100 L Street, N.W.

6

Washington, D.C. 20005
Tel.: (202) 616-8267
Fax: (202) 616-8470
Email: ashley.cheung@usdoj.gov

*Attorneys for Plaintiff*