<u>**UNITED STATES DISTRICT COURT**</u>

<u>**FOR THE DISTRICT OF COLUMBIA**</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**</u>

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ....................................................................................................................... 2

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

I.      The Government's Complaint States a Claim for Relief Under the EIGA........................ 4

    A.   The Complaint Sufficiently Alleges that Defendant is Subject to the EIGA's Reporting
       Requirements. ............................................................................................................... 5

    B.   The Complaint Sufficiently Alleges that Defendant Failed to File Her Termination
       Financial Disclosure Report by the January 18, 2018 Deadline. ................................... 6

    C.   The Complaint Sufficiently Alleges that Defendant's Failure to File Her Termination
       Financial Disclosure Report was Knowing and Willful. ................................................ 6

II.     Defendant's Arguments Misapply the Standard for a 12(b)(6) Motion. ........................... 8

CONCLUSION........................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Abhe & Svoboda, Inc. v. Chao,*
   508 F.3d 1052 (D.C. Cir. 2007) ........................................................................ 1, 9

*Adams v. Chimes D.C., Inc.,*
   2012 WL 577981 (D.D.C. Feb. 15, 2012) ........................................................ 3, 8

*\*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ......................................................................................... 3, 8

*\*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................. 3

*Cohen v. Bd. of Trustees of Univ. of D.C.,*
   819 F.3d 476 (D.C. Cir. 2016) ............................................................................. 4

*Dura Pharm., Inc. v. Broudo,*
   544 U.S. 336 (2005) ............................................................................................. 4

*EEOC v. St. Francis Xavier Parochial Sch.,*
   117 F.3d 621 (D.C. Cir. 1997) ............................................................................. 4

*Erickson v. Pardus,*
   551 U.S. 89 (2007) ............................................................................................... 3

*Fletcher v. DOJ,*
   17 F. Supp. 3d 89 (D.D.C. 2014) ......................................................................... 3

*Fridman v. Bean LLC,*
   2019 WL 231751 (D.D.C. Jan. 15, 2019) .......................................................... 10

*Hensley v. Office of Architect of the Capitol,*
   806 F. Supp. 2d 86 (D.D.C. 2011) ....................................................................... 8

*Henthorn v. Dep't of Navy,*
   29 F.3d 682 (D.C. Cir. 1994) ............................................................................ 4, 9

*In re Domestic Airline Travel Antitrust Litig.,*
   221 F. Supp. 3d 46 (D.D.C. 2016) ....................................................................... 9

*\*JSC Transmashholding v. Miller,*
   70 F. Supp. 3d 516 (D.D.C. 2014) ....................................................................... 9

*Parisi v. Sinclair*,
774 F. Supp. 2d 310 (D.D.C. 2011) ................................................................. 3, 4

*Sparrow v. United Air Lines, Inc.*,
216 F.3d 1111 (D.C. Cir. 2000) ........................................................................ 1, 3

*Stuart v. Nat'l Educ. Ass'n*,
471 F.3d 169 (D.C. Cir. 2006) ............................................................................... 1

*Tele-Commc'ns of Key W., Inc. v. United States*,
757 F.2d 1330 (D.C. Cir. 1985) ........................................................................ 4, 9

*Thorp v. D.C.*,
142 F. Supp. 3d 132 (D.D.C. 2015) ....................................................................... 9

*U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*,
722 F. Supp. 2d 20 (D.D.C. 2010) ....................................................................... 10

*United States ex rel. Riedel v. Bos. Heart Diagnostics Corp.*,
332 F. Supp. 3d 48 (D.D.C. 2018) ....................................................................... 10

*United States v. Bank of New England, NA.*,
821 F.2d 844 (1st Cir. 1987) ................................................................................. 6

*United States v. Gant*,
268 F. Supp. 2d 29 (D.D.C. 2003) ...................................................................... 4, 6

*United States v. Hunter*,
No. 1:14-cv-442-JEB (D.D.C. Aug. 27, 2014) ................................................... 4, 6

*United States v. Honeywell Int'l Inc.*,
798 F. Supp. 2d 12 (D.D.C. 2011) ....................................................................... 11

*United States v. Newman*,
2017 WL 3575848 (D.D.C. Aug. 17, 2017) ....................................................... 9, 10

*United States v. Tarver*,
642 F. Supp. 1109 (D. Wyo. 1986) ......................................................................... 7

*Vasaturo v. Peterka*,
177 F. Supp. 3d 509 (D.D.C. 2016) ........................................................................ 3

*Wash. All. of Tech. Workers v. DHS*,
892 F.3d 332 (D.C. Cir. 2018) ................................................................................ 4

**Statutes**

5 U.S.C. app. 4 § 101 ................................................................................. 1 2, 4, 5

5 U.S.C. app. 4 §§ 101–505 ......................................................................................................... 1

5 U.S.C. app. 4 § 104 ................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................................ 3

Fed. R. Civ. P. 9 .......................................................................................................................... 10

Fed. R. Civ. P. 12 ................................................................................................................. 1, 5, 11

**INTRODUCTION**

The Court should deny Defendant Omarosa Manigault Newman's motion to dismiss. *See* Mot. to Dismiss Pl.'s Corrected Compl. for Failure to State a Cause of Action upon Which Relief can be Granted ("Def.'s Mot."), ECF No. 5; Fed. R. Civ. P. 12(b)(6). The Government's complaint contains ample factual allegations to state a claim that Defendant violated the Ethics in Government Act, 5 U.S.C. app. 4 § 101 *et seq.* (2006) ("EIGA") by knowingly and willfully failing to file the required termination financial disclosure report. The complaint sufficiently alleges that Defendant is subject to the EIGA's reporting requirements, that she failed to file the required termination financial disclosure report by the January 18, 2018 deadline, and that her failure to file her termination financial disclosure report was knowing and willful.

The Government's allegations must be accepted as true for purposes of Defendant's motion. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). Rather than demonstrate that those allegations fail to state a claim, Defendant's motion disputes the veracity of those allegations, relies on other unsupported allegations, and impermissibly attempts to introduce evidence, in the form of unauthenticated exhibits, that cannot be considered on a motion to dismiss. Defendant's attempt to create a factual dispute must fail because in evaluating a 12(b)(6) motion to dismiss, the Court must limit its review to "'the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice.'" *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (quoting *Stuart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006)). When evaluated under that standard, the Government's complaint clearly states a claim, and accordingly Defendant's motion should be denied.

## **BACKGROUND**

Beginning January 20, 2017, Defendant was the Director of Communications in the Office of Public Liaison in the White House, a position within the Executive Branch.  Compl. ¶ 10, ECF No. 2-1.  In this position, Defendant's salary was greater than 120 percent of $103,672, which was the minimum rate of basic pay payable for GS-15 of the General Schedule in 2017.  *Id.* ¶ 11.  After starting this position, Defendant filed a new entrant financial disclosure report as the EIGA required.  *Id.* ¶ 12.

Defendant's employment as Director of Communications in the Office of Public Liaison in the White House terminated effective December 19, 2017.  *Id.* ¶ 14.  After the termination of her employment with the White House, Defendant did not accept another government position covered by section 101 of the EIGA.  *Id.* ¶ 15.  Therefore, she was required to file a termination financial report under EIGA.  *Id.* ¶¶ 6, 19; *see also* 5 U.S.C. app. 4 § 101(e).

Defendant received oral and written notice of her obligation to file her termination financial disclosure report.  Compl. ¶¶ 13, 16, 17, 18, 20, 21, 22, 23, 27.  On or before December 19, 2017, Defendant received a post-government employment briefing during which she was advised of her obligation under the EIGA to file a termination financial disclosure report within thirty days of the termination of her employment.  *Id.* ¶ 13.  Thereafter, the White House Counsel's Office sent Defendant seven separate emails reminding her of her obligation to file a termination financial disclosure report.  *Id.* ¶¶ 16, 17, 18, 20, 21, 22, 23.

Despite the numerous reminders, two of which Defendant acknowledged by responding, *id.* ¶¶ 22–23, she failed to file the required termination financial disclosure report by the January 18, 2018 deadline.  *Id.* ¶ 19.  On June 25, 2019, the Government brought this action against Defendant pursuant to the EIGA for civil penalties for knowingly and willfully failing to file her required public financial disclosure report after her employment terminated with the Executive

2

Office of the President.  ECF No. 1.  On September 11, 2019, Defendant filed the instant motion to dismiss for failure to state a claim.  Def.'s Mot.

## STANDARD OF REVIEW

"A plaintiff need only provide a 'short and plain statement of [his] claim showing that [he] is entitled to relief,' Fed. R. Civ. P. 8(a)(2), that 'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Adams v. Chimes D.C., Inc.*, 2012 WL 577981, at *2 (D.D.C. Feb. 15, 2012) (Leon, J.) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).  To survive a 12(b)(6) motion to dismiss, a complaint must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Parisi v. Sinclair*, 774 F. Supp. 2d 310, 314 (D.D.C. 2011) (Leon, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In evaluating such a motion, the Court must presume that the complaint's factual allegations are true, construe them liberally in the plaintiff's favor, and grant the plaintiff the benefit of all favorable inferences that can be derived from the facts alleged.  *See Sparrow*, 216 F.3d at 1113; *Fletcher v. DOJ*, 17 F. Supp. 3d 89, 92 (D.D.C. 2014).  A complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, but "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).  These notice-pleading rules are "not meant to impose a great burden upon a plaintiff." *Vasaturo v. Peterka*, 177 F. Supp. 3d 509, 511 (D.D.C. 2016) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).  The burden is on the moving party to prove that no legally cognizable claim for relief exists.  *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016).  "Dismissal for failure to state a claim for relief is proper only when it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle

3

him to relief." *Tele-Commc'ns of Key W., Inc. v. United States*, 757 F.2d 1330, 1334 (D.C. Cir. 1985) (citation omitted).

In evaluating the sufficiency of the Government's complaint under Rule 12(b)(6), the Court "may only consider 'the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice.'" *Parisi*, 774 F. Supp. 2d at 314 (alteration in original) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). Factual allegations in briefs or memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when they contradict those alleged in the complaint. *See Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994).

## ARGUMENT

### I.     The Government's Complaint States a Claim for Relief Under the EIGA.

The Government's complaint clearly states a claim for relief under the EIGA and contains sufficient factual allegations to permit the Court to "'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wash. All. of Tech. Workers v. DHS*, 892 F.3d 332, 343 (D.C. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The EIGA establishes financial reporting requirements for key personnel in the Federal Government. 5 U.S.C. app. 4 § 101(e). Section 104(a) of the EIGA authorizes the Attorney General to bring a civil action in federal district court against any individual "who knowingly and willfully fails to file or report any information that such individual is required to report" under the EIGA. 5 U.S.C. app. 4 § 104(a); Compl. ¶ 8. *See also United States v. Gant*, 268 F. Supp. 2d 29, 33 (D.D.C. 2003) (assessing the maximum civil penalty against a defendant after concluding that the defendant was subject to the EIGA's reporting requirements and failed to file a termination financial disclosure report despite having received multiple notices of this obligation); *United States v. Hunter*, No. 1:14-cv-442-JEB (D.D.C. Aug. 27, 2014), ECF No. 8 (assessing a $25,000 civil penalty after concluding that

defendant was subject to the EIGA's reporting requirements and failed to comply despite multiple letters reminding him of his obligation).  The Government's complaint contains sufficient factual allegations in support of each element of the EIGA claim.

**A.    The Complaint Sufficiently Alleges that Defendant is Subject to the EIGA's Reporting Requirements.**

The Government's complaint sufficiently alleges that the EIGA required Defendant to file a termination financial disclosure report.  The EIGA requires individuals who occupy covered positions to file a final public financial disclosure report on or before the thirtieth day after leaving their position, unless they have accepted another covered position.  5 U.S.C. app. 4 § 101(e); Compl. ¶ 6.  Among the positions covered by section 101 are "employee[s] in the [E]xecutive [B]ranch" whose "basic pay is equal to or greater than 120 percent of the minimum rate of basic pay payable for GS-15 of the General Schedule."  5 U.S.C. app. 4 § 101(f)(3); Compl. ¶ 7.

The Government's complaint alleges that Defendant occupied a covered position.  Specifically, the complaint alleges that beginning January 20, 2017, Defendant "was the Director of Communications in the Office of Public Liaison in the White House, a position within the Executive Branch," Compl. ¶ 10, and "[h]er salary was greater than 120 percent of $103,672, which was the minimum rate of basic pay payable for GS-15 of the General Schedule in 2017," *id.* ¶ 11.  Accepting those allegations as true, the Court should infer that Defendant was subject to the EIGA's reporting requirements.  As further alleged in the complaint, Defendant "did not accept another government position covered by section 101 of the EIGA after the termination of her employment with the White House."  *Id.* ¶ 15.  Defendant therefore was required to file a termination financial report within thirty days of the termination of her employment on December 19, 2017.  *See id.* ¶ 14.  That element of the Government's claim is sufficiently pled.

5

**B.     The Complaint Sufficiently Alleges that Defendant Failed to File Her Termination Financial Disclosure Report by the January 18, 2018 Deadline.**

The Government's complaint also sufficiently alleges that Defendant failed to file her termination financial disclosure report by the applicable deadline.  As alleged, Defendant was obligated to file her report within thirty days of her termination or by January 18, 2018.  *Id.* ¶ 13. Defendant, however, still had "not filed her termination financial disclosure report even though her employment within the Executive Branch ended, as of this [action's] filing, more than 180 days ago."  *Id.* ¶ 28.  Accepting those allegations as true, the Court thus can infer the Defendant's failure to file the required report.

**C.     The Complaint Sufficiently Alleges that Defendant's Failure to File Her Termination Financial Disclosure Report was Knowing and Willful.**

The Government's complaint also alleges facts sufficient to permit the Court to reasonably infer that Defendant's failure to file her termination financial disclosure report was knowing and willful.  "An individual knowingly and willfully fails to comply with the EIGA's filing requirements when that individual intentionally disregards the statute or is indifferent to its requirements."  *Gant*, 268 F. Supp. 2d at 33 (citation omitted).  *See also United States v. Bank of New Eng., NA.*, 821 F.2d 844, 856 (1st Cir. 1987) (defining "willfulness" for the purposes of federal regulatory statutes as disregard for the governing statute and an indifference to its requirements).  Such an inference follows from the allegations here.  *See, e.g.*, *Gant*, 268 F. Supp. 2d at 33 ("defendant at best was indifferent to the EIGA's filing requirements" and thus "the court concludes that the defendant knowingly and willfully failed to comply with the EIGA" where defendant received multiple reminders and thus "had notice of his obligation to file a financial disclosure report pursuant to the EIGA"); *Hunter*, No. 1:14-cv-442-JEB, ECF No. 8 ("Given the Government's repeated letters to Hunter over the years to remind him of his obligations, the Court is satisfied that Defendant's refusal to file is knowing and willful."); *United States v. Tarver*, 642

F. Supp. 1109, 1111 (D. Wyo. 1986) (concluding that defendant's violation of the EIGA was "knowing and willful" where he was "twice informed of the requirements of the Act and that those requirements applied to him" but he "refused to comply, although he possessed full knowledge of the Act").

The complaint alleges that Defendant "filed the new entrant financial disclosure report required under the EIGA," which permits the Court to infer that Defendant was aware of the EIGA's reporting requirements.  Compl. ¶ 12.  Additionally, the complaint alleges that "White House ethics counsel repeatedly informed [Defendant] both orally and in writing of her obligation to file her termination financial disclosure report."  *Id.* ¶ 27.  On or before December 19, 2017, Defendant received a post-government employment briefing in which she was advised of her obligation under the EIGA to file a termination financial disclosure report within thirty days of the termination of her employment.  *Id.* ¶ 13.

Thereafter, the White House Counsel's Office sent Defendant seven separate emails reminding her of her obligation to file a termination financial disclosure report.  *Id.* ¶¶ 16, 17, 18, 20, 21, 22, 23.  The first four of these emails were sent to "the personal email address provided by [Defendant] to the White House Counsel's Office (hereinafter, 'provided email address')" on December 29, 2017, January 3, 2018, January 12, 2018, and January 19, 2018.  *Id.* ¶ 16; *see also id.* ¶¶ 17, 18, 20.  The January 3, 2018 email "included as an attachment [Defendant's] post-government employment memorandum, which memorialized the briefing that [Defendant] received before leaving the White House."  *Id.* ¶ 17.  The January 12, 2018 email "ask[ed] whether [Defendant] had any questions regarding filing her termination financial disclosure report."  *Id.* ¶ 18.  The January 19, 2018 email "advis[ed] [Defendant] that her termination financial disclosure report was overdue and that she might be assessed a $200 late filing fee."  *Id.* ¶ 20.

The next three emails reminding Defendant of her obligation to file a termination financial disclosure report were sent to both the "provided email address" and to "a second email address for [Defendant]," *id.* ¶ 21, one on February 6, 2018 and two on March 26, 2018. *Id.* ¶¶ 21, 22, 23. Defendant responded to the first March 26, 2018 email by "calling the ethics attorney to discuss the overdue termination financial disclosure report." *Id.* ¶ 22. She responded to the second March 26, 2018 email, sent by the then-Deputy Counsel to the President, "that same day using the provided email address," which supports an inference that Defendant received all seven of the reminder emails and thus had knowledge of her obligation under the EIGA. *See id.* ¶ 23. These factual allegations are sufficient to permit the Court to reasonably infer that Defendant's failure to file her termination financial disclosure report was knowing and willful.

In sum, accepting these factual allegations as true, the Government's complaint clearly offers more than "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Hensley v. Office of Architect of Capitol*, 806 F. Supp. 2d 86, 90 (D.D.C. 2011) (Leon, J.) (quoting *Iqbal*, 556 U.S. at 678). The complaint states a claim to relief under the EIGA that is more than "'plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 570), and "puts defendant on notice" of that claim. *Adams*, 2012 WL 577981, at \*2. Because that is all that is required to withstand dismissal under Rule 12(b)(6), Defendant's motion should be denied.

## II.   Defendant's Arguments Misapply the Standard for a 12(b)(6) Motion.

In arguing that the Government's complaint should be dismissed for failure to state a claim, Defendant impermissibly disputes the veracity of the complaint's factual allegations. *See, e.g.*, Def.'s Mot. 4–5, 12. Defendant "seemingly misunderstands the standard of review applicable to Rule 12(b)(6) motions, which compels that a complaint receive the benefit of all inferences that can be derived from the facts alleged and requires that the Court assume the veracity of any well-

pleaded factual allegations in the complaint." *JSC Transmashholding v. Miller*, 70 F. Supp. 3d 516, 522 (D.D.C. 2014) (citations omitted). *See also Thorp v. Dist. of Columbia*, 142 F. Supp. 3d 132, 140 (D.D.C. 2015) (holding that defendants' approach of disputing the veracity of the assertions in plaintiff's complaint "fails to take the factual allegations in the Complaint as true, as required on a Rule 12(b)(6) motion" and "therefore cannot provide the basis for dismissal"). Put differently, in deciding Defendant's 12(b)(6) motion, the Court should not engage in credibility assessments or make factual determinations. *See JSC Transmashholding*, 70 F. Supp. 3d at 522. *Accord Tele-Commc'ns of Key W.*, 757 F.2d at 1334–35 ("All factual doubts must be resolved and all inferences made in favor of the plaintiff."); *In re Domestic Airline Travel Antitrust Litig.*, 221 F. Supp. 3d 46, 72 (D.D.C. 2016) (declining to make factual determinations when addressing a motion to dismiss).

The Court also should not consider the unsupported factual allegations in Defendant's brief or eight of the exhibits attached thereto. *Abhe*, 508 F.3d at 1059 ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached thereto or incorporated therein, and matters of which it may take judicial notice." (citation omitted)). The D.C. Circuit has made clear that accepting as true "factual allegations made in legal memoranda, which form no part of the official record" would "stretch Rule 12(b)(6) far beyond even the generous pleading standards that [courts] apply to *pro se* plaintiffs." *Henthorn*, 29 F.3d at 688; *United States v. Newman*, 2017 WL 3575848, at *8 (D.D.C. Aug. 17, 2017) ("The Court will not dismiss this case at the outset merely because the allegations in the complaint are rebutted by assertions about [the d]efendant's state of mind in her briefing on her motion to dismiss."). This is particularly true here, where Defendant is represented by counsel. Moreover, eight of

Defendant's exhibits are not referenced in the Government's complaint[1] and thus are outside the pleadings.[2]  Accordingly, the Court should disregard these exhibits, as "[t]he purpose of a motion to dismiss is to assess the validity of the *pleadings*."  *Henthorn*, 29 F.3d at 688; *see also Fridman v. Bean LLC*, 2019 WL 231751, at *3 (D.D.C. Jan. 15, 2019) (Leon, J.) (explaining that in ruling on a 12(b)(6) motion to dismiss, the court may only consider documents appended to a motion to dismiss if they "are referred to in the complaint and integral to a claim" and if their authenticity is not disputed).

Finally, Defendant complains that "[t]he Complaint does not allege who attended th[e] briefing [on or before December 19, 2017], where this briefing occurred or even when this 'briefing' occurred."  Def.'s Mot. 4; *see also id.* at 12.  Here again, Defendant invites the Court to apply the wrong standard to her motion.  Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies only to allegations of fraud or mistake, which must be alleged "with particularity."  Fed. R. Civ. P. 9(b); *see also United States ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 25 (D.D.C. 2010) ("To plead fraud with particularity, the party must state the time, place and content of the false misrepresentations, the fact misrepresented and what was obtained or given up as a consequence of the fraud."  (citations and alterations omitted)).  Rule 9(b) is clear that "[m]alice, intent, knowledge, and other conditions of a person's mind," such as knowledge and willfulness as here, "may be alleged generally."  Fed. R. Civ. P. 9(b).  *See United States ex rel. Riedel v. Bos. Heart Diagnostics Corp.*, 332 F. Supp. 3d 48, 71 (D.D.C. 2018)

---

[1] Exhibit C is Defendant's response to then-Deputy Counsel to the President's email entitled "Termination Report Past Due – Notice of Late Filing Fee Owed" dated March 26, 2018, more than ninety days after she left her position as Director of Communications.

[2] Defendant argues that Exhibit B is an audio recording of a telephone conversation between Defendant and Stefan Passantino and that this conversation is referenced in the complaint.  Def.'s Mot. 5.  The conversation referenced in the complaint, however, is with an "ethics attorney," Compl. ¶ 22, not Mr. Passantino.

("'[B]ecause Rule 9(b) permits knowledge to be pled generally, there is no basis for dismissal for failure to plead knowledge with particularity.'" (quoting *United States v. Honeywell Int'l Inc.*, 798 F. Supp. 2d 12, 22 (D.D.C. 2011))).  Accordingly, the Court should reject Defendant's efforts to expand this case beyond the complaint's allegations and to apply a heightened pleading burden.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's motion to dismiss.


Dated: September 25, 2019                    Respectfully submitted,


                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Branch Director

                                            JACQUELINE COLEMAN SNEAD
                                            Assistant Branch Director


                                            */s/ Ashley A. Cheung*
                                            ASHLEY A. CHEUNG
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division,
                                            Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, D.C. 20005
                                            Tel.: (202) 616-8267
                                            Fax: (202) 616-8470
                                            Email: ashley.cheung@usdoj.gov

                                            *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion to Dismiss, the opposition, and reply thereto, it is hereby ORDERED that the Motion is DENIED.


Dated:                                              _____
                                                    RICHARD J. LEON
                                                    UNITED STATES DISTRICT JUDGE