**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**OMAROSA MANIGAULT NEWMAN,**<br><br>Defendant. | Civil Action No. 1:19-cv-1868 (RJL) |

**JOINT MEET AND CONFER REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and this Court's Case Management Order, the parties hereby submit this Joint Meet and Confer Report.

**I.   STATEMENT OF THE CASE**

*Plaintiff's Position*:  Plaintiff United States of America has brought a claim for a civil penalty under the Ethics in Government Act (EIGA) against Defendant Omarosa Manigault Newman, the former Director of Communications for the Office of Public Liaison in the White House, within the Executive Office of the President, for knowingly and willfully failing to file a public financial disclosure report within 30 days of termination of her employment at the White House.  *See* 5 U.S.C. app. 4 § 101(e).  Plaintiff alleges that Defendant was repeatedly informed between December 2017—when she ceased working at the White House—and the filing of this

action of her obligation under EIGA to file that report. Plaintiff further alleges that, notwithstanding knowing that she was required to file the report, Defendant had not filed her termination report as of July 1, 2019, when this action was filed, more than 17 months after any arguable date that her employment ended. Defendant's knowing and willful failure to timely file the report subjects her to a civil penalty of up to $60,517. *See* 5 U.S.C. app. 4 § 104(a)(1); 5 C.F.R. § 2634.701(b).

*Defendant's Position:* In response, Ms. Manigault Newman denies that she "knowingly and willfully" failed to file her financial report. Defendant Manigault Newman alleges that she was unable to timely complete the required financial disclosure report because the White House and/or the Department of Justice possessed multiple boxes of Ms. Manigault Newman's personal financial information that was required for her to complete the subject financial report. Defendant further alleges that Ms. Manigault Newman requested these boxes from the White House and the Department of Justice on multiple occasions. Furthermore, Defendant alleges that she was unable to complete the required financial disclosure report because the financial report presented to Ms. Manigault Newman contained incorrect information, including the incorrect termination date. Ms. Manigault Newman advised the White House and the Department of Justice about this discrepancy prior to the filing of this lawsuit. Defendant did not "knowingly and willfully" fail to timely file her financial disclosure report and she is not subject to any civil penalty.

## II.   LOCAL RULE 16.3 REPORT

   1) Potential for Disposition by Motions

*Plaintiff's Position:* Defendant's motion to dismiss is currently pending before the Court, which Plaintiff has opposed. Plaintiff does not anticipate the motion being successful. Plaintiff believes that the legal and factual issues in this action are straightforward. It is undisputed that Defendant was subject to EIGA's public financial reporting requirements; that she did not accept

another covered position following the termination of her employment as Director of Communications for the Office of Public Liaison; that she knew of her requirement to file a termination report; and that she did not submit her report until more than 17 months after the termination of her employment at the White House. Plaintiff therefore anticipates filing a motion for summary judgment at the close of discovery.

*Defendant's Position:* Defendant's motion to dismiss is currently pending before the Court. Defendant anticipates this motion being successful. Defendant believes that the Plaintiff has failed to assert or allege any facts which would support a determination that Ms. Manigault Newman "willfully" failed to file her financial disclosure report. Furthermore, the Government was aware that the White House was unlawfully retaining Ms. Manigault Newman's private financial information from the time she left the White House until July 12, 2019. In addition, the Government was aware at the time this lawsuit was filed, that the financial disclosure report contained the incorrect termination date and thus could not be accurately completed by Ms. Manigault Newman until the corrected termination date was added by the White House.

2) Time for Joining Parties and Amending Pleadings

The parties propose a deadline of 15 days after the Court rules on Defendant's Motion to Dismiss for joining parties and amending pleadings.

3) Whether the Case should be Assigned to Magistrate Judge

The parties do not consent to the assignment of this case to a Magistrate Judge.

4) Potential for Settlement

The parties are amenable to settling this case.

5) <u>Alternative Dispute Resolution</u>

The parties do not believe that mediation or other forms of ADR would be fruitful at this time.

6) <u>Resolution by Dispositive Motions</u>

*Plaintiff's Position:*  Plaintiff thinks this action can be resolved on dispositive motions and intends to move for summary judgment.  Plaintiff proposes that the parties file any dispositive motions by January 7, 2020, file oppositions by January 21, 2020, and file any replies by January 28, 2020.

*Defendant's Position:* Defendant believes this action may be resolved on dispositive motions.  Defendant does not object to the proposed dates set by Plaintiff.

7) <u>Initial Disclosures</u>

The parties propose that their initial disclosures be exchanged on November 4, 2019, seven days after this report is filed.

8) <u>Discovery</u>

*Plaintiff's Position:*  Plaintiff believes that, given the narrow scope of relevant facts in dispute, only limited discovery is necessary or appropriate and such discovery can be completed by December 30, 2019.  Specifically, the parties dispute whether Defendant's failure to file her termination report was "willful" and whether she should be assessed a civil penalty.  In addition to written and document discovery, Plaintiff submits that only the deposition of Defendant is necessary to resolve those issues.  In light of the narrowness of the factual dispute at issue, Plaintiff proposes that each side be limited to two non-expert depositions, unless the Court orders that a party may take additional depositions upon a showing of good cause.

Defendant has indicated that she intends to notice the depositions of the President, the former White House Chief of Staff, and Plaintiff's former trial counsel in this case, among others

(e.g., the individuals who carried two boxes of Defendant's personal effects out of the White House in July 2019). Plaintiff believes that these depositions are not permitted by law and/or are not relevant and proportional to the needs of the case and thus anticipates moving the Court soon for a protective order from such discovery.

Defendant's Position: Under the EIGA, the Government must prove that Ms. Manigault Newman both "knowingly and willfully" failed to file her financial report. The simple fact that her financial report was not filed within thirty (30) days does not subject Ms. Manigault Newman to civil penalties. The EIGA is not a strict liability statute. As such, Ms. Manigault Newman anticipates calling witnesses, including but not limited to White House officials, in an effort to show that Ms. Manigault Newman did not "willfully" fail to file her financial report. Ms. Manigault Newman anticipates calling witnesses with information regarding the White House's repeated refusal to return Ms. Manigault Newman's private financial information. In addition, Ms. Manigault Newman anticipates calling witnesses with information concerning the discrepancy regarding the termination date on the financial report. It is Ms. Manigault Newman's belief that these depositions will establish that Ms. Manigault Newman was "willfully" attempting to complete her financial report, but was unable to do so due to the White House retaining her boxes of financial information and their refusal to change the termination date on the financial report itself. Defendant requests ten (10) non-expert witness depositions.

*Parties' Position:* The parties may file with the Court a proposed Joint Protective Order to safeguard certain confidential and/or personal information.

The parties further agree to follow Federal Rules of Civil Procedure 33, 34, and 36 with respect to interrogatories, document requests, and requests for admission. The parties agree to serve all written discovery in sufficient time so that, under the Rules, responses will be due on or before the close of discovery. The parties will not file with the Court disclosures under Federal

Rule of Civil Procedure 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents, admissions, or responses thereto, except on order of the Court or for use in a court filing.

The parties agree that service of such documents not required to be filed with the Court will be accepted by electronic (email) transmission.

The parties do not anticipate any unique issues relating to the preservation of Electronically-Stored Information ("ESI"). The parties anticipate the need for discovery of electronically stored information and they have agreed to produce ESI in searchable PDF format, where technologically feasible, or in some other reasonably usable form as agreed by the parties.

The parties will adhere to the rules and procedures set forth in the Federal Rules of Civil Procedure with respect to privileged information and work product protection, including Fed. R. Civ. P. 26(b)(5).

9) Expert Witnesses

*Plaintiff's Position:* Plaintiff does not believe that expert testimony will be necessary in this matter.

Defendant's Position: Defendant believes that expert testimony may be necessary in this matter and therefore reserves the right to call expert witnesses as may be necessary.

10) Class Action Procedures

This matter is not a class action.

11) Bifurcation of Discovery or Trial

The parties do not believe that bifurcation of this matter is necessary.

12) Pretrial Conference

The parties do not expect that a trial or pretrial conference will be necessary, because each party believes that this action can be resolved by dispositive motion. The parties suggest

that, if necessary, the Pretrial Conference be held within 60 days after the Court's decision on any dispositive motion.

13) Trial Date

The parties agree that the trial date, if necessary, should be set at the Pretrial Conference.

14) Other Matters

Defendant reserves the right to seek a trial by jury.


Dated: October 28, 2019

JOSEPH H. HUNT
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director


*/s/ Christopher M. Lynch*
Christopher M. Lynch
D.C. Bar # 1049152
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4537
Fax: (202) 616-8470
Email: christopher.m.lynch@usdoj.gov

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**OMAROSA MANIGAULT NEWMAN,**<br><br>Defendant. | Civil Action No. 1:19-cv-1868 (RJL) |

**[PROPOSED] LOCAL RULE 16.3 SCHEDULING ORDER**

Upon consideration of the parties' Joint Meet and Confer Report, it is by this Court this ____ day of _____ 2019, ORDERED that the parties shall abide by the following dates, deadlines and limitations:

1. The parties shall exchange initial disclosures pursuant to Rule 26(a) by November 4, 2020.

2. The deadline for adding parties and amending pleadings shall be 15 days after the Court issues its order on Defendant's Motion to Dismiss.

3. Discovery shall close on _____.

4. The parties shall serve all written discovery and requests for admissions under Federal Rules of Civil Procedure 33, 34, and 36 in sufficient time such that responses will be due on or before the close of discovery.

5. The parties may take_____ non-expert depositions per side and each party may propound interrogatories, requests for admission, and document requests in accordance with the limits set forth under the Federal Rules of Civil Procedure.

6. The parties shall file any dispositive motions by January 7, 2020, shall file oppositions by January 21, 2020, and shall file any replies by January 28, 2020.

7. The Court will schedule any Pretrial Conference within 60 days following the Court's decision on any dispositive motion.

8. The Court will schedule any trial date at the Pretrial Conference.

It is so ORDERED, this day, _____, 2019.

_____
The Hon. Richard J. Leon
United States District Judge