# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

## PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR PROTECTIVE ORDER

In this action pursuant to the Ethics in Government Act ("EIGA"), 5 U.S.C. app. 4 § 101 *et seq.*, there is only *one* disputed issue: whether the Defendant Omarosa Manigault Newman's knowing failure to timely file a financial disclosure termination report was "willful." Notwithstanding the narrow confines of the dispute, Defendant has expressed the intent to take numerous depositions of witnesses who have no ability to provide information bearing on this question, including both the President of the United States and Plaintiff's former trial counsel.

Not only is the discovery Defendant seeks irrelevant to the dispute, but much of it is not permitted by law absent a heightened showing that Defendant cannot make.  Specifically, Defendant cannot show that extraordinary circumstances warrant deposing high-ranking Executive Branch officials or former opposing counsel; that the Government's exercise of prosecutorial discretion here is subject to judicial review; or that the date of her termination or chain of custody of belongings she left at the White House are relevant or proportional to the needs of this case.  A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1).  Accordingly, Plaintiff moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c): (1) barring Defendant from deposing high-level Executive Branch officials and Plaintiff's trial counsel; and (2) precluding discovery regarding (a) Plaintiff's decision to bring this action, (b) Defendant's termination date, and (c) the location and chain of custody of personal effects Defendant left at the White House.

## FACTUAL BACKGROUND

Defendant, former Director of Communications for the Office of Public Liaison in the White House, was required by EIGA to file a financial disclosure report within 30 days of the termination of her employment.  5 U.S.C. app. 4 § 101(e).  Defendant knew of this requirement.  *See* Motion to Dismiss Plaintiff's Corrected Complaint for Failure to State a Cause of Action Upon Which Relief Can Be Granted ("Def.'s Mot. to Dismiss") ¶¶ 13-15, ECF No. 5.  Despite the repeated efforts by White House ethics officials to remind her of her obligation, to offer her assistance with the form, and to obtain her compliance—both before and after her report was due— Defendant did not file the required termination report.

2

On June 25, 2019, more than a year after Defendant failed to submit her termination report, Plaintiff brought this civil penalty action under EIGA.  5 U.S.C. app. 4 § 104(a)(1).  The parties agree that the only issue in dispute is whether Defendant's failure to file her termination report was "willful."  *See* Joint Meet and Confer Report at 5, ECF No. 11 (stating Defendant's Position that "Ms. Manigault Newman anticipates calling witnesses . . .  in an effort to show that Ms. Manigault Newman did not 'willfully' fail to file her financial report."); *see generally* Def.'s Mot to Dismiss at 11-14 (disputing willfulness of Defendant's failure to file report).

Nonetheless, Defendant has indicated her intent to seek the depositions of President Trump, former White House Chief of Staff General John Kelly, the Acting Administrator of the Drug Enforcement Administration (DEA) Uttam Dhillon, and Plaintiff's prior counsel in this action, Ashley Cheung and James Gilligan.  *See* Declaration of Christopher M. Lynch in Support of Plaintiff United States of America's Motion for Protective Order ("Lynch Decl.") Ex. A (email from Defendant's counsel to Plaintiff's counsel asserting intent to depose President Trump, General Kelly, Administrator Dhillon, and Ms. Cheung); *id.* Ex D (Defendant's Initial Disclosures listing President Trump, Gen. Kelly, Administrator Dhillon, Ms. Cheung, and Mr. Gilligan as potential witnesses).  Defendant also contends that other individuals, including current Senior Counsel to the President Scott Gast and Associate Counsel to the President David Jones, have discoverable information related to the defense theories advanced in her motion to dismiss.  *See id*.  Specifically, Defendant contends (1) that this lawsuit stems from the President's August 2019 tweet that he is "suing various people for violating their confidentiality agreements," Def.'s Mot. to Dismiss ¶¶ 26, 28; (2) that a putatively inaccurate termination date "contained on the first page of the electronic financial disclosure form prohibited Ms. Manigault Newman from completing the form," *id.* ¶ 10; and (3) that Defendant was prevented from completing the required report because

"much of the information that [she] need[ed] to complete this termination report . . . was contained in" two boxes of personal effects that she retrieved from the White House in July 2019, *id.* ¶ 18.[1]

To obviate discovery into such irrelevant issues, Plaintiff proffered to stipulate that (a) "January 20, 2018, plus 30 days shall be used in this action as the filing deadline for Defendant's Executive Branch Personnel Public Financial Disclosure Report pursuant to Section 101(e) of the Ethics in Government Act, 5 U.S.C. app. 4 § 101(e)," and (b) "[t]wo boxes of the Defendant's personal effects remained in the White House from the end of Defendant's employment as Director of Communications for the Office of Public Liaison in the White House until July 12, 2019, when they were retrieved by the Defendant." Lynch Decl. Ex. B. Defendant, however, refused to agree to these stipulations. Lynch Decl. Ex. C. The United States therefore now moves for protection from Defendant's contemplated discovery.[2]

## ARGUMENT

None of the topics on which Defendant seeks discovery meets Rule 26's legal standard for permissible discovery. Under Rule 26, information that is not "relevant to any party's claim or defense *and* proportional to the needs of the case" is outside "the scope of discovery." Fed. R. Civ. P. 26(b)(1) (emphasis added). Here, the only issue is whether Defendant's failure to file the required termination report was willful. "An individual knowingly and willfully fails to comply with the EIGA's filing requirements when that individual 'intentionally disregards the statute or is indifferent to its requirements.'" *United States v. Gant*, 268 F. Supp. 2d 29, 33 (D.D.C. 2003) (citations omitted); *United States v. Hunter*, No. 1:14-cv-442-JEB (D.D.C. Aug. 27, 2014) (finding willfulness where defendant ignored "repeated letters . . . to remind him of his obligations" under

---

[1] For the reasons set forth below, these theories are both irrelevant and disproportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

[2] As of this filing, Defendant has not served a discovery request compliant with the Federal Rules of Civil Procedure for any of the depositions or materials discussed herein.

EIGA).  Thus, any permissible discovery should concern Defendant's course of action in the face of numerous reminders about, offers of assistance with, and warnings about the consequences of failing to submit her termination report.

Plaintiff therefore should be protected from discovery from high-level Executive Branch officials and Plaintiff's former trial counsel or about (a) Plaintiff's decision to bring this case, (b) Defendant's disagreement with her termination date, or (c) the location and chain of custody of Defendant's boxes of personal effects before she retrieved them.  Accordingly, the Court should issue a protective order limiting the scope of discovery to Defendant's efforts (or lack thereof) to comply with her financial disclosure obligations and the efforts by White House personnel in that regard.  *See* Fed. R. Civ. P. 26(c)(1).

## I.     Defendant Cannot Establish that "Extraordinary Circumstances" Warrant the Depositions of Any High-Ranking Executive Officials

The Court should issue an order precluding Defendant from deposing the President of the United States, General John Kelly, and the Acting DEA Administrator from being deposed in this case.  "[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted."  *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quotation marks omitted); *see also Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) ("[T]op executive department officials should not, absent extraordinary circumstances, be called to testify[.]"); *In re United States (Bernanke)*, 542 Fed. Appx. 944, 948 (Fed. Cir. 2013) (stating that party seeking such testimony bears burden of proving extraordinary circumstances "even in cases . . . in which the government is a movant").  Indeed, "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged."  *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)).

The reason for this standard is clear.  "High ranking government officials have greater duties and time constraints than other witnesses" and, given the frequency that government policies and actions are litigated, their "time would be monopolized by preparing and testifying" if their testimony were not limited to extraordinary circumstances.  *Kessler*, 985 F.2d at 512.

To meet the "extraordinary circumstances" standard, Defendant must "establish *at a minimum*, that the [officials] possess information essential to [her] case which is not obtainable from another source."  *In re United States (Reno)*, 197 F.3d 310, 313-14 (8th Cir. 1999) (emphasis added and citations omitted).  This information must be first-hand knowledge related to *the underlying claim being litigated.  See Bogan v. City of Boston*, 489 F.3d 417, 423-25 (1st Cir. 2007) (high-ranking official's deposition is required only "where the official has firsthand knowledge related to the claim being litigated").  "The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008).

Defendant cannot meet that standard.  The only issue in dispute in this case is whether Defendant's knowing failure to timely file her financial disclosure report was "willful."  *See* 5 U.S.C. § 104(a)(1); Joint Status Report at 5, ECF No. 11.  Defendant cannot show, however, that the President, General Kelly, or Administrator Dhillon has any first-hand knowledge bearing on that issue.  Moreover, Defendant cannot claim that any of these high-level officials has information that cannot be obtained from other sources.  Any such claim is belied by Defendant's Initial Disclosures which state the *identical* subject of "discoverable information" for each of the 15 witnesses identified.  *See* Lynch Decl. Ex. D (identifying the President, General Kelly, Administrator Dhillon, and 11 other government officials as having knowledge of "Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report").  Because Defendant cannot meet the high standard for deposing high-level officials, the Court

should order that she not be allowed to depose the President, General Kelly, and Administrator Dhillon.

## II.     There Is No Basis for Defendant to Obtain Discovery Regarding the Executive Branch's Decision to Bring this Action

Defendant should be precluded from seeking discovery into the Department of Justice's decision to bring this action and the Executive Office of the President's referral thereto. *See, e.g.,* Lynch Decl. Ex. D (Defendant's Initial Disclosures listing "Executive Office of the President employee whom [sic] allegedly referred this matter to the Department of Justice pursuant to 5 C.F.R. § 2634.701" as potential witness); *id.* Ex. A (email expressing the desire to depose "whoever appears on any and all referrals of this matter to the Department of Justice," and "anyone other than Donald J. Trump who controls the @therealdonaldtrump twitter account" and to seek "all referral documents and evidence."); Def's Mot. to Dismiss ¶¶ 26-28.

The Department's decision to file an EIGA action is an exercise of prosecutorial discretion that generally is unreviewable by the courts. *See, e.g., United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted) ("In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'")[3]; *United States v. Scott*, 631 F.3d 401, 406 (7th Cir. 2011) ("In order to ensure that prosecutorial discretion remains intact and firmly within the province of the Executive, judicial review over prosecutorial discretion is limited."); *United States v. Woods*, 576 F.3d 400, 409 (7th Cir.2009) (explaining that "[t]here is nothing that this court either could or should do about the prosecutorial discretion that is exercised at the charging stage"); *see also United States v. Paisley*,

---

[3] In the rare circumstance where prosecutorial discretion is reviewable (not present here), the defendant must rebut the presumption that prosecutors act constitutionally by "clear evidence." *Armstrong*, 517 U.S. at 464.

957 F.2d 1161, 1167 (4th Cir. 1992) ("Though this was a claim for civil penalty rather than a criminal prosecution, the Government's interests here were essentially those that inform prosecutorial discretion in criminal matters."). Thus Defendant should be foreclosed from seeking discovery on that subject.

Defendant's proposed discovery into the Department's decision to bring this action and the referral of this matter by the Executive Office of the President alternatively should be precluded as irrelevant. Neither topic has any bearing on the sole issue in dispute, namely, whether Defendant's failure to file her termination report was "willful." 5 U.S.C. app 4 § 104(a)(1); *Gant*, 268 F. Supp. 2d at 33. The irrelevance of the latter is also clear from the regulations implementing EIGA. By regulation, "[t]he head of each agency, each Secretary concerned, or the Director of the Office of Government Ethics, as appropriate, *must* refer to the Attorney General the name of any individual when there is reasonable cause to believe that such individual has willfully failed to file a public report or information required on such report, . . . required to be reported under this part." 5 C.F.R. § 2634.701(a) (emphasis added). Thus, regardless of any referring official's state of mind, the outcome would be the same: Defendant's failure to timely file her termination report should have been referred to the Department of Justice. For these reasons, this line of inquiry is neither relevant nor proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). Accordingly, the Court should issue an order protecting the United States from such discovery.

## III.   Defendant Cannot Satisfy the Requirements to Depose Plaintiff's Former Trial Counsel

The Court should preclude Defendant from deposing counsel who represented the United States in this Action. *See* Lynch Decl. Ex. D (identifying Plaintiff's former trial counsel Ashley Cheung and James Gilligan as potential defense witnesses). "The practice of deposing opposing counsel . . . is generally disfavored in federal courts." *Sterne Kessler Goldstein & Fox, PLLC v.*

*Eastman Kodak Co.*, 276 F.R.D. 376, 380 (D.D.C. 2011).   As one circuit court explained, "[c]ounsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent" because permitting such depositions "disrupts the adversarial system," "lowers the standards of the profession," "adds to the already burdensome time and costs of litigation," and contributes to a "'chilling effect' . . . on the truthful communications from the client to the attorney."   *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

Courts in this district have applied the Eighth Circuit's test in *Shelton v. American Motors Corp. See, e.g.*, *Guantanamera Cigar Co. v. Corporacion Habanos, SA*, 263 F.R.C. 1, 8-9 (D.D.C. 2009).   Under the *Shelton* test, depositions of opposing counsel are permitted only "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information sought is crucial to the preparation of the case." *Shelton*, 805 F. 2d at 1327 (citation omitted).

Defendant cannot establish any of these three elements.   Defense counsel has suggested that Defendant needs to probe former Plaintiff's counsel Ms. Cheung's use of the word "us" in the following statement in an email to Defendant:  "The White House Counsel's Office has located documents that it intends to return to you.  Please let us know whether you would like to pick up the documents in person or have them mailed to you . . . ."  Def.'s Mot. to Dismiss ¶¶ 20-22 (emphasis omitted).

First, Defendant clearly has other means of determining who "actually possessed" her boxes of personal effects until she retrieved them in July 2019.  *Id.* ¶ 21.  Indeed, to obviate such discovery, Plaintiff offered to stipulate that "[t]wo boxes of the Defendant's personal effects remained in the White House from the end of Defendant's employment as Director of

Communications for the Office of Public Liaison in the White House until July 12, 2019, when they were retrieved by the Defendant." Lynch Decl. Ex. B.

Second, that information is irrelevant to the sole issue in dispute, namely, the willfulness of Defendant's failure to file her termination report. The record before the Court contains Defendant's admission in 2018 that *"I want to be crystal clear, that's the only hold up* [in completing the termination report], is the discrepancy of the date. After that, I can complete everything." Def.'s Mot. to Dismiss ¶ 14 & Ex. B (emphasis added). Defendant made this admission repeatedly on a call with then-Deputy White House Counsel in March 2018, when her termination report was already past due. At the time, she explained, "[l]et me be clear, as soon as that date is corrected then I can complete [the termination report]," *id.*, and "as soon as that date is changed, I can complete the report and everything can kind of go from there."[4] *Id.* As to the boxes, Defendant's then-contemporaneous statements were only that they might contain "a little thumb drive with all of my wedding photos on it, as I have told everyone . . . to anybody that will listen, that I need that thumb drive back with my pictures on it." *Id.* Ex. B. Defendant only recently has claimed that these boxes are relevant to her failure to timely file her termination report. *Id.* Ex. D. Yet, even after finally retrieving them in July 2019, she still failed to submit her termination report within 30 days thereafter.[5]

Finally, the location and chain of custody of the boxes clearly are not "crucial" to the preparation of Defendant's case. Even if, contrary to Defendant's prior admission and her conduct

---

[4] These statements by the Defendant are admissible as party statements under Federal Rule of Evidence 801(d)(2)(A). *See, e.g., United States v. Safavian*, 435 F. Supp. 2d 36, 43 (D.D.C. 2006) (holding that "[t]he statements attributed directly to [defendant] come in as admissions by a party opponent under Rule 801(d)(2)(A) of the Federal Rules of Evidence.").

[5] Defendant submitted a termination report on September 11, 2019, the same date that she moved to dismiss this action.

after retrieving them, the boxes themselves were relevant to Defendant's failure to file, there is no dispute that they were not in Defendant's possession during the year and a half between Defendant's leaving the White House and the filing of this action.  *See* Lynch Decl. Ex. B. Defendant thus should not be permitted to depose the United States' counsel in this action on that subject.  In short, discovery into the location and custody of Defendant's boxes does not advance any dispute of consequence in this case and cannot justify the disfavored step of deposing a party's trial counsel.

## IV.   Discovery Regarding Defendant's Actual Termination Date and the Location of Boxes of Her Personal Effects Left at the White House Are Neither Relevant Nor Proportional to the Needs of the Case

Defendant has stated her intent to seek "depositions" regarding "the White House retaining her boxes of financial information and their refusal to change the termination date on the financial report itself."[6]  Joint Status Report at 5.  Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining whether requested discovery is proportional, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Here, neither Defendant's termination date nor the location and chain of custody of her personal effects is relevant nor are depositions on those topics proportional, because Defendant remains liable even accepting her position on each issue, and Plaintiff moreover has offered to stipulate to the facts that the requested

---

[6] Because Defendant describes all 15 witnesses in her initial disclosures as being in possession of the same generic information, it is not clear which particular witnesses Defendant might seek to question on each of these topics.  Plaintiff therefore seeks an order that prohibits discovery on the described topics.

depositions, at best, might establish.  Accordingly, Defendant should not be permitted to depose any individuals for purposes of probing these issues.

### A.   Defendant's Termination Date Is Irrelevant Because Defendant Failed to Timely File Her Disclosure Report Under Any Possible Termination Date

Defendant's proposed discovery regarding her termination date is irrelevant and not proportional the needs of the case because Defendant is liable whether that date is December 19, 2017, or her preferred date, January 20, 2018.  Def's Mot. to Dismiss Ex. B. (Former Deputy White House Counsel explaining to Defendant in or about March 2018 that he wanted to make "super clear" the report must be filed "within 30 days of whatever that  [termination] date was, which we're past.").  Regardless of her termination date, Defendant concededly did not file the required financial disclosure form within thirty days of either date, despite knowledge of her obligation to do so.  Indeed, Defendant did not file her termination report within 630 days of December 19, 2017, or within 598 days of January 20, 2018.  No deposition that Defendant seeks about her termination date can shed light on whether her knowing decision not to file her termination report within more than a year and a half of that date was "willful."  The *fact* of the deadline—the only element of Plaintiff's claim to which the termination date is relevant—can be established through less burdensome means than depositions of government officials, including by the stipulation offered by Plaintiff but rejected by Defendant.  *Id.*  Thus, the Court should preclude discovery on the issue of Defendant's termination date.

### B.   The Location and Chain of Custody of Defendant's Personal Effects Are Irrelevant

Defendant also should be precluded from deposing government officials about the location and chain of custody of the boxes of personal effects that Defendant retrieved from the White House in July 2019.  It is undisputed that the boxes remained at the White House between the time Defendant left the employ of the Executive Branch and July 2019.  Although Defendant now

claims that those boxes bear on her failure to file her termination report, see Def.'s Mot. to Dismiss Ex. D, [7] her then-contemporaneous statements were to the contrary.  Tellingly, she still did not file the required report within 30 days of receiving the boxes in July 2019.  *See* Part III.  Unlike the issue of the boxes' location and chain of custody, which is irrelevant and undisputed, only Defendant can explain (contrary to her prior admissions) how the boxes bear on her failure to file the termination report, and she will have the opportunity in discovery to do so.   In these circumstances, the burden of the proposed depositions about the boxes' location and chain of custody before Defendant retrieved them in July 2019 significantly outweighs any benefit and should not be permitted.  Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the reasons set forth above, the Court should grant this motion and enter the attached proposed order precluding certain discovery in this action.

Dated: November 13, 2019              JOSEPH H. HUNT
                                      Assistant Attorney General

                                      ALEXANDER K. HAAS
                                      Branch Director

                                      JACQUELINE COLEMAN SNEAD
                                      Assistant Branch Director

                                      */s/ Christopher M. Lynch*
                                      Christopher M. Lynch
                                      D.C. Bar # 1049152
                                      Trial Attorney
                                      United States Department of Justice
                                      Civil Division,
                                      Federal Programs Branch
                                      1100 L Street, N.W.

---

[7] Defendant's first assertion that the boxes of her personal effects had any bearing on her termination report appears to have been in May 2019, in response to a communication from the Department of Justice.  *See* Def.'s Mot. to Dismiss Ex. D.

Washington, D.C. 20005
Tel.: (202) 353-4537
Fax: (202) 616-8470
Email: christopher.m.lynch@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 7(m), the undersigned counsel hereby certifies that he conferred in good faith with Defendant's counsel regarding this discovery issue in an attempt to resolve the issue and was unable to further narrow the disputed issues. Defendant indicated that she would oppose this motion.

Dated: November 13, 2019

*/s/ Christopher M. Lynch*
Christopher M. Lynch

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**OMAROSA MANIGAULT NEWMAN,**<br><br>**Defendant.** | **Civil Action No. 1:19-cv-1868 (RJL)** |

## DECLARATION OF CHRISTOPHER M. LYNCH IN SUPPORT OF PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR PROTECTIVE ORDER

I, Christopher M. Lynch, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1.  I am a Trial Attorney with the Federal Programs Branch of the Civil Division of the United States Department of Justice and counsel for Plaintiff in this matter.

2.  Attached as Exhibit A is a true and correct copy of an email I received from John M. Phillips, counsel for Defendant, on or about October 24, 2019.

3.  Attached as Exhibit B is a true and correct copy of an email I sent to John M. Phillips, counsel for Defendant, on or about November 1, 2019, including the proposed stipulation attached to the email.

4.      Attached as Exhibit C is a true and correct copy of an email I received from John M. Phillips, counsel for Defendant, on or about November 1, 2019.

5.      Attached as Exhibit D is a true and correct copy of Defendant's Initial Rule 26(a)(1) Disclosures, which were served on me on or about November 7, 2019.

Executed this 13th day of November, 2019.

*/s/Christopher M. Lynch*
Christopher M. Lynch

Exhibit A

**Lynch, Christopher M. (CIV)**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Thursday, October 24, 2019 12:54 PM |
| **To:** | Lynch, Christopher M. (CIV); 'Cheung, Ashley (CIV) |
| **Cc:** | michele@floridajustice.com; 'Kirby Johnson'; jwgaattys@aol.com; Kunasek, Hannah G. EOP/WHO; Gast, Scott F. EOP/WHO; Jones, David M. EOP/WHO |
| **Subject:** | USA v. Trump |

As I understand local rule 5.3,

"Proof of service of papers required or permitted to be served, other than those for which a different method of proof is prescribed by the Federal Rules of Civil Procedure or by statute, shall be filed with such papers. The proof shall show the date and manner of service, and may be by certificate of an attorney of record or other proof satisfactory to the Court. Failure to make proof of service does not affect the validity of service. The Court may at any time allow the proof to be amended or supplied, unless to do so would unfairly prejudice a party."

I became aware of "Plaintiff's Opposition to Defendant's Motion to Dismiss" at the phone call. We co-filed the answer, and are filing a notice of appearance today just to be sure it is all clear. We are lead counsel now and heretofore. We were not served with the Response and do not see any certificate of service or notice of who was served whatsoever. Obviously, we disagree with the contents thereof. Please make sure I am served on anything related to this matter. Please provide proof of service and clarify my apparent misunderstanding of 5.3 that a certificate of service "shall be filed" with served papers.

As a follow up to our call, we have repeatedly requested depositions of:

> Donald J. Trump,
> Stefan Passantino, Esq.,
> Uttam Dhillon, Esq.,
> Irene Porada, former White House Chief of Staff,
> Gen. John Kelly
> Scott F. Gast

> And Ashley Cheung.

We await your response. We also request depsoitons of:

> Hannah Kunasek
> And whoever assisted her with the boxes,

> David Jones, as he also was on email and had something to do with the custody of the boxes. He may be who assisted Hannah. We have video of the transfer. We can provide if you need it.

> We also request whoever appears on any and all referrals of this matter to the Department of Justice.

We request any and all witnesses who the Department of Justice anticipates calling at trial or by affidavit.

Mr. Trump has admitted Omarosa is the subject of retaliation, saying:

"Yes, I am currently suing various people for violating their confidentiality agreements. Disgusting and foul mouthed Omarosa is one. I gave her every break, despite the fact that she was despised by everyone, and she went for some cheap money from a book. Numerous others also!"

We need to conduct discovery on this issue. Please provide anyone other than Donald J. Trump who controls the @realdonaldtrump twitter account.

We have repeatedly asked for and been ignored about:
- Issues regarding inconsistencies of whether Omarosa would receive an Amended Form, as the financial disclosure form had an incorrect date. This is all discussed in the call and highly relevant. We need any discovery and information about all of those meetings and how statements made in the Complaint so drastically differ from the recorded calls.
- Issues regarding delay of return and detailed custody of her Boxes. Please provide a complete chain of custody and names of all people who packed, held, stored or carried the boxes at any point prior to my receipt thereof.
- Claims have been made that there are deficiencies in the report. We need to know what they are and have asked repeatedly and been ignored. My client wants to review and update, if necessary. All delay is being caused on your end. However, we can't guess what you claim is deficient. Please provide all / every communication between the White House and Department of Justice in any way related to this case.

We've asked for all referral documents and evidence and expect same.

We request any proof, read receipts or other documentation of any and all email you claim Omarosa received from the White House or Department of Justice or their counsel, as well as any evidence whatsoever exhibiting any intent OTHER than her waiting for her boxes and a proper form to complete.

As a reminder, please be punctual to all meetings. I know 2 minutes isn't a lot to you, but it is time that adds up at the end of the day. I have three small children. I value those minutes more than I can ever put into words.


Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
                 GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, Georgia, Alabama and the District of Columbia

Exhibit B

## Lynch, Christopher M. (CIV)

| | |
|---|---|
| **From:** | Lynch, Christopher M. (CIV) |
| **Sent:** | Friday, November 1, 2019 5:00 PM |
| **To:** | John M. Phillips; kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com |
| **Cc:** | Snead, Jacqueline Coleman (CIV) |
| **Subject:** | United States v. Omarosa Manigault Newman |
| **Attachments:** | Manigault - 2019.11.01 DRAFT Evidentiary Stip for Exchange.pdf |

Counsel,

In an effort to streamline discovery, we propose that the parties agree to the attached stipulations.  One concerns the filing deadline for Defendant's termination report under EIGA and the second concerns the two boxes she retrieved from the White House in July 2019.  Plaintiff believes that these stipulations obviate the need for the vast majority of the depositions you mentioned in the meet and confer and your subsequent email, i.e. Uttam Dhillon, Irene Porada, Gen. John Kelly, Scott F. Gast, Ashley Cheung, Hannah Kunasek "[a]nd whoever assisted her with the boxes," and David Jones.  Please advise as to your client's position on these proposed stipulations.

Thank you.


**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                    **Civil Action No. 1:19-cv-1868 (RJL)**

**OMAROSA MANIGAULT NEWMAN,**

      **Defendant.**

## STIPULATION REGARDING FINANCIAL DISCLOSURE REPORT FILING DEADLINE AND CUSTODY OF DEFENDANT'S PERSONAL DOCUMENTS

The parties hereby stipulate and agree as follows:

1.      January 20, 2018, plus 30 days shall be used in this action as the filing deadline for Defendant's Executive Branch Personnel Public Financial Disclosure Report pursuant to Section 101(e) of the Ethics in Government Act, 5 U.S.C. app. 4 § 101(e). The parties have agreed to this date solely for the purpose of establishing the filing deadline for Defendant's Executive Branch Personnel Public Financial Disclosure Report in this action and for no other purpose.

2.      Two boxes of the Defendant's personal effects remained in the White House from the end of Defendant's employment as Director of Communications for the Office of Public Liaison in the White House until July 12, 2019, when they were retrieved by the Defendant.

Dated: November __, 2019                   Respectfully submitted,

                                           JOSEPH H. HUNT
                                           Assistant Attorney General

                                           ALEXANDER K. HAAS
                                           Branch Director

                                           JACQUELINE COLEMAN SNEAD
                                           Assistant Branch Director

                                           */s/ DRAFT*
                                           Christopher M. Lynch
                                           D.C. Bar # 1049152
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division,
                                           Federal Programs Branch
                                           1100 L Street, N.W.
                                           Washington, D.C. 20005
                                           Tel.: (202) 353-4537
                                           Fax: (202) 616-8470
                                           Email: christopher.m.lynch@usdoj.gov

                                           *Attorneys for Plaintiff*


                                           */s/ DRAFT*
                                           JOHN M. PHILLIPS, ESQUIRE
                                           Law Office of John M. Phillips, LLC
                                           DC Bar Number: 1632674
                                           4230 Ortega Boulevard
                                           Jacksonville, FL 32210
                                           (904) 444-4444
                                           (904) 508-0683 (facsimile)
                                           Attorneys for Defendant
                                           jphillips@floridajustice.com
                                           michele@floridajustice.com
                                           Kirby@floridajustice.com
                                           (*Pro Hac Vice Application for Admission Pending*)

                                           J. WYNDAL GORDON, ESQUIRE
                                           The Law Office of J. Wyndal Gordon, P.A.
                                           Fed Bar No.: MD23572
                                           20 South Charles Street, Suite 400
                                           Baltimore, MD 21201
                                           (410)332-4121
                                           (410)347-3144 facsimile

2

jwgaattys@aol.com

*Attorneys for Defendant*

Exhibit C

**Lynch, Christopher M. (CIV)**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Friday, November 1, 2019 5:08 PM |
| **To:** | Lynch, Christopher M. (CIV) |
| **Cc:** | kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com; Snead, Jacqueline Coleman (CIV) |
| **Subject:** | Re: United States v. Omarosa Manigault Newman |

We disagree with form and substance of the stipulation and that it eliminates the need for a deposition and request dates by Tuesday November 5, 2019.

Secondly, this is our third request for your law license information. You have an obligation to provide it.

Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
                    GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, Georgia, Alabama and the District of Columbia


On Nov 1, 2019, at 5:01 PM, Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov> wrote:

Counsel,

In an effort to streamline discovery, we propose that the parties agree to the attached stipulations.  One concerns the filing deadline for Defendant's termination report under EIGA and the second concerns the two boxes she retrieved from the White House in July 2019.  Plaintiff believes that these stipulations obviate the need for the vast majority of the depositions you mentioned in the meet and confer and your subsequent email, i.e. Uttam Dhillon, Irene Porada, Gen. John Kelly, Scott F. Gast, Ashley Cheung, Hannah Kunasek "[a]nd whoever assisted her with the boxes," and David Jones.  Please advise as to your client's position on these proposed stipulations.

Thank you.


**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312

Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

<Manigault - 2019.11.01 DRAFT Evidentiary Stip for Exchange.pdf>

Exhibit D

JOHN M. PHILLIPS
Trial Attorney
KIRBY W. JOHNSON
Trial Attorney
J. W. GATTYS, ESQ.
Trial Attorney…

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,                              Case No.:1:19-cv-1868 (RJL)

v.

OMAROSA MANIGAULT NEWMAN,

      Defendant,

_____/

## DEFENDANT'S INITIAL RULE 26(A)(1) DISCLOSURES

Pursuant to Red. R.Civ. P. 26(a)(1), Defendant Omarosa Manigault Newman, by and through her undersigned counsel submit the following disclosures:

**A.** **Individuals Likely to Have Discoverable Information:**

Each of the following may have information regarding facts and events set out in the Corrected Complaint, and possibly related to the Defendant's Answers and Affirmative Defenses.

    1)    **Omarosa Manigault Newman**
             c/o John M. Phillips, Esquire
             4230 Ortega Boulevard
             Jacksonville, FL 32210

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

2)      **Stefan Passantino, former Deputy Counsel to the President**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

3)      **John F. Kelly, former White House Chief of Staff**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

4)      **Donald J. Trump, President of the United States of America**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

5)      **Uttam Dhillon, Esq., former Deputy Counsel and Deputy Assistant to the President**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

6)      **Irene Porada, Human Resource Manager**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

7)      **Scott De la Vega, former Ethics Counsel**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

8)      **Deborah Raviv, former Ethics Counsel (detailee)**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

9)      **Alice Bartek-Santiago, former Ethics Counsel (detailee)**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

10)     **Unknown witness** (Executive Office of the President employee whom allegedly referred this matter to the Department of Justice pursuant to 5 C.F.R. § 2634.701)

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

11)     **Ashley Cheung, Esq.**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

12)     **Scott Gast, Senior Counsel and Special Assistant to the President**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

13)     **James Gilligan, Esq.**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

14)     **Marcia Lee Kelly, Deputy Assistant to the President**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

15)     **David Jones**

(Plaintiff's claims and circumstances surrounding the subject termination financial disclosure report).

Any and all witnesses identified by Defendants.

Any and all witnesses who may be identified through discovery.

**B.  Relevant Documents**

Defendant Omarosa Manigault Newman may use the following categories of documents in its possession, custody, and control to support its claims and defenses, other than solely for purposes of impeachment.

1)   Emails and correspondence exchanged between Ms. Manigault Newman and White House personnel.

2)   Recordings of conversations between Ms. Manigault Newman and White House personnel.

3)   Two boxes of financial information retained by the White House from December 13, 2017 until July 12, 2019.

4)   Social media correspondence regarding retaliation against Ms. Manigault Newman.

5)   Defendant's Financial Disclosure forms.

Any and all documents identified through discovery.

Defendant reserves the right to supplement, amend and otherwise modify this list after further discovery and investigation, and may rely upon additional materials.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will furnish a copy to Christopher M. Lynch, Esq., Joseph H. Hunt, Esq., James J. Gilligan, Esq., Jacqueline Coleman Snead, Esq., United States Department of Justice Civil Division, Federal Programs Branch, 1100 L. Street,

N.W.,   Washington,   D.C.      20005,   at   Christopher.m.lynch@usdoj.gov   ;

Jacqueline.Snead@usdoj.gov ;this **7th** day of November, 2019.

Respectfully submitted,

**Law Office of John M. Phillips, LLC**

/s/ John M. Phillips
**JOHN M. PHILLIPS, ESQUIRE**
DC Bar Number:  1632674
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
jphillips@floridajustice.com
michele@floridajustice.com
Kirby@floridajustice.com

**The Law Office of J. Wyndal Gordon, P.A.**

/s/ J. Wyndal Gordon, Esq.
**J. WYNDAL GORDON, ESQUIRE**
MD Bar Number: 23572
20 South Charles Street, Suite 400
Baltimore, MD  21201
(410)332-4121
(410)347-3144 facsimile
jwgaattys@aol.com
Attorneys for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

**[PROPOSED] ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR PROTECTIVE ORDER**

Upon consideration of Plaintiff's Motion for Protective Order, any opposition, and the entire record in this case, it is hereby ordered that:

Plaintiff's Motion for Protective Order is GRANTED.

(1) Defendant is not permitted to take the depositions of:

  a)  President Donald J. Trump;

  b)  Former White House Chief of Staff John Kelly;

  c)  DEA Acting Administrator Uttam Dhillon; and

  d)  Plaintiff's current and prior trial counsel, including Ashley Cheung and James Gilligan.

(2) Defendant is not permitted to conduct discovery into the process by which this matter was referred to and/or authorized by the Department of Justice.

(3) Defendant is not permitted to conduct depositions regarding her termination date from her position as Director of Communications for the Office of Public Liaison in the White House.

(4) Defendant is not permitted to conduct depositions regarding the location or custody of the personal effects she left at the White House between December 2017 and July 2019.

It is so ORDERED, this day, _____, 2019.

_____
The Hon. Richard J. Leon
United States District Judge