# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OMAROSA MANIGAULT NEWMAN,

    Defendant,
_____/

Case No.:   1:19-cv-01868-RJL

**DEFENDANT OMAROSA MANIGAULT NEWMAN'S ANSWER AND DEFENSES TO CORRECTED COMPLAINT**

## DEFENDANT OMAROSA MANIGAULT NEWMAN'S ANSWER AND DEFENSES TO CORRECTED COMPLAINT

Comes now the Defendant, Omarosa Manigault Newman, by and through her undersigned counsel pursuant to Rule 12(a)(4)(A), Federal Rules of Civil Procedure, hereby files her Answer and Defenses to Plaintiff's Corrected Complaint [DE 2-1] and, in response to the correspondingly numbered paragraphs thereof, states and alleges as follows:

1.     Admitted

2.     Admitted for jurisdictional purposes only; otherwise, denied.

3.     Admitted for venue purposes only; otherwise, denied.

4.     Admitted

5.     Admitted

6.     Admitted that 5 U.S.C. app. 4 § 101(e) provides, "Any individual who occupies a position described in subsection (f) shall, on or before the thirtieth day after termination of employment in such position, file a report containing the information described in section 102(a)

1

covering the preceding calendar year if the report required by subsection (d) has not been filed and covering the portion of the calendar year in which such termination occurs up to the date the individual left such office or position, unless such individual has accepted employment in another position described in subsection (f). Otherwise, denied.

7. Admitted that 5 U.S.C. app. 4 §101(f)(3) provides, "each officer or employee in the executive branch, including a special Government employee as defined in section 202 of title 18, United States Code, who occupies a position classified above GS–15 of the General Schedule or, in the case of positions not under the General Schedule, for which the rate of basic pay is equal to or greater than 120 percent of the minimum rate of basic pay payable for GS–15 of the General Schedule; each member of a uniformed service whose pay grade is at or in excess of O–7 under section 201 of title 37, United States Code; and each officer or employee in any other position determined by the Director of the Office of Government Ethics to be of equal classification." Otherwise, denied.

8. Admitted that 5 U.S.C. app. 4 §104(a) provides, "The Attorney General may bring a civil action in any appropriate United States district court against any individual who knowingly and willfully falsifies or who knowingly and willfully fails to file or report any information that such individual is required to report pursuant to section 102. The court in which such action is brought may assess against such individual a civil penalty in any amount, not to exceed $50,000." Otherwise, denied.

9. Admitted that 5 U.S.C. app. 4 § 104(a)(1) provides, "The Attorney General may bring a civil action in any appropriate United States district court against any individual who knowingly and willfully falsifies or who knowingly and willfully fails to file or report any information that such individual is required to report pursuant to section 102. The court in which

such action is brought may assess against such individual a civil penalty in any amount, not to exceed $50,000." Otherwise, denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Without knowledge, therefore denied.

## **COUNT 1**

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## **AFFIRMATIVE, SPECIAL AND/OR ALTERNATIVE DEFENSES**

1. Mrs. Manigault Newman alleges that the Corrected Complaint fails to state any claims against Mrs. Manigault Newman upon which relief can be granted.

2. As to Plaintiff's claims against Mrs. Manigault Newman that she "violated the Ethics in Government Act, 5 U.S.C. app. 4 § 104, by knowingly and wilfully failing to file her termination financial disclosure report within the time required by the EIGA," Mrs. Manigault Newman alleges that she did not knowingly and wilfully fail to file her termination disclosure report.

3. Further, there are insufficient allegations in the Corrected Complaint to show, and no evidence to support, that Defendant Manigault Newman knowingly and wilfully failed to file her termination financial disclosure report within the time required by the EIGA.

4. Mrs. Manigault Newman acted in good faith in attempting to complete her financial disclosure report.

5. Mrs. Manigault Newman alleges that the actions of United States Department of Justice prevented Mrs. Manigault Newman from complying with the provisions of the Ethics in Government Act, including but not limited to, completing her termination financial disclsoure report within the time prescribed under the EIGA.

6. Mrs. Manigault Newman alleges that the actions of the Executive Office of the President, prevented Mrs. Manigault Newman from complying with the provision of the Ethics in Government act, including but not limited to, completing her termination financial disclosure report within the time prescribed under the EIGA.

7. Mrs. Manigault Newman alleges that the Plaintiff has unclean hands.

8. Mrs. Manigault Newman alleges that the Executive Office of the President failed to give required notice.

9. Mrs. Manigault Newman alleges that the United States Department of Justice failed to give the required adequate notice.

10. Mrs. Manigault Newman alleges that the United States Department of Justice has failed to satify all conditions precedent to bringing this lawsuit.

11. Mrs. Manigault Newman alleges that the Executive Office of the President and/or the United States Department of Justice failed to mitigate any damages.

12. Mrs. Manigault Newman alleges that she has fully complied with the requirements of the Ethics in Government Act.

13. Mrs. Manigault Newman alleges that the actions of the Executive Office of the President of withholding Mrs. Manigault Newman's financial documents and refusal to correct the subject termination financial disclosure form prevents the prosecution of this claim under the doctrine of equitable estoppel.

14. Mrs. Manigault Newman alleges that the actions of the United States Department of Justice prevents the prosecution of this claim under the doctrine of equitable estoppel.

15. Mrs. Manigault Newman alleges impossibility as a defense to the allegations of the Corrected Complaint.  Mrs. Manigault Newman's completion of the termination financial disclosure report was impossible due to the incorrect termination date listed on the report and the Executive Office of the President's refusal to return her personal boxes of financial information following her termination from the White House.

16. Mrs. Manigault Newman alleges illegality as a defense to the allegations of the Corrected Complaint.  The Ethics in Government Act, 5 U.S.C. app. 4 § 104(a)(2), imposes

criminal sanctions on former governmental employees who "knowingly and wilfully falsify any information that such person is required to report". The termination date on the termination financial disclosure report provided by the Executive Office of the White House to Mrs. Manigault Newman was incorrect and/or false. As such, Mrs. Manigault Newman could not, in good faith, complete and submit said termination financial disclosure report prior to the Executive Office of the President correcting the termination date.

17. Mrs. Manigault Newman alleges the Executive Office of the White House and the United States Department of Justice have unlawfully engaged in selective civil enforcement of the Ethics in Government Act in violation of the Due Process Clause of the 5th Amendmend to the United States Constitution.  Mrs. Manigault Newman alleges that this selective civil enforcement of the EIGA is motivated by an intention to discriminate against her on the basis of impermissible considerations, including race, to punish or inhibit her exercise of First Amendment constitutional rights, and/or by malicious or bad faith intent to injure Mrs. Manigault Newman.

18. Mrs. Manigault Newman alleges that this issues raised in the Corrected Complaint are moot. As stated in a previous filing of the Department of Justice in this matter, "Defendant submitted a termination report on September 11, 2019, the same date that she moved to dismiss this action." [DE 13].

19. Mrs. Manigault Newman denies all paragraphs, including all sub-parts, and allegations in the Corrected Complaint not herein specifically admitted or denied.

## DEMAND FOR JURY TRIAL

Mrs. Manigault Newman demands a trial by jury on all counts so triable.

        **Law Office of John M. Phillips, LLC**

        <u>/s/ John M. Phillips</u>
        **JOHN M. PHILLIPS, ESQUIRE**
        DC Bar Number:  1632674
        4230 Ortega Boulevard
        Jacksonville, FL 32210
        (904) 444-4444
        (904) 508-0683 (facsimile)
        Attorneys for Defendant
        jphillips@floridajustice.com
        michele@floridajustice.com
        Kirby@floridajustice.com

        **The Law Office of J. Wyndal Gordon, P.A.**

        <u>/s/ J. Wyndal Gordon, Esq.</u>
        **J. WYNDAL GORDON, ESQUIRE**
        MD Bar Number: 23572
        20 South Charles Street, Suite 400
        Baltimore, MD  21201
        (410)332-4121
        (410)347-3144 facsimile
        <u>jwgaattys@aol.com</u>
        Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Christopher M. Lynch, Esq., Joseph H. Hunt, Esq., James J. Gilligan, Esq., Jacqueline Coleman Snead, Esq., United States Department of Justice Civil Division, Federal Programs Branch, 1100 L. Street, N.W., Washington, D.C. 20005, at <u>Christopher.m.lynch@usdoj.gov</u> ; <u>Jacqueline.Snead@usdoj.gov</u> ;this **4th** day of June, 2020.

        Respectfully submitted,

        **Law Office of John M. Phillips, LLC**

/s/ John M. Phillips
**JOHN M. PHILLIPS, ESQUIRE**
DC Bar Number: 1632674
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
jphillips@floridajustice.com
michele@floridajustice.com
Kirby@floridajustice.com

**The Law Office of J. Wyndal Gordon, P.A.**


/s/ J. Wyndal Gordon, Esq.
**J. WYNDAL GORDON, ESQUIRE**
MD Bar Number: 23572
20 South Charles Street, Suite 400
Baltimore, MD 21201
(410)332-4121
(410)347-3144 facsimile
jwgaattys@aol.com
Attorneys for Defendant