## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

### PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO COMPEL

Defendant has refused to produce documents in response to *any* of Plaintiff's first requests for production, with the exception of six audio recordings, on the grounds that she might be subject to "bad faith litigation" if she produced the requested documents.  In support of this contention, Defendant cites a putative nondisclosure agreement with the Trump Campaign purportedly pertaining to "information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member."  But these topics have nothing to do with the discovery requested or the issues in this case. Indeed, Defendant herself contends the putative agreement is both unenforceable and inapplicable to Plaintiff's requests for production.  She should not be permitted to withhold documents on this basis.  Plaintiff therefore moves for an order compelling their production.

## FACTUAL BACKGROUND[1]

On December 6, 2019, Defendant responded to Plaintiff's First Requests for Production. Through these requests, Plaintiff sought five categories of documents directly relating to Defendant's failure to file her final Executive Branch Financial Disclosure report and her putative defenses for failing to do so.  In her response, Defendant refused to produce documents responsive to every one of Plaintiff's requests on the grounds that:

> [O]n or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," [with the Trump campaign] which states she cannot disclose, "confidential information," which is defined as "all information (whether or not embodied in any media) of a proprietary or confidential that [sic] Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company."

Lynch Decl. Ex. A.[2]  Although each of Plaintiff's requests related to Defendant's then-status as an employee separating from United States government service and had nothing to do with Mr. Trump, his family, or his businesses, Defendant claimed that producing any responsive documents other than six audio recordings might subject her to "bad faith litigation." *Id.*  On the same day

---

[1] The discussion in this background section is limited to the facts relevant to this Motion.  For a discussion of the factual background underlying this action, Plaintiff respectfully refers the Court to the Factual Background section of its Renewed Motion for Protective Order filed contemporaneously with this Motion.

[2] Although Plaintiff has requested from Defendant a copy of the putative agreement in Defendant's responses, *see* Lynch Decl. Ex. B, Defendant, as of the date of this filing, has failed to provide the document to Plaintiff.

that defendant submitted this response, the Court stayed discovery pending its consideration of
Defendant's then-pending motion to dismiss.  *See* Minute Order of December 6, 2019.

On May 21, 2020, the Court denied the motion to dismiss in a minute order, and discovery
resumed.  *See* Minute Order of May 21, 2020.  On June 4, the parties engaged in a meet and confer,
at which Defendant's counsel stated that he did not think the agreement on which Defendant based
her objections to production was applicable to the discovery requests at issue.  S*ee* Lynch Decl.
Ex. B; *id.* Ex. C.  Nonetheless, Defendant continues to refuse to produce documents despite
Plaintiff's renewed request.  *Id.* Ex. C.

## ARGUMENT

I.      **Defendant Cannot Evade Document Discovery Based on a Concededly-Inapplicable
        Nondisclosure Agreement with a Third Party.**

Federal Rule of Civil Procedure 37 provides that a party may move to compel production
of documents where "a party fails to produce documents or fails to respond that inspection will be
permitted … as requested under Rule 34." Fed R Civ P. 37(a)(3)(B)(iv).  Here, Defendant does
not seriously contend that the Plaintiffs' discovery requests are improper.

As an initial matter, Defendant objected to one of Plaintiff's requests as "vague," one as
"overbroad and irrelevant" and one as "improper request[,] [o]verbroad and irrelevant," without
further explanation.  These objections fail Rule 34's requirement that a party refusing to produce
documents "state *with specificity* the grounds for objecting to the request, *including the reasons*"
and are improper.  Fed. R. Civ. P. 34(b)(2)(B) (emphasis added); *see, e.g., Leibovitz v. City of New
York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) ("General boilerplate objections are
inappropriate and unpersuasive."); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188
(C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing'
are improper—especially when a party fails to submit any evidentiary declarations supporting such

objections. . . . Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."). They should be overruled.

Defendant's only fully articulated basis for refusing to produce documents in this action is that doing so might subject her to "bad faith litigation" by third parties based on a concededly inapplicable confidentiality agreement that Defendant purportedly entered with the Trump Campaign.

But this objection cannot possibly support withholding the documents at issue here. First, the agreement, as quoted by Defendant in her objections, plainly does not apply to Plaintiff's requests. The sole disputed issue here is whether Defendant's failure to timely file her statutorily required termination financial disclosure report was willful. The discovery requests at issue seek documents and communications pertaining to (a) Defendant's termination from her position in the Executive Branch; (b) Defendant's financial disclosure report and her obligation to file it within 30 days of her termination; (c) Defendant's efforts to obtain materials she contends were necessary to complete the financial disclosure report; and (d) the contents of the boxes that Defendant belatedly claimed she needed to complete her financial disclosure report; as well as documents (e) that were referenced in Defendant's interrogatory responses. *See* Lynch Decl. Ex. A.

None of the requested documents, which relate exclusively to Defendant's former position as an employee of the Executive Branch, is "proprietary or confidential" to Mr. Trump, his businesses, or his family. Lynch Decl. Ex. A at 1 (purporting to quote from putative agreement). They do not relate to "the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member." *Id.* They do not relate to "the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures" or other interests of Mr. Trump, his businesses, or his family members. *Id.* They instead relate solely to Defendant's

willfulness in failing to timely file the required financial disclosure report at the conclusion of her employment at the White House—the sole disputed issue in the case.

Indeed, Defendant concedes this is so.  She has not identified any document she believes is both responsive to any request for production and protected by the putative agreement.  And her counsel has represented that Defendant does not believe that this putative agreement applies to preclude any of the discovery materials sought here.  *See* Lynch Decl. Exs. B & C.  Indeed, Defendant has expressed the view that any action against her under the putative agreement based on her disclosure of documents requested by Plaintiff in this case would be "bad faith litigation." Lynch Decl. Ex. A.  Defendant merely speculates that such "bad faith litigation" might be filed, and provides no support whatsoever for that unsubstantiated claim.  Still, Defendant here takes the position that Defendant she not produce documents until the Court orders her to do so.

## II.      An Agreement with a Third Party Does Not Excuse Defendant's Failure to Comply with Her Discovery Obligations

Even if Defendant's production of documents here *were* prohibited by an agreement she signed with a third party, that agreement would not excuse her from the obligation to produce materials in this litigation.  *See, e.g., Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 540 (D. Kan. 1989) ("Plaintiff also submits he had signed an agreement with the litigation support group not to disclose the materials to defense counsel. The court finds none of these arguments constitute a valid or sufficient objection to discovery requests.").  A party cannot escape her obligations under the Federal Rules by private agreements with nonparties to the litigation.  To the extent the legitimate interests of third parties are implicated by the discovery process, the Federal Rules of Civil Procedure provide the means to protect those interests without hampering legitimate discovery.  *See, e.g.*, Fed R Civ P 26(c)(1)(E)-(G) (providing for various means of restricting access to discovery materials).  Here, Defendant does not assert that any document responsive to

Plaintiff's requests is confidential, has not requested any protective order governing the confidentiality of any documents, and has not proposed any particular restrictions on any documents.  Defendant's bare invocation of her agreement with a third party accordingly cannot excuse her non-compliance with Plaintiff's discovery requests.

## CONCLUSION

For the reasons set forth above, the Court should grant Plaintiff's Motion to Compel and order Defendant to expeditiously produce all non-privileged documents responsive to Plaintiff's requests.

Dated: June 17, 2020

JOSEPH H. HUNT
Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Christopher M. Lynch*
Christopher M. Lynch
D.C. Bar # 1049152
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4537
Fax: (202) 616-8470
Email: christopher.m.lynch@usdoj.gov

*Attorneys for Plaintiff*

6

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(1) and Local Rule 7(m), the undersigned counsel hereby certifies that he conferred in good faith with Defendant's counsel regarding this discovery issue in an attempt to resolve the issue and was unable to further narrow the disputed issues. Defendant indicated that she would oppose this motion.

Dated: June 17, 2020                                      */s/ Christopher M. Lynch*
                                                            Christopher M. Lynch

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:19-cv-1868 (RJL)** |
| **OMAROSA MANIGAULT NEWMAN,** | |
| **Defendant.** | |

<u>**DECLARATION OF CHRISTOPHER M. LYNCH IN SUPPORT OF PLAINTIFF**</u>
<u>**UNITED STATES OF AMERICA'S MOTION TO COMPEL**</u>

I, Christopher M. Lynch, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1.      I am a Trial Attorney with the Federal Programs Branch of the Civil Division of the United States Department of Justice and counsel for Plaintiff in this matter.

2.      Attached as Exhibit A is a true and correct copy of Defendant, Omarosa Manigault Newman's Response to Plaintiff's First Request for Production of Documents, served on me by email on or about December 6, 2019.

3.      Attached as Exhibit B is a true and correct copy of an email I sent to John M. Phillips, counsel for Defendant, on or about June 4, 2020.

4.      Attached as Exhibit C is a true and correct copy of an email from John M.

Phillips, counsel for Defendant, to me, that I received on or about June 4, 2020.


Executed this 17th day of June, 2020.


_/s/ Christopher M. Lynch_
Christopher M. Lynch

Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No.:1:19-cv-1868 (RJL)

v.

OMAROSA MANIGAULT NEWMAN,

      Defendant,

_____/

## DEFENDANT, OMAROSA MANIGAULT NEWMAN'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

      Defendant, OMAROSA MANIGAULT NEWMAN, pursuant to Rule 26 and 34, Fed R. Civ. P., and Local Civil Rules 26.2(d) and 30.4, hereby responds to Plaintiff's First Request for Production of Documents as follows:

      1.     ALL COMMUNICATIONS (including but not limited to, audio recordings of conversations) CONCERNING YOUR TERMINATION.

**RESPONSE: Objection. The Trump Campaign and/or the President of the United States has asserted claims against Omarosa Manigault Newman, which otherwise may prohibit or cause Omarosa Manigault Newman additional bad faith litigation. This matter needs to be determined by the Court or Arbitrator before responses can be provided.**

**As a basis for this response, or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," which states she cannot disclose, "confidential information," which is defined as "all information (whether or not embodied in any media) of a proprietary or confidential that Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term**

sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company." For instance, the Trump Campaign has sued Omarosa Manigault Newman for public comments, such as "not my circus, not my monkeys" and Mr. Trump has bragged about suing her on Twitter.

Omarosa has provided the following calls in her Motion to Dismiss:

Situation Room Briefing – audio recording

Telephone Call with Stefan Passantino, Esq.

She will produce the following calls under separate cover:

Telephone call to Deborah White

John Kelly call

Second John Kelly call

President Trump call

  2.  ALL COMMUNICATIONS (including, but not limited to, audio recordings of conversations) CONCERNING YOUR FINAL EXECUTIVE BRANCH PUBLIC FINANCIAL DISCLOSURE REPORT (including, but not limited to, YOUR obligation to file a FINAL EXECUTIVE BRANCH PUBLIC DISCLOSURE REPORT within 30 days of your TERMINATION).

RESPONSE: Objection. The Trump Campaign and/or the President of the United States has asserted claims against Omarosa Manigault Newman, which otherwise may prohibit or cause Omarosa Manigault Newman additional bad faith litigation. This matter needs to be determined by the Court or Arbitrator before responses can be provided.

As a basis for this response, or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," which states she cannot disclose, "confidential information," which is defined as "all information (whether or not embodied in any

media) of a proprietary or confidential that Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company." For instance, the Trump Campaign has sued Omarosa Manigault Newman for public comments, such as "not my circus, not my monkeys" and Mr. Trump has bragged about suing her on Twitter.

**Omarosa has provided the following calls in her Motion to Dismiss:**

**Situation Room Briefing – audio recording**

**Telephone Call with Stefan Passantino, Esq.**

**She will produce the following calls under separate cover:**

**Telephone call to Deborah White**

**John Kelly call**

**Second John Kelly call**

**President Trump call**

3.     ALL DOCUMENTS REFLETING YOUR efforts to obtain ANY materials YOU contend were necessary to complete YOUR FINAL EXECUTIVE BRANCH PUBLIC FINANCIAL DISCLOSURE REPORT.

**RESPONSE: Objection, vague. Additionally, The Trump Campaign and/or the President of the United States has asserted claims against Omarosa Manigault Newman, which otherwise may prohibit or cause Omarosa Manigault Newman additional bad faith litigation. This matter needs to be determined by the Court or Arbitrator before responses can be provided.**

**As a basis for this response, or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," which states she cannot disclose, "confidential**

3

information," which is defined as "all information (whether or not embodied in any media) of a proprietary or confidential that Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company." For instance, the Trump Campaign has sued Omarosa Manigault Newman for public comments, such as "not my circus, not my monkeys" and Mr. Trump has bragged about suing her on Twitter.


4.      ALL DOCUMENTS contained in the boxes YOU removed or received

from the White House in July 2019.

**RESPONSE: Objection. Overbroad and irrelevant.**

**Additionally, the Trump Campaign and/or the President of the United States has asserted claims against Omarosa Manigault Newman, which otherwise may prohibit or cause Omarosa Manigault Newman additional bad faith litigation. This matter needs to be determined by the Court or Arbitrator before responses can be provided.**

**As a basis for this response, or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," which states she cannot disclose, "confidential information," which is defined as "all information (whether or not embodied in any media) of a proprietary or confidential that Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company." For instance, the Trump Campaign has sued Omarosa Manigault Newman for public comments, such as "not my circus, not my monkeys" and Mr. Trump has bragged about suing her on Twitter.**

4

5.     ALL DOCUMENTS referenced in any response to Plaintiff's First Set of Interrogatories to Defendant in the above-captioned action, served concurrently with these Requests for Production.

**RESPONSE:  Objection. Improper Request. Overbroad and irrelevant.**

**Additionally, the Trump Campaign and/or the President of the United States has asserted claims against Omarosa Manigault Newman, which otherwise may prohibit or cause Omarosa Manigault Newman additional bad faith litigation. This matter needs to be determined by the Court or Arbitrator before responses can be provided.**

**As a basis for this response, or about July 16, 2016, Omarosa Manigault Newman signed an "Agreement," which states she cannot disclose, "confidential information," which is defined as "all information (whether or not embodied in any media) of a proprietary or confidential that Mr. Trump insists remain private or confidential, including, but not limited to any information with respect to the personal life, political affairs, and/or business affairs of Mr. Trump or of any Family Member, including but not limited to, the assets, investments, revenue, expenses, taxes, financial statements, actual or prospective business ventures, contracts, alliances, affiliations, relationships, affiliated entities, bids letters of intent, term sheets, decisions, strategies, techniques, methods, projections, forecasts, customers, clients, contacts, customer lists, contact lists, schedules, appointments, meetings, conversations, notes and any other communications of Mr. Trump, any Family Member, any Trump Company or any Family Member Company." For instance, the Trump Campaign has sued Omarosa Manigault Newman for public comments, such as "not my circus, not my monkeys" and Mr. Trump has bragged about suing her on Twitter.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing will be furnished to Christopher M. Lynch, Esq., Joseph H. Hunt, Esq., James J. Gilligan, Esq., Jacqueline Coleman Snead, Esq., United States Department of Justice Civil Division, Federal Programs Branch, 1100 L. Street, N.W., Washington, D.C.    20005, at

Christopher.m.lynch@usdoj.gov   ;    Jacqueline.Snead@usdoj.gov ;this   **6**[th]   day   of

December, 2019.

Respectfully submitted,

**Law Office of John M. Phillips, LLC**

/s/ John M. Phillips
**JOHN M. PHILLIPS, ESQUIRE**
DC Bar Number:  1632674
4230 Ortega Boulevard
Jacksonville, FL 32210
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
jphillips@floridajustice.com
michele@floridajustice.com
Kirby@floridajustice.com

**The Law Office of J. Wyndal Gordon, P.A.**

/s/ J. Wyndal Gordon, Esq.
**J. WYNDAL GORDON, ESQUIRE**
MD Bar Number: 23572
20 South Charles Street, Suite 400
Baltimore, MD  21201
(410)332-4121
(410)347-3144 facsimile
jwgaattys@aol.com
Attorneys for Defendant

Exhibit B

## Lynch, Christopher M. (CIV)

| | |
|---|---|
| **From:** | Lynch, Christopher M. (CIV) |
| **Sent:** | Thursday, June 4, 2020 2:21 PM |
| **To:** | John M. Phillips |
| **Cc:** | kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com; Snead, Jacqueline Coleman (CIV) |
| **Subject:** | RE: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL) |

Mr. Phillips,

We disagree with each of the representations you make below, and we do not consent to the recording of any future calls between us.  To be clear, you terminated our call after 6 minutes when I requested that you return the discussion to the discovery issues that we had scheduled the meet and confer to discuss.

On the call, you did confirm that your client will continue to withhold discovery on the basis of a confidentiality agreement you contend your client entered with the Trump campaign notwithstanding that you yourself concede the agreement is inapplicable to our discovery requests.  Please provide the document on which you base those withholdings by close of business today.

We were unable to discuss this morning when you intend to produce the recordings that you agreed to produce last December but have not produced to date.  We also request that you produce all documents responsive to our requests.  Please let us know by close of business today when you intend to make those productions.

In addition, we were unable to discuss your own discovery requests on today's call.  We request that you withdraw your Requests for Production Nos. 3-5, 7-9, 11, 13, and your Requests for Admission Nos. 21-23, 25-28, for the reasons stated in our Responses to those Requests.  Please let us know by close of business today whether you intend to do so.

Finally, we will advise the White House ethics office that your client now wishes to resolve the deficiencies with her form.  Please let me know whether you need the contact information of the individual there who had reached out to you last Fall to assist you.

Best,

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

---

**From:** John M. Phillips <jmp@floridajustice.com>
**Sent:** Thursday, June 4, 2020 11:16 AM
**To:** Lynch, Christopher M. (CIV) <chlynch@CIV.USDOJ.GOV>
**Cc:** kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com; Snead, Jacqueline Coleman (CIV)

<jsnead@CIV.USDOJ.GOV>
**Subject:** Re: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL)

We are happy to reschedule this call when you will agree not to interrupt me and unprofessionally talk over me. Professionalism is a must.

Please send us any other issues you have with discover . Let us know if you want to reschedule the call when you have the patience and professionalism to engage in it. All further calls will be recorded to protect us both.

I reiterate what I was saying when you interrupted me and spoke over me. Omarosa Manigault Newman desires to make amendments deemed required, as she has since before this frivolous suit was filed by Ms. Cheung, and again requests the records we've told you she needs and assistance to do so.

We've attempted to be reasonable and responsive throughout, including a meeting which was unilaterally cancelled by your office at the very initiation of this. Boxes were inappropriately kept and she still doesn't have all that she needs and that Mr. Passantino promised. Please advise how she can remedy this once again.


Thank You,


John


John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone: (904) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com


* Board Certified Specialist and Expert in Civil Trial Law
* Licensed to practice in Florida, New York, Georgia, Alabama, Texas and the District of Columbia

On Jun 2, 2020, at 7:10 PM, Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov> wrote:


Counsel,

Pursuant to our agreement regarding service of discovery requests, please find attached:
1. PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OMAROSA MANIGAULT NEWMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
2. PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Thank you.

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312

2

Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

<2020.6.2 Pls First RFP Objections.pdf>
<2020.6.2 Pls First RFA Objections.pdf>

Exhibit C

**Lynch, Christopher M. (CIV)**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Thursday, June 4, 2020 3:05 PM |
| **To:** | Lynch, Christopher M. (CIV) |
| **Cc:** | kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com; Snead, Jacqueline Coleman (CIV) |
| **Subject:** | Re: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL) |

Now wishes? More like has always wished. Please review the calls and really listen to them. Why the dishonesty here. She's constantly tried to work through this.

DC is a one-party consent state. How can you object? Why hide the U.S. Government's representations?

Your client, your employer, your executive in chief indicated publicly that this was retaliatory and that he's suing her and has an NDA. We don't think that is legal and don't think he / they / you can legally do this or enforce the NDA, but that doesn't mean she's not being sued for 400+ overbroad releases. It is a judge's opinion that matters on this. President Trump has a trap set up. We just want to avoid claims of breaches of contract, confidentiality or the like at all costs.

We will withdraw nothing. Happy to discuss same as indicated.

Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
                 GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, New York, Georgia, Alabama, Texas and the District of Columbia

**From:** "Lynch, Christopher M. (CIV)" <Christopher.M.Lynch@usdoj.gov>
**Date:** Thursday, June 4, 2020 at 2:20 PM
**To:** 'John Phillips' <jmp@floridajustice.com>
**Cc:** "kirby@floridajustice.com" <kirby@floridajustice.com>, "michele@floridajustice.com" <michele@floridajustice.com>, "jwgaattys@aol.com" <jwgaattys@aol.com>, "Snead, Jacqueline Coleman (CIV)" <Jacqueline.Snead@usdoj.gov>
**Subject:** RE: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL)

Mr. Phillips,

We disagree with each of the representations you make below, and we do not consent to the recording of any future calls between us.  To be clear, you terminated our call after 6 minutes when I requested that you return the discussion to the discovery issues that we had scheduled the meet and confer to discuss.

On the call, you did confirm that your client will continue to withhold discovery on the basis of a confidentiality agreement you contend your client entered with the Trump campaign notwithstanding that you yourself concede the agreement is inapplicable to our discovery requests.  Please provide the document on which you base those withholdings by close of business today.

We were unable to discuss this morning when you intend to produce the recordings that you agreed to produce last December but have not produced to date.  We also request that you produce all documents responsive to our requests.  Please let us know by close of business today when you intend to make those productions.

In addition, we were unable to discuss your own discovery requests on today's call.  We request that you withdraw your Requests for Production Nos. 3-5, 7-9, 11, 13, and your Requests for Admission Nos. 21-23, 25-28, for the reasons stated in our Responses to those Requests.  Please let us know by close of business today whether you intend to do so.

Finally, we will advise the White House ethics office that your client now wishes to resolve the deficiencies with her form.  Please let me know whether you need the contact information of the individual there who had reached out to you last Fall to assist you.

Best,

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

---

**From:** John M. Phillips <jmp@floridajustice.com>
**Sent:** Thursday, June 4, 2020 11:16 AM
**To:** Lynch, Christopher M. (CIV) <chlynch@CIV.USDOJ.GOV>
**Cc:** kirby@floridajustice.com; michele@floridajustice.com; jwgaattys@aol.com; Snead, Jacqueline Coleman (CIV) <jsnead@CIV.USDOJ.GOV>
**Subject:** Re: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL)

We are happy to reschedule this call when you will agree not to interrupt me and unprofessionally talk over me. Professionalism is a must.

Please send us any other issues you have with discover . Let us know if you want to reschedule the call when you have the patience and professionalism to engage in it. All further calls will be recorded to protect us both.

I reiterate what I was saying when you interrupted me and spoke over me. Omarosa Manigault Newman desires to make amendments deemed required, as she has since before this frivolous suit was filed by Ms. Cheung, and again requests the records we've told you she needs and assistance to do so.

We've attempted to be reasonable and responsive throughout, including a meeting which was unilaterally cancelled by your office at the very initiation of this. Boxes were inappropriately kept and she still doesn't have all that she needs and that Mr. Passantino promised. Please advise how she can remedy this once again.


Thank You,


John


John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone: (904) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com


* Board Certified Specialist and Expert in Civil Trial Law
* Licensed to practice in Florida, New York, Georgia, Alabama, Texas and the District of Columbia

On Jun 2, 2020, at 7:10 PM, Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov> wrote:


Counsel,

Pursuant to our agreement regarding service of discovery requests, please find attached:
1.  PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT OMAROSA MANIGAULT NEWMAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
2.  PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Thank you.

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

<2020.6.2 Pls First RFP Objections.pdf>
<2020.6.2 Pls First RFA Objections.pdf>

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Civil Action No. 1:19-cv-1868 (RJL) |
| OMAROSA MANIGAULT NEWMAN, | |
| **Defendant.** | |

## [PROPOSED] ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO COMPEL

Upon consideration of Plaintiff's Motion to Compel, any opposition and reply thereto, and the entire record in this case, it is hereby ordered that:

Plaintiff's Motion to Compel is hereby GRANTED. Defendants will produce all non-privileged documents responsive to Plaintiff's First Requests for Production of Documents within two weeks of this order.

It is so ORDERED, this day, _____, 2020.

_____
The Hon. Richard J. Leon
United States District Judge