## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

      Plaintiff,                       Case No.: 1:19-cv-1868 (RJL)

v.

OMAROSA MANIGAULT NEWMAN,

      Defendant,

_____/

## DEFENDANT OMAROSA MANIGAULT NEWMAN'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the Defendant, Omarosa Manigault Newman, by and through her undersigned counsel and files her Response to Plaintiff's Motion for Summary Judgment, and in support thereof alleges as follows.

## STATEMENT OF FACTS

Defendant, Omarosa Manigault Newman, worked as the Director of Communications in the Office of Public Liaison in the White House from January 20, 2017 through January 20, 2018. On or about December 13, 2017, she was called into a "post-government employment briefing" held in the Situation Room. In attendance at this meeting was former White House Chief of Staff, Gen. John Kelly, White House ethics attorney Stefan Passantino, Esq., White House ethics attorney Uttam Dhillon, Esq., and Human Resource Manager Irene Porada. During this "post-government employment briefing," General John Kelly discussed Mrs. Newman's termination. During the termination meeting, General Kelly threatened Mrs. Newman.

All parties discussed and agreed that January 20, 2018 was her departure date. The financial disclosure form and EIGA were not discussed during this meeting. December 13, 2017 was the

1

last time Mrs. Newman was allowed on White House grounds, she was not permitted to obtain her personal effects from her office before leaving. She informed White House Counsel that the return of her personal effects was essential to the completion of her financial disclosure report. Nevertheless, White House Counsel's Office needlessly delayed the return of the items, essentially preventing the successful completion of the financial disclosure report. Further, upon receipt of the financial disclosure, Mrs. Newman noticed the termination date listed on the electronic form was incorrect. Mrs. Newman brought this discrepancy to the attention of White House Counsel staff on numerous occasions and now even Plaintiff admits confusion about three different "termination dates" have been contended by Plaintiff to Defendant with no resolve as to which should govern. The refusal to remedy these discrepancies prevented the timely and accurate completion of the financial disclosure report, which was expressed to government officials repeatedly.

The requested financial disclosure report, and amendments thereto, have has since been filed. It was filed shortly after Defendant's lawyers were required to appear at the gates of the White House to pick up multiple boxes of Defendant's personal and financial records. She filed a report thereafter and has since amended it. No known objections or supplements have been requested to date.

Several issues will be outlined herein, each of which provides a defense against granting Summary Judgment and grounds why this matter should proceed to discovery and/or be dismissed.

## I.   DEFENDANT DID NOT KNOWINGLY AND WILLFULLY FAIL TO FILE HER TERMINATION REPORT

Plaintiff has filed a Motion for Summary Judgment, essentially requesting the court enter judgment that: (1) Defendant knowingly and willfully failed to file an end of employment financial disclosure and (2) that the government is entitled to $61,505.00 (more than what was requested in

Plaintiff's Complaint). Defendant is entitled to conduct discovery before a decision can be made concerning summary judgment.

This arises out of the Ethics in Government Act ("EIGA)." The EIGA establishes financial reporting requirements for key personnel in each of the three branches of the federal government. *United States v. Rose,* 28 F.3d 181, 183 (D.C.Cir.1994) (citing to the EIGA prior to its consolidation at 5 U.S.C. app. 4 § 101 *et seq.*). Section 104(a) of the EIGA authorizes the Attorney General to bring a civil action in federal district court against any individual, "who knowingly and willfully fails to file or report any information that such individual is required to report" under the EIGA, and states that the court may assess a civil penalty against that individual. 5 U.S.C. app.4 § 104(a); *Rose,* 28 F.3d at 183–84.

Along with the duty to file is a duty to file accurately. Sometimes these items conflict, particularly, as here, where Defendant was prevented from timely and correctly filing by Plaintiff's withholding information or engaging in obstreperous conduct. Under (a)(2), "It shall be unlawful for any person to knowingly and willfully— (i) falsify any information that such person is required to report under section 102; and (ii) fail to file or report any information that such person is required to report under section 102." In the present matter, Defendant did not intentionally or willfully disregard the statute. On the contrary, she was prevented from accurately completing the form when White House Counsel staff refused to timely return her personal items or answer her reasonable questions. Further, White House Counsel staff's failure to relay an accurate termination date creates issues about what information should be contained therein. Attempts to remedy that were met with obstinance.

## II.    **DEFENDANT HAS NOT PREVIOUSLY DISCLOSED THE PENALTY BEING SOUGHT**

Defendant has asked repeatedly what penalty Plaintiff sought and this is the first time the amount has ever been expressed to Defendant or put into writing. Information herein reveals internal email indicating Plaintiff's approval of an amount years ago, which has not been provided to Defendant. The United States of America specifically sought a civil penalty "up to $50,000" in its corrected Complaint. Complaint ("Complaint") P. 6, ECF No. 2-1.   Subsequently, Plaintiffs could not come up with a number at the attorney conference or at any time prior hereto. Ironically, Plaintiff now seeks $61,585 "as a matter of law." Plaintiff United States of America's Motion for Summary Judgment (Mot. for Summary Judgment) P. 43, ECF No. 24. The amount, if any, imposed is certainly up to the discretion of this Court. That discretion is exercised based on an understanding and weighing of the facts of each case. It would require more than a premature summary judgment motion to determine these issues and Defendant requests an in-person hearing before any liability and/or amount is determined.

## III.   <u>SUMMARY JUDGMENT IS PREMATURE</u>

Plaintiff's filed two motions for protective order and same has/have not been ruled upon. In those motions, Plaintiff admits they refused to cooperate with any and all discovery about (1) termination dates; (2) the return of Defendant's records; and (3) allowance of depositions of people who can determine if this action was retaliatory, violates the Whistleblower Protection Enhancement Act, the First Amendment and (4) otherwise allow Defendant to address her affirmative defenses. Defendant has repeatedly requested deposition dates for witnesses and all have been delayed or denied. No dates have been given. Plaintiff's lawyer, Christopher M. Lynch, won't even respond to the emails requesting the same.

Based upon Federal Rule of Civil Procedure 56(d) and case law, Defendants submit final judgment would be legally premature. Subsection (d) states:

4

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

In addition, to the above issues, the New York Times instituted a Freedom of Information Act lawsuit to investigate retaliation and received a Vaughn Index. Attached hereto as Exhibit 1. Defendant received a privilege log herein. (See Exhibit 2). Both describe emails related to the subject report and the institution of this lawsuit. More importantly, they are internally inconsistent and reveal the United States appears to have made mistake or intentional nondisclosures in each. Attempts to resolve this have been frustrated. As such, discovery needs to be conducted about these conflicts and determine what is legally privileged and what is not.

Related thereto, discovery is still pending. There are no case management deadlines or order Defendant is aware of. Given the results of the election, most of the "high ranking officials" will not be government employees in a matter of days. As such, aspects of the pending motion for protective order will change.

## IV.   TERMINATION AND THREATS BY WHITE HOUSE CHIEF OF STAFF GENERAL JOHN KELLY

Defendant categorically disputes the claims asserted by Plaintiff. Defendant herein shows there are vast remaining issues of material factual dispute. Defendant asserted affirmative defenses of retaliation by the Executive Office of the White House and United States of America.

Defendant was threatened by the President's Chief of Staff, General John Kelly, upon termination that she must be "friendly" with the government office or face retaliation about some non-existing misconduct, stating, "The issue that you may or may not have a full appreciation for, but I think you do, this would be a pretty high level of accountability, **meaning a court**

5

**martial.** We're not suggesting any legal action here." See attached Declaration of Omarosa Manigault Newman ("Manigault Newman Decl.") ¶ 5. And, "I'd like to see this be a friendly departure, um, there are pretty significant, ahh, legal issues that we hope don't develop into something that would make it ugly for you, but I think it's important to understand that **if we make this a friendly departure**, um, **we can all** be, you know, you can look at your time here in the White House as a year of service to the nation **and you can go on without any type of difficulty in the future relative to your reputation**."[1] Id.  These threats would turn into executive action as Defendant spoke up, spoke out and wrote a book.

Ultimately, the "referral" of this matter progressed each time Defendant made a public statement about her tenure at the White House. The Department of Justice was ultimately referred the matter by the White House **one day after** Defendant released her book, entitled "Unhinged: An Insider's Account of the Trump White House." The chronology outlined herein reveals Defendant's exercise of her First Amendment speech was the impetus of this lawsuit, which is protected under the Whistleblower Protection Enhancement Act.

Further, the President of the United States has essentially admitted instituting litigation against the Defendant, stating on August 31, 2019, "Yes, I am currently suing various people for violating their confidentiality agreements.  Disgusting and foul-mouthed Omarosa is one.  I gave her every break, despite the fact that she was despised by everyone, and she went for some cheap money from a book." Attached hereto as Exhibit 3.

## V.  PLAINTIFF WITHHELD BOXES OF INFORMATION DEFENDANT NEEDED UNTIL AFTER IT FILED THIS LAWSUIT

---

[1] On January 7, 2021, John Kelly told CNN Donald Trump should face removal under the 25th Amendment and that people in his Administration, "no one around him ANYMORE is going to break the law." On this point alone, it begs the question as to whether John Kelly was aware or participated in law breaking on these issues.

6

Upon termination, Omarosa Manigault Newman was not allowed to clean out her desk or retrieve personal documents, information and belongings. (Manigault Newman Decl. ¶ 12). She left the White House permanently on December 13, 2017. Shortly thereafter, The White House told Defendant it had "two boxes" of Defendant's possessions, which is believed was packed up by agents of the Plaintiff, and stated the White House would give them back, but only in "trade" for her report. (Manigault Newman Decl. ¶ 25-28).

Ultimately, it became clear the subject possessions included boxes of financial information and records she needed to review prior to filing her report. (Manigault Newman Decl. ¶ 33). As such, the requested trade created a legal impossibility, which remained unresolved until **after** this matter was filed, when her materials were returned.

Defendant repeatedly requested these possessions and her efforts were repeatedly denied or delayed. Furthermore, to this very day, Defendant does not believe she has received everything she left at the White House on December 13, 2017 to this very day. Discovery is due on that issue as well.

Specifically, rather than providing a substantive response to the multitude of requests for Defendant's boxes, Plaintiff's counsel emailed on May 28, 2019, at 10:44 AM, **"We regard the return of your client's personal effects as unrelated to our claim under the Ethics in Government Act."** Attached hereto as Exhibit 4.

The documents were relevant and were used in preparation of her report. However, even if they were irrelevant, the fact Defendant was unsure and Plaintiff would not provide the documents or assist defendant, serves as a defense to Plaintiff's claims Defendant "knowingly and willfully failed to file" her report. The Plaintiff made it subjectively, if not objectively, impossible for her to do so accurately.

Plaintiff also admitted in its Motion for Summary Judgment, that "(O)fficial travel documentation and other (undescribed) materials pertaining to her official work at the White House were not returned to her because they are presidential records." See Declaration of David Jones (Decl. of David Jones ¶ 26-27, ECF No. 24-3.) Photocopies of these items were also withheld and no one attempted to work these matters out with Defendant.

On August 14, 2018, Defendant's book was released. On August 15, 2018, this matter was referred by an unknown, withheld individual in the White House to the Department of Justice. Plaintiff's own records confirm Plaintiff's agents were repeatedly communicating about Defendant's withheld personal property as late as October 18, 2018, when the White House and United States sent multiple email with the subject, "FW: Missing Property- OM." These communications were withheld from Defendant due to alleged "attorney client privilege, work product and deliberative process." On May 6, 2019, Ms. Manigault Newman responded to the Department of Justice by emailing the following response:

> However, as I had communicated with my ethics contact, Stefan Passantino, at the White House, **I am still lacking some key information to complete the report**. Specifically, in several calls and emails to Stefan, we discussed the need for the contents of seven boxes from my office that were seized by Uttam Dhillon, Irene H. Porada and Mr. Passantino, upon my departure. **Much of the information that I need to complete this termination report – financial records, travel documents, emails and other important correspondence related to my employment on the Trump campaign, transition, inauguration and my tenure in the White House – is contained in those boxes. These boxes are still in the possession of the White House. I am still hopeful that the White House will return**

**my boxes and give me access to the data necessary to complete the report.** Please advise. (See Exhibit 5)

On July 12, 2019, Ms. Manigault Newman's counsel personally went to the gates of the White House and was presented with two boxes and one tube which were brought to the exterior gate of the White House. Attached here to as Exhibit 6. The boxes retrieved from the White House contained Ms. Manigault Newman's financial records, bank statements, travel documents, tax returns, W-2's, emails and other important data required to fill out the requisite financial disclosure form. (Manigault Newman Decl. ¶ 23.)

This contradiction, of course, entirely undermines all "good faith" of this lawsuit and the corresponding Motion for Summary Judgment. If a person claims they need their own records to fill out a EIGA report and an agent of the United States withholds that person's property, it would abrogate the requirement that the person is "knowingly and willfully" refusing to file. The United States repeatedly has ignored this point. Defendant's attempts to retrieve the subject boxes were unquestionably and fairly met with delay and scheduling issues.

Summary judgment would be premature without full discovery on these issues. Deposition coordination has been requested and ignored. As many of these individuals are or were employed by Plaintiff, depositions need cooperation and coordination. No dates have ever been provided despite request by Defendant and motion(s) for protective order are pending.

## VI.    THE TERMINATION DATE IS STILL A MATTER OF MATERIAL DISPUTE

Although Defendant has filed her reports, it was with significant concerns and reservations, which has been expressed throughout. Further, it is important to note Plaintiff's affidavits in support of their Motion Summary Judgment contain testimony which verifies the utter confusion

and conflict of what the precise final date of termination should even be, even now. **Different dates trigger different disclosures**.

In this instance, filing an inaccurate report is also improper, if not illegal. As noted on page 3 of the affidavit of Stefan Passantino, the "Date of Termination" is an initial, fundamental field to be completed by the filer. Indeed, that date is a basis for the required disclosures thereafter. In some forms, it is auto populated. Regardless, this date is **still in dispute** based on the evidence filed in Defendant's declarations.

The law mandates, a filer cannot "(i) falsify any information," cannot "fail to file or report any information that such person is required to report." The date of termination is therefore required to be known. All parties stipulate that there was a meeting in the White House Situation Room on **December 13, 2017,** whereby, "(Chief of Staff) General John Kelly conveyed the decision to Ms. Manigault Newman that her role as a White House official **was being terminated."** See Declaration of Stefan Passantino (Decl. of Stefan Passantino ¶ 4, ECF No. 24-2.) At that same meeting on **December 13, 2017,** following General Kelly's departure from the Situation Room, a conversation regarding Ms. Manigault Newman's termination date was discussed between the remaining occupants, Mr. Passantino, Mr. Dhillon, and Ms. Manigault Newman. During this conversation, Ms. Manigault Newman asked White House ethics counsel, Mr. Dhillon, "How do I make it to the one-year mark? Which is 1/20…that's important to me…to make it to the one-year mark." (Manigault Newman Decl. ¶ 7.) Ultimately all parties agreed after Mr. Dhillon returned to the situation room and announced, "**Yes, to the twentieth of January**." Id. "**We're taking you until the twentieth now."** ("Manigault Newman Decl. ¶ 8.) Irene Porada then stated, "**O.K., so we'll take [her] through the twentieth**?" To wit, Mr. Dhillon responded, "**Yes, Ma'am**." (Manigault Newman Decl. ¶ 9).

The following day, White House Press Secretary Sarah Huckabee Sanders released the following statement, "Omarosa Manigault Newman resigned yesterday to pursue other opportunities. **Her departure will not be effective until <u>January 20, 2018.</u>** We wish her the best in future endeavors and are grateful for her service." (Manigault Newman Decl. ¶ 13.)

Shortly thereafter, an electronic financial disclosure form was sent to Ms. Manigault Newman. (Manigault Newman Decl. ¶ 16). The first page of the financial disclosure form listed her termination date as **<u>December 13, 2017.</u>** (Manigault Newman Decl. ¶ 17). Due to the electronic nature of the financial disclosure form, Ms. Manigault Newman was unable to correct the termination date to January 20, 2018. (Manigault Newman Decl. ¶ 18.)

Ms. Manigault Newman advised and repeatedly requested clarification from the White House ethics counsel of the discrepancy regarding termination date discrepancy multiple times. Plaintiff's Motion for Summary Judgment notes all parties hereto stipulated that each, "agreed to (Defendant's) request that her termination would not be until **<u>January 20, 2018.</u>**" (Decl. of Stefan Passantino ¶ 5, ECF No. 24-2.) Plaintiff stipulates this was approved by Chief of Staff General John Kelly. Id.

However, Plaintiff then argues the subject date was changed to a **<u>third, different date-of December 19, 2017</u>**. While some could view this as academic, it is not. This date must be known and accurate to fill out an accurate report as disclosures are based thereon.

Conspicuously omitted from Plaintiff's corrected Complaint and Motion for Summary Judgment was the substance of a subsequent telephone call between Ms. Manigault Newman and White House ethics attorney, Stefan Passantino, Esq. Defendant said, "**<u>Yeah, there's an error on the report about my termination day.</u>** (Manigault Newman Decl. ¶ 21.) Defendant stated "So, my last day is the 20th and it's indicated the 13th ... you were in the [situation] room when

we all agreed to the 20th, so once that's corrected, I can complete the report and everything will be done. But, with that discrepancy, **I don't feel comfortable completing that report.**" Id. The Plaintiff's agent responded, "**OK, well so, I will get with the Chief.**" And, White House Counsel stated, **"OK. And so, when I talk to the Chief and the Chief is like "No, we changed it from the 20[th] to the 13[th], it is the 13[th]." If I hear that, I guess I'll just tell you. Things move from the 12th to the 13th. Why? When was sit room meeting?"** Id. Defendant pointed out what she knew to be true. The date changed at that meeting. She possessed a recording of it unbeknownst to Plaintiff. Clarification was due. The conversation ended with, "Let me find out about what is the story on the dates and like I said, I'm just going to convey what I hear." Id. Defendant has never gotten an answer as to the date and the Motion for Summary Judgment still carries on the confusion about what the proper termination date is.

During that same conversation, White House counsel sought to engage in a quid pro quo. He said, "**Okay. And so, also…we've got some personal stuff of yours… Okay. Well, I will, I will just let them know that. I will find out what, as far as the Chief was concerned, what the final date was, and let you know…**" (Manigault Newman Decl. ¶ 25). **Defendant responded, "So, are they holding up my items in exchange for that report? Is that what I'm hearing? Is that why my items…**" (Manigault Newman Decl. ¶ 26). Agent for Plaintiff said, "No, well. No. It's not as nefarious as that. It's just process that we have to do… I mean, at the end of the day, I've got two boxes of personal stuff. And, I've got your commission certificate. And, I want to, I just want to get this all wrapped up, so we can just trade whatever you have. Sounds like you don't have anything else." (Manigault Newman Decl. ¶ 27).

Most telling about this conversation is Mr. Passantino's repeated admissions that he was unsure **"if"** the date changed from January 20, 2018 and his repeated unfulfilled promise he would update

Defendant regardless. He has not. The Plaintiff makes a very early admission that the government held "boxes" of Defendant's information, which it had **no right** to hold or "trade."

Defendant questioned whether the "trade offer" of her own possessions was an inappropriate quid pro quo and demanded her boxes be returned to her. On March 25, 2018, Ms. Manigault Newman became frustrated with the lack of progress, the failure to return her possessions and the manner of unprofessionalism exhibited by the White House. She emailed Mr. Passantino requesting information, **"If she want(ed) to file a formal complaint about the fees and discrepancy in the report, can you tell who I direct that to?"** Here, Defendant expressly asked for information or assistance due to the frustrations caused by the Plaintiff's agent of something as simple as **filling out her report**. A copy of said email is attached hereto as Exhibit 7. (see also (Decl. of Stefan Passantino ¶ 25, ECF No. 24-2).

In his sworn affidavit, Mr. Passantino admits he, "did not respond to her," and "heard no further from Ms. Manigault Newman." Id. **In other words, the attorney who was most responsible for obtaining and repeatedly demanding her report admitted, under oath, he refused to provide Defendant assistance she requested in advance of filing it.**

So, as it stands Defendant was trying to cure the defect of the termination date of whether it was December 13, 2017 or January 20, 2020. In the days following the December 13, 2017, meeting, rumors circulated that Defendant was "thrown out" of the White House and tried to re-enter and was "stripped of (her) White House pass after reportedly barging into (the President's) official residence to speak to President." The Secret Service denied it "was not involved was not involved in the termination process of Ms. Manigault Newman or the escort off of the complex". (Chris Baynes, Omarosa: Former Apprentice contestant 'escorted from White House by security after being forced out as Trump adviser', Independent, Dec. 14, 2017,

https://www.independent.co.uk/news/world/americas/us-politics/omarosa-manigault-white-house-donald-trump-black-woman-escort-security-adviser-apprentice-contestant-a8109176.html)

To defend herself, on December 14, 2018, Defendant appeared on Good Morning America. An article was subsequently published, which was entitled, "*Omarosa Manigault denies White House firing on 'GMA,' says rumors are result of 'vendetta'.* In the article and on the news program, Defendant said, "When I have the chance to tell my story, it's quite a story to tell," she said. "As the only African American in this white house … I have seen things that made me uncomfortable, upset me ... and affected my community and my people." (Mary Bowerman, USA TODAY, Omarosa Manigault denies White House firing on 'GMA,' says rumors are result of 'vendetta', Dec. 14, 2017, https://www.usatoday.com/story/news/politics/onpolitics/2017/12/14/omarosa-manigault-good-morning-america-departure-uncomfortable-things-shes-seen-white-house/951069001/.)

Given General John Kelly's prior threat mandating things be "friendly," he and other officials apparently deemed Defendant's exercise of her First Amendment as an act of war. (Manigault Newman Decl. ¶ 6). Defamation of her and litigation against her proceeded thereafter. Five days after expressing her right to be heard under the First Amendment, **Plaintiff now alleges, under oath, there was yet another change to Defendant's termination date.** This was undocumented and **never told to Defendant**.

Plaintiff's Corrected Complaint alleges, "**on or before December 19, 2017**, Ms. Manigault Newman received a post-government employment briefing…" (Complaint P. 3 ¶ 13, ECF No. 2-1.) The Complaint does not allege who attended this briefing, where this briefing occurred or even when this "briefing" occurred.

As noted herein, the only "briefing" Ms. Manigault Newman received regarding her termination was conducted in the Situation Room which occurred on **December 13, 2017**. (Manigault Newman Decl. ¶ 2). However, according to an affidavit filed in support of Plaintiff's Motion for Summary Judgment, in what can only be described as a genuine issue of material fact, if not fraud, Stefan Passantino claims that on **December 19, 2017**, he was, "present when General Kelly directed **Ms. Manigault Newman's termination take effect immediately based on events subsequent."** (Decl. of Stefan Passantino ¶ 7, ECF No. 24-2).

As a result of that directive, Passantino declares, under oath, Ms. Manigault Newman's termination date became effective on a backdated date, **December 19, 2017.**" Id. This is retaliatory on its face,based off of her appearance on Good Morning America and a breach of the prior agreement, as well as entirely undocumented frivolity.

In fact, we know and have recorded evidence that Chief of Staff General John Kelly telephoned Defendant on **December 19, 2017**. (Manigault Newman Decl. ¶ 14). However, during that call, she was not in any way informed of a different date or otherwise was a retaliatory, unilateral breach of agreement of her termination date discussed. Fortunately, Defendant recorded these calls to and from General Kelly. During the two calls on December 19, 2017, senior White House officials would not allow Defendant to have a lawyer present despite having a team of lawyers present and then appears to have hung up on Defendant for asserting a right to counsel. (Manigault Newman Decl. ¶ 14). She tried to call him back to no avail. (Manigault Newman Decl. ¶ 15). Yet another failed attempt by Plaintiff to do the right thing. And now Plaintiff claims what occurred is somehow different than Defendant can prove by recorded phone call.

## VII.   **COMMUNICATION ISSUES**

The Plaintiff's Corrected Complaint alleges that emails were <u>sent</u> to Ms. Manigault Newman on December 29, 2017, January 3, 2018, January 12, 2018, January 19, 2018, February 6, 2018, "reminding her of her obligation to complete the financial termination report." (Complaint P. 4, ECF No. 2-1). Of course, as noted above, these warnings were entirely without a good faith resolution about the date to go on the report, but additionally the Corrected Complaint does not allege that these emails were ever <u>received</u>. Despite receiving <u>no response, reply or acknowledgement of receipt</u> from Ms. Manigault Newman, all five (5) emails were sent to the same unmonitored email address. *Id.*

As further alleged in the Corrected Complaint, on March 26, 2018, Mr. Passantino notes he emailed Ms. Manigault Newman, at an <u>updated</u> email address, regarding her termination financial disclosure report and Shortly thereafter Ms. Manigault Newman called Stefan Passantino, Esq. Stefan Passantino did not respond to Ms. Manigault Newman's email and he never "reported back" to Omarosa regarding the discrepancy with the date on the financial disclosure form. As of the time of this filing, the termination date discrepancy still has not been corrected on the electronic financial disclosure form and has become even more confused. The last correspondence between Ms. Manigault Newman and Mr. Passantino regarding the financial disclosure form and the termination date discrepancy was the telephone call of March 26, 2018. Rather than work with her, this lawyer, under oath, considered what appears to be a valid complaint about improperly held belongings and an inaccurate date and Defendant's request for escalation of a resolution of same as "thinly-veiled personal threats" and then admittedly ignored her and stopped working to get resolution. (Decl. of Stefan Passantino ¶ 25, ECF No. 24-2).

## VIII.    <u>RETALIATION</u>

16

**On Tuesday, August 14, 2018, Defendant's book was released**. Leading up to the official release, Defendant appeared on several news shows promoting the book on Sunday, August 12, 2018 and Monday, August 13, 2018. On August 13, 2018, on MNSBC's "Hardball," Defendant was asked by host Chris Matthews if she has tapes from her time working in the Trump administration and she said, "I have plenty." She was asked, "Anything Mueller would like to see?" She responded, "If his office calls again ... anything they want I'll share," Manigault Newman responded. "Anything that they want, I'll certainly cooperate." (Manigault Newman Decl. ¶ 32). Of course, Defendant was referring to the special investigation of the White House and associates of the President and/or his Campaign by Robert Mueller. Mueller was chiefly investigating Russian interference in the 2016 election, and at the time of Defendant's statement had obtained more than 20 indictments. Trump frequently bashed the investigation as a "witch hunt."

Concurrent to Defendant's referencing cooperation with a special investigation, recordings and her book's release, the President of the United States said many terrible things about the Defendant, including calling Ms. Manigault Newman "wacky", said she "had zero credibility with the media,", called her a "lowlife", insinuated she was illegitimate, said "people in the White House hated her, said she was "vicious, but not smart," indicated he'd "rarely see her,", that she "begged me for a job, tears in her eyes, called her "wacky and deranged," called her a liar for saying there was a tape of him saying the "N-word," as he has never had that word in his vocabulary," and made other false statements about Ms. Manigault Newman. (Tamara Keith, In Presidential Tweet, Trump Says Former Aide Was 'A Loser' And 'Vicious', August 13, 2018, https://www.npr.org/2018/08/13/638161148/in-presidential-tweet-trump-says-former-aide-was-a-loser-and-vicious.)

Specifically, the President appeared to be most upset about her book, stating, "While I know it's "not presidential" to take on a lowlife like Omarosa, and while I would rather not be doing so, this is a modern-day form of communication and I know the Fake News Media will be working overtime to make even Wacky Omarosa look legitimate as possible. Sorry!" — Donald J. Trump (@realDonaldTrump) August 13, 2018. Id.  **One day after the President's tirade about the Defendant, and on the same day has her book release, the Referral of this matter was made to the Department of Justice.**

On August 14, 2018, for the first time, an email appears on Plaintiff's privilege log, which states, "Referral to DOJ". It was withheld from Defendant due to "attorney client privilege and deliberative process." Several replies were also not provided. The fact that the referral came on the date of release is a basis of Defendant's claim that this matter was filed in retaliation for her exercising her First Amendment speech. See Defendant's Exhibit 2.

For the dates October 3, 2018, July 27, 2018, and February 19, 2019, there is no entry on the privilege log provided by the Plaintiff. However, the United States provided two entries to the New York Times, with combined dates of "July 27, 2018, October 3, 2018 and February 19, 2019," which disclose, "Email chain regarding authorization to communicate with the Office of the White House Counsel and discussing options for whether a civil lawsuit should be filed or not, as well as request for authorization to file suit in the matter. Emails between Office of the White House Counsel to Civil Division attorneys and AAG Hunt." (See Exhibit 1). These are key pieces of evidence under this unique set of facts.

Given the conflation of the dates, Defendant cannot determine what is missing absent additional discovery. However, this was done again on "July 27, 2018 and October 3, 2018," disclosing only to the New York Times, an "Email chain, with four attachments, regarding

authorization to communicate with the Office of the White House Counsel and discussing options for whether a civil lawsuit should be filed or not. Emails between Office of the White House Counsel to Civil Division attorneys and AAG Hunt." This was 25 pages of documents. Once again, nothing on the privilege log is dated, October 3, 2018 or July 27, 2018. Even as late as October 18, 2018, the White House and United States sent multiple email with the subject, "FW: Missing Property- OM." These were withheld due to "attorney client privilege, work product and deliberative process."

On June 25, 2019, Ms. Cheung filed the subject lawsuit against Omarosa Manigault Newman, which appears to have been provided to the media before Omarosa Manigault Newman is notified of it or served with it.

On July 12, 2019 Ms. Manigault Newman and her counsel, retrieved two boxes and one commission certificate which were brought to the exterior gate of the White House." See attached here to as Exhibit 6. The boxes retrieved from the White House contained Ms. Manigault Newman's financial records, bank statements, travel documents, tax returns, W-2's, emails and other important data required to fill out the requisite financial disclosure form. (Manigault Newman Decl. ¶ 32).

Shortly thereafter, on August 31, 2019, President Donald J. Trump admitted to using lawsuits against people for allegedly violating confidentiality agreements. He said, "**Yes, I am currently suing various people for violating their confidentiality agreements. Disgusting and foul-mouthed Omarosa is one. I gave her every break, despite the fact that she was despised by everyone, and she went for some cheap money from a book.**" See attached Defendant's Exhibit 3.

A word like "retaliation" is not thrown around lightly. It is also not just Defendant that contends this appears to be a flagrant abuse of power. While Defendant is falsely accused in this case of such things as "flagrant disregard for the statute and indifference, if not contempt, for its requirements," the United States and the Department of Justice fail to investigate or sue multiple former Trump administration political appointees for potentially violating the same ethics and transparency laws after leaving their positions.

Concurrently, Plaintiff asks for the maximum penalty to serve as "both as punishment for Defendant's conduct and as a deterrent to any filers who might seek to ignore their ethical obligations in the future." Despite these contentions, the prosecution of Defendant seems isolated.

As noted by the Citizens for Responsibility and Ethics in Washington to the Department of Justice, "Despite several other documented instances of former appointees failing to file termination reports, as required by the Ethics in Government Act, the Trump administration has only acted to enforce EIGA against Omarosa Manigault Newman, who has been vocal in speaking out against President Trump since leaving the administration." https://www.citizensforethics.org/wp-content/uploads/2020/12/2020-12-21-Failure-to-File-Termiantion-Reports.pdf. Attached hereto as Exhibit 8.

According to its letter of December 21, 2020, the Citizens for Responsibility and Ethics in Washington ("CREW") "routinely requests Termination Reports and other financial disclosures from agencies throughout the federal government. As part of these efforts, CREW has determined that the former political appointees identified below appear to have failed to file termination reports with their respective agencies, despite, in some cases, repeated attempts by agency ethics officials to secure those reports. And each of these former officials were covered employees required to file public Termination Reports under EIGA:

A.  Department of State – Sean Lawler

B.  Department of State – Mari Stull

C.  Department of Labor – Byron Anderson

D.  Department of Labor – Mark Dundee

E.  Other Agencies – Several Unidentified Former Officials". Id.

While Defendant appreciates efforts, "to ensure evenhanded and uniform enforcement of the law," and the investigation, "(T)o investigate whether the former political appointees identified below have failed to file Termination Reports in violation of EIGA," these matters should be subject to full and fair discovery.

## IX.    **DISCOVERY FRUSTRATIONS**

On September 11, 2019, shortly after this matter was served and a response was due, attorney for Defendant wrote, "enclosed please find our response, which has been filed. We request immediate dismissal of the action. Not only has the matter been mooted by the filing of her report, but it was based on false facts. If you do not dismiss it within the next 5 days, we request the depositions of Donald J. Trump, Stefan Passantino, Esq., Uttam Dhillon, Esq., Irene Porada, former White House Chief of Staff, Gen. John Kelly and Scott F. Gast." See attached here to as Exhibit 9.

Receiving no satisfactory response, on September 27, 2019, Defendant's counsel emailed: "We need the dates for the depositions we requested previously, including Donald Trump. As you know, and as we pointed out previously, he has taken to twitter to indicate persecution of whistleblowers, including but not limited to making treason and death penalty references in public. He's persecuted Omarosa and indicated he's personally suing her in order to send a message from

21

the Presidential pulpit. This is the only record litigation in any way involving the White House, and was referred therefrom, so it's relevant and necessary for a host of reasons. Gen. John Kelly, White House ethics attorney Stefan Passantino, Esq., White House ethics attorney Uttam Dhillon, Esq., Human Resource Manager Irene Porada were key witnesses referenced in our Motion. Please advise if you will coordinate same or at least dates for deposition in the next 30-60 days." See attached here to as Exhibit 10.

On November 25, 2019, Defendant's lawyers emailed Plaintiff's lawyers, "Once again, under the plain language of the EIGA, to successfully present a claim under 5 U.S.C. App. 4 § 104 (a)(1), the USA has the burden of proving that Ms. Manigault Newman both **knowingly** and **willingly** failed to file her termination financial disclosure report. We hope you will listen to the phone calls we have provided and speak with those involved. We reiterate a desire for all of these depositions. She is fully under the fair impression she was granted an extension, Mr. Passantino would otherwise get back with her, as he said he would, to provide her with the information she needed. Further, the White House had her boxes until after this matter was filed, which will clearly show had pertinent information. Even if they didn't and she thought they did, it would defeat willfulness and be a continued bad look on the White House and Department of Justice." And, "Please provide a good faith basis for continuing this suit or what the United States wants or expects at this point." See attached here to as Exhibit 11.

On October 24, 2019, Defendant emailed, "As a follow up to our call, we have repeatedly requested depositions of: Donald J. Trump, Stefan Passantino, Esq., Uttam Dhillon, Esq., Irene Porada, former White House Chief of Staff Gen. John Kelly, Scott F. Gast And Ashley Cheung." We also requested, "whoever appears on any and all referrals of this matter to the Department of

Justice. We request any and all witnesses who the Department of Justice anticipates calling at trial or by affidavit." See attached here to as Exhibit 12.

On December 6, 2019, May 23, 2020, and in other calls and messages, we have requested discovery to no avail. Given all that has occurred in 2020, discovery is difficult enough with COVID. Further, no discovery plan or order has been entered in this case.

## X.   CONCLUSION

Summary judgment isn't ripe, isn't right and was prematurely filed while the Department of Justice could still protect the Plaintiff and its agents, including the President of the United States, from discovery. Defendant awaits discovery to clear her name, although she will be also filing dispositive motions based on the evidence herein. The Plaintiff is named the United States of America, but it is fairly clear that this action was not in the best interest of the nation. It was weaponized litigation in response to a former employee of the United States who spoke out.

The Plaintiff isn't even trying to hide its abuse of power. President Donald Trump has admitted using the Department of Justice as his personal law firm, considers Attorney General William Barr as his personal attorney and has further publicly bragged about suing Defendant Omarosa Manigault Newman for exercising her rights under the First Amendment. It violates the Whistleblower Enhancement Protection Act and is abusive litigation.

Defendant's final report was filed a short time after Defendant received her materials back from the White House, even though Plaintiff filed this action before then. The Defendant has since amended the termination report again and has received no complaints or objections to it. This case isn't about financial disclosure reports which were filed late. Even if it was, Plaintiff cannot meet the requisite burden as a matter of law to show she refused to file willfully and intentionally. The White House knowingly kept Defendant's records even though she said she needed them, is still

playing games with the final date to be considered on her report and only referred this matter after her book was released. Defendant asked for help from White House lawyers throughout the process and was even ignored by White House counsel after she complained about him. The White House Chief of Staff hung up on Defendant when she asked to have a lawyer on the call even though he threatened retaliation of she wasn't "friendly." It all stands as a clear showing she was not willfully refusing; she was caught up in something larger than a report. Meanwhile, Defendant is a public figure and didn't want the bad publicity, but yet here we are. Add in the discovery oddities and inconsistencies and this matter likely presents an abundance of Rule 11 issues which we have referenced to Plaintiff's counsel since inception.

Retaliation exists at the very core of this President which is not only exhibited in this case, and in this Motion, but has been made clear across Washington, DC during the disturbing events of the past few days. On January 6, 2020, Washington, DC was placed on a 6 PM curfew after Trump supporters invaded the Capitol after her instigated them, because he wasn't happy with election returns. On the floor of the Senate, Senator Mitt Romney said the Senate gathered because of a "selfish man's injured pride" and called the day's events an "insurrection incited by the President of the United States." Defendant knows this all too well.

Indeed, these same issues invade this very case. And yet, the United States of America comes now and seeks a judgment as a matter of law without allowing facts to be found and Defendant to clear her name. She can't even get discovery because of lack of coordination and pending Motions for Protective Order and claims of immunity of official in office. Well, those days are ending.

Given the braggadocios tweet by the President, the threats and borderline extortion exhibited from the time of her first termination communication by his chief of staff, the systemic

lack of cooperation or communication about critical dates to be considered on her report by White House counsel, the knowing withholding of financial information and even offering an inappropriate quid pro quo Defendant could not even accept also by White House counsel, and the utter abuse of power and audacity of the President to actually brag about using the Department of Justice and United States of America's resources to retaliate, Defendant is due dismissal of the case and sanctions against the Plaintiff… not an adverse summary judgment entered against her. Discovery will clear her name.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will furnish a copy to Christopher M. Lynch, Esq., Joseph H. Hunt, Esq., James J. Gilligan, Esq., Jacqueline Coleman Snead, Esq., United States Department of Justice Civil Division, Federal Programs Branch, 1100 L. Street, N.W., Washington, D.C. 20005, at Christopher.m.lynch@usdoj.gov ; Jacqueline.Snead@usdoj.gov ;this _11th_ day of _Jan_ , 2021.

Respectfully submitted,

**Law Office of John M. Phillips, LLC**

/s/ John M. Phillips
**JOHN M. PHILLIPS, ESQUIRE**
DC Bar Number: 1632674
212 North Laura Street
Jacksonville, Florida 32202
(904) 444-4444
(904) 508-0683 (facsimile)
Attorneys for Defendant
jphillips@floridajustice.com
erica@floridajustice.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     Plaintiff,                       Case No.: 1:19-cv-1868 (RJL)

v.

OMAROSA MANIGAULT NEWMAN,

     Defendant,

_____/

## DECLARATION OF OMAROSA MANIGAULT NEWMAN IN OPPOSITION OF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

I, Omarosa Manigault Newman, make the following Declaration pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. At no point did I knowingly and willfully refuse to file any post-employment documents or reports.

2. On or about December 13, 2017, I was a party to a "post-government employment briefing" held in the Situation Room. I recorded this meeting to protect myself.

3. In attendance at this meeting were former White House Chief of Staff, Gen. John Kelly, White House ethics attorney Stefan Passantino, Esq., White House ethics attorney Uttam Dhillon, Esq., and Human Resource Manager Irene Porada.

4. During this "post-government employment briefing," General John Kelly terminated me.

5. During the termination, General Kelly threatened me by saying, "The issue that you may or may not have a full appreciation for, but I think you do, this would be a pretty high level of accountability, meaning a court martial. We're not suggesting any legal action here."

1

6. He continued, "I'd like to see this be a friendly departure, um, there are pretty significant, ahh, legal issues that we hope don't develop into something that would make it ugly for you, but I think it's important to understand that if we make this a friendly departure, um, we can all be, you know, you can look at your time here in the White House as a year of service to the nation and you can go on without any type of difficulty in the future relative to your reputation."

7. I discussed my date of departure with Mr. Passantino and Mr. Dhillon. I expressed it was important for me to stay until January 20, 2018 as that would have been a year of service. I asked, "How do I make it to the one-year mark? Which is 1/20…that's important to me…to make it to the one-year mark."

8. Mr. Dhillon then left the Situation Room to see if January 20, 2018 was a permissible date of departure. At that time, he also went to get Ms. Porada to complete the paperwork. Upon his return, he stated, "Yes, to the twentieth of January. We're taking you until the twentieth now."

9. Ms. Porada confirmed that the departure date would be January 20, 2018 by stating Irene Porada then stated, "O.K., so we'll take [her] through the twenty eth?" To wit, Mr. Dhillon responded, "Yes, Ma'am."

10. The EIGA and/or the need to file a financial disclosure form was not discussed with me during this Situation Room meeting.

11. The meeting in the Situation Room was the last time I was on the White House grounds.

12. I did not clean out my office, and several of my personal items were left in my office.

13. The following day, White House Press Secretary Sarah Huckabee Sanders released the following statement:

2

"Omarosa Manigault Newman resigned yesterday to pursue other opportunities. **Her departure will not be effective until <u>January 20, 2018.</u>** We wish her the best in future endeavors and are grateful for her service."

`

14. On <u>**December 19, 2017**</u>, I received a phone call from John Kelly. During this conversation, he informed me he had legal counsel present. When I requested to have my legal counsel present, the phone call was ended. The conversation is as follows:

**Omarosa Manigault Newman (OMN):** Who's this?
**John Kelly (JK):** This is, uh, John Kelly, the White House Chief of Staff.
**OMN:** Hi, John Kelly. How are you?
**JK:** Good. I hope you've got a few minutes. Listen, I have got you on speaker phone. I got the same lawyers with me that were with me in the Situation Room.
**OMN:** Can I get my lawyer on the phone? Can I get my lawyer on the phone, please? If you have lawyers there…
**JK:** Hello?
**OMN:** If you have lawyers there, I'd like to get my lawyers on the phone as well. Can you just hold on one second?
**JK:** Um…
**OMN:** Let me just get my attorneys on.
**JK:** Alight, I'll put you on… I'll put you on… I'll take you off speaker. That way, we can just talk for a second.
**OMN:** No, no…
**JK:** (interrupting): Ah, just… Ah, just…
**OMN:** No. I don't want to have a conversation without my attorneys. Because last time I kind of got railroaded.
**JK:** I'm just going to talk to you. You don't have to respond.
(Call end).

15. After the call ended, I immediately attempted to call John Kelly back. I was unable to contact him. I left a voicemail returning his call. That conversation is as follows:

**White House Recording:** For training purposes, this call may be monitored, but will not be recorded. Thank you for calling the White House. Press one for the comments line to leave…
**White House Operator:** The White House?
OMN: Hi, it's Omarosa Manigault. John Kelly just called me and I just want to return the call.
**White House Operator:** I'm sorry; I can't hear you.
**OMN:** Hi, it's Omarosa Manigault. General Kelly just called me and I want to return the call, please.
**White House Operator:** Okay, one moment.
**OMN:** Thank you.

**White House Operator:** You're welcome.
(Silent hold which lasted over 2 minutes long; from 0:33 to 3:07 of the recording.)
(Phone rings at 3:09)
**Voicemail Recording:** Sorry... Is not... Sorry... is not available. Record your message at the tone. When you are finished, hang up or press pound for more options.
**OMN:** Hey General Kelly, it's Omarosa. Just returning your call. Thank you. Bye, bye.

16. A link to an electronic financial disclosure form was sent to me.

17. The first page of the financial disclosure form incorrectly listed my termination date as December 13, 2017.

18. Due to the electronic nature of the financial disclosure form, I was unable to correct the termination date to January 20, 2018.

19. The inaccurate information contained on the first page of the electronic financial disclsoure form prohibited me from completing the form accurately.

20. I advised the White House ethics counsel of the termination date discrepency multiple times.

21. Specifically I had a conversation with Stefan Passantino in which I stated, "Yeah, there's an error on the report about my termination day. So, my last day is the 20th and it's indicated the 13th ... you were in the [situation] room when we all agreed to the 20th, so once that's corrected, I can complete the report and everything will be done. But, with that discrepancy, I don't feel comfortable completing that report." Passantino responded, "OK, well so, I will get with the Chief." Mr. Passantino then said, "OK. And so, when I talk to the Chief and the Chief is like No, we changed it from the 20th to the 13th, it is the 13th? If I hear that, I guess I'll just tell you. Things move from the 12th to the 13th. Why? When was sit room meeting?" The conversation ended with Mr. Passantino stating, "Let me find out about what is the story on the dates and like I said, I'm just going to convey what I hear." I recorded this conversation.

22. Additionally, I contacted the White House about my personal items. At that time, I informed them that pertinent information needed to complete the financial disclosure form were among my personal effects still in their possession.

23. The personal items included financial records, travel documents, emails and other important correspondence related to my employment on the Trump campaign, transition, inauguration and my tenure in the White House.

24. I requested that White House Counsel return my personal items on numerous occasions.

25. Specifically, Stefan Passantino attempted to trade my belongings for the termination report stating: "Okay. And so, also…we've got some personal stuff of yours… Okay. Well, I will, I will just let them know that. I will find out what, as far as the Chief was concerned, what the final date was, and let you know…"

26. I responded by asking, "So, are they holding up my items in exchange for that report? Is that what I'm hearing? Is that why my items…"

27. Mr. Passantino then replied, "No, well. No. It's not as nefarious as that. It's just process that we have to do… I mean, at the end of the day, I've got two boxes of personal stuff. And, I've got your commission certificate. And, I want to, I just want to get this all wrapped up, so we can just trade whatever you have. Sounds like you don't have anything else."

28. As previously mentioned, I recorded this conversation.

29. In January of 2018, Lara Trump, an executive at the campaign, Donald J. Trump for President, Inc., and daughter-in-law of the President called me, saying, "It sounds a little like, obviously, that there are some things you've got in the back pocket to pull out," She continued. "Clearly, if you come on board the campaign, like, we can't have, we got to… "

and encouraged me to discuss, "Everything, everybody, positive, right?" Lara Trump then

offered me $15,000 per month with flexible location and work hours.

30. It is my belief that this job offer was purely designed to have me agree to a different,

legally binding, and more detailed non-disclosure agreement.

31. I promoted my book by appearing on several news shows on Sunday, August 12, 2018 and

Monday, August 13, 2018.

32. Specifically, on August 13, 2018, on MNSBC's *Hardball*, I was asked by host Chris

Matthews if I had tapes from my time working in the Trump administration. I replied, *"I*

*have plenty."* I was then asked, *"Anything Mueller would like to see?"* I responded, *"If his*

*office calls again ... anything they want I'll share."* I further responded. *"Anything that they*

*want, I'll certainly cooperate."*

33. Additionally, on May 6, 2019, I emailed the Department of Justice informing them that my

possessions contained vital information needed to complete the termination report. The

email is as follows:

> *Thank you for your letter about the referral from the executive office of President*
> *Donald Trump. I was always eager to get this termination report completed within*
> *the 30 days after my January 20th, 2018 separation from*
> *the administration. However, as I had communicated with my ethics*
> *contact, Stefan Passantino, at the White House, **I am still lacking some key***
> ***information to complete the report**. Specifically, in several calls and emails to*
> *Stefan, we discussed the need for the contents of seven boxes from my office that*
> *were seized by Uttam Dhillon, Irene H. Porada and Mr. Passantino, upon my*
> *departure. Much of the information that I need to complete this termination report*
> *– financial records, travel documents, emails and other important correspondence*
> *related to my employment on the Trump campaign, transition, inauguration and my*
> *tenure in the White House – is contained in those boxes. These boxes are still in*
> *the possession of the White House. I am still hopeful that the White House will*
> *return my boxes and give me access to the data necessary to complete the report."*

34. Nevertheless, White House counsel did not return my personal items. It took approximately a year-and-a-half for me to get them back. On July 12, 2019 my legal counsel personally retrieved my belongings from the White House gates.

35. On April 23, 2019 I received an email from the Department of Justice formally indicating there had been a referral from the White House.

36. The failure to confirm my date of departure and the withholding of my personal effects caused a delay in the completion of my final financial disclosure form.

37. I have consistently communicated my status in relation to the completion of the financial disclosure form with White House Counsel.

38. My financial disclosure was completed promptly after receipt of my personal belongings from the White House.

39. I have since updated and supplemented my financial disclosure report and received no further objections or requests for information from the White House Counsel's Office or Office of Government Ethics.


DATED this the _11_ of _JANUARY_, 20_21_

OMAROSA MANIGAULT NEWMAN

SWORN to and subscribe before me, this the _11_ day of _January_, 20_21_

NOTARY PUBLIC



Notary Public State of Florida
Selecia E Young-Jones
My Commission GG 171185
Expires 12/27/2021



7

**FLORIDA JURAT**
FS 117.05(13)

State of Florida

County of _DUVAL_ }

Sworn to (or affirmed) and subscribed before me by means of

☒ Physical Presence,

— OR —

☐ Online Notarization,

this _11_ day of _JANUARY 2021_, by
　　　Day　　　　　Month　　　　Year

_OMAROSA MANIGAULT NEWMAN_
Name of Person Swearing or Affirming

_Selina E Young Jones_
Signature of Notary Public — State of Florida

_SELINA E. YOUNG-JONE_
Name of Notary Typed, Printed or Stamped

Notary Public State of Florida
Selecia E Young-Jones
My Commission GG 171185
Expires 12/27/2021

☐ Personally Known
☒ Produced Identification

Type of Identification Produced: _FL DL_

*Place Notary Seal Stamp Above*

---

**OPTIONAL**

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _DECLARATION_

Document Date: _1. 11. 2020_　　　Number of Pages: _7_

Signer(s) Other Than Named Above: _N/A_

©2020 National Notary Association

FRE 408

Civil Division FOIA Request No. 145-FOI-16926

<u>Vaughn Index</u>

Description of the records responsive to the FOIA request from Charlie Savage, of the New York Times, for e-mails since January 1, 2019, which contains either the words "Omarosa" or "Newman"; was sent, received, or refers to communications with any official in the Executive Office of the President or the White House Counsel's Office, or otherwise refers to communications about Ms. Newman with the White House without specifying the name of the White House official; and is in the accounts of Attorney General Barr or his Chief of Staff, Deputy Attorney General Rose or his Chief of Staff, Principal Deputy Associate Attorney Generals Jesse Panuccio and Claire McCusker Murray or the Chief of Staff for the Office of the Associate Attorney General, or Assistant Attorney General Joseph (Jody) Hunt or his Chief of Staff at the Civil Division.

| Document Number | Date(s) | Description | Exemption/Privilege | Pages |
|---|---|---|---|---|
| 1 | October 9, 2018 | Email chain regarding authority to confer with White House counsel on Omarosa Manigault matter. Emails between Civil Division attorneys and AAG Hunt. | B5 – Attorney work-product privilege<br><br>B6 – Personal privacy | 1 |
| 2 | July 27, 2018 and October 3, 2018 | Email chain, with four attachments, regarding authorization to communicate with the Office of the White House Counsel and discussing options for whether a civil lawsuit should be filed or not. Emails between Office of the White House Counsel to Civil Division attorneys and AAG Hunt. | B5 – Attorney work-product privilege; attorney-client privilege<br><br>B6 – Personal privacy | 1-25 of WIF |
| 3 | July 27, 2018, October 3, 2018, and February 19, 2019 | Email chain regarding authorization to communicate with the Office of the White House Counsel and discussing options for whether a civil lawsuit should be filed or not, as well as request for authorization to file suit in the matter. Emails between Office of the White | B5 – Attorney work-product privilege; Attorney-client privilege<br><br>B6 – Personal privacy | 26-28 of WIF |

FRE 408

| | | House Counsel to Civil Division attorneys and AAG Hunt. | | |
|---|---|---|---|---|
| 4 | May 13, 2019 | Email regarding updates to case and status of litigation, as well as potential proposed settlements for the claim. Email between Civil Division attorneys and AAG Hunt. | B5 – Attorney work-product privilege<br><br>B6 – Personal privacy | 29 of WIF |
| 5 | June 17, 2019 | Email regarding a DOD case not related to the subject of the FOIA request and an update of the action involving Omarosa Manigault. Email between Civil Division attorneys and AAG Hunt. | B5 – Attorney work-product privilege<br><br>B6 – Personal privacy | 30 of WIF |
| 6 | September 12, 2019 and September 13, 2019 | Email chain regarding a motion to dismiss on the action involving Omarosa Manigault. Email chain between Civil Division attorneys, Office of White House Counsel, attorney with the Office of the Associate Attorney General, and AAG Hunt. | B5 – Attorney work-product privilege; attorney-client privilege<br><br>B6 – Personal privacy | 31 of WIF |
| 7 | June 13, 2019 | Email chain regarding deadlines in certain cases and discussions on how the Division should proceed in those cases. Emails between Civil Division attorneys, AAG Hunt, and attorneys in the Office of the Associate Attorney General. | B5 – Deliberative process privilege; Attorney work-product privilege<br><br>B6 – Personal privacy | 32-33 of WIF |
| 8 | June 24, 2019 and June 25, 2019 | Email chain regarding the filing of the case, the draft complaint, discussion on talking points and what they should be, draft versions of talking points and questions related to those talking points, and an attachment of the filed compliant. All emails between Civil Division attorneys, Office of White | B5 – Deliberative process privilege; Attorney work-product privilege<br><br>B6 – Personal privacy<br><br>Attachment for this email chain was | 34-37 of WIF |

FRE 408

| | | House Counsel, and AAG Hunt. | released in full to the requester. | |
|---|---|---|---|---|
| 9 | September 12, 2019 and September 13, 2019 | Email chain regarding a motion to dismiss, advanced brief drafts, and which motions should or should not be filed related to the case of Omarosa Manigault. Emails between Civil Division attorneys and White House attorney. | B5 – Attorney work-product privilege; attorney-client privilege<br><br>B6 – Personal privacy | 38-39 of WIF |
| 10 | September 12, 2019 and September 13, 2019 | Email regarding motion to dismiss opposition and factual disagreements related to the case of Omarosa Manigault. Remaining emails are duplicative of those in document 9 description. Emails between Civil Division attorneys and attorney with Office of the Associate Attorney General. | B5 -- Attorney work-product privilege<br><br>B6 – Personal privacy | 40-41 of WIF |

**EXHIBIT "1"**          **Page 3 of 3**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-1868 (D.D.C.)**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 1 | USA00000532 | USA00000535 | 1/23/2018 | Marcia Kelly | Ghwenn Brenos/Annie Donaldson | | FW: Termination Report Notice | Attorney Client Privilege | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 2 | USA00000536 | USA00000539 | 1/23/2018 | Marcia Kelly | Patrick Clifton/Joseph Hagin | | FwS: Termination Report Notice | Attorney Client Privilege | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 3 | USA00000540 | USA00000543 | 1/23/2018 | Stefan Passantino | Marcia Kelly/Ivanka Trump | Jared Kushner | FW: Termination Report Notice | Attorney Client Privilege | Redacted email between White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 4 | USA00000544 | USA00000550 | 6/1/2018 | Stefan Passantino | Deborah Baniv | Scott Gast/Ryan McAvoy | RE: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 5 | USA00000551 | USA00000556 | 6/1/2018 | Stefan Passantino | Deborah Baniv | Scott Gast/Ryan McAvoy | FW: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 6 | USA00000557 | USA00000563 | 6/1/2018 | Stefan Passantino | Deborah Baniv | Scott Gast/Ryan McAvoy | FW: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communication within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 7 | USA00000564 | USA00000567 | 1/23/2018 | Stefan Passantino | Marcia Kelly/Ivanka Trump | Jared Kushner | FW: Termination Report Notice | Attorney Client Privilege | Redacted email between White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 8 | USA00000568 | USA00000572 | 2/22/2018 | Stefan Passantino | Alice Bartek-Santiago | Jared Kushner | RE: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted communication within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 9 | USA00000573 | USA00000577 | 2/22/2018 | Stefan Passantino | Patrick Clifton/Annie Donaldson/Zach Fuentes | | FW: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails between White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file |
| 10 | USA00000578 | USA00000584 | 3/6/2018 | Stefan Passantino | Irene Porada | Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails between White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 11 | USA00000585 | USA00000590 | 3/7/2018 | Stefan Passantino | Irene Porada | Kirk Marshall | FW: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 12 | USA00000591 | USA00000596 | 3/7/2018 | Stefan Passantino | Irene Porada | Kirk Marshall | FW: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |

**EXHIBIT "2"**

**1 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-01868 (D.D.C.)**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 13 | USAO0000597 | USAO0000601 | 12/21/2018 | Stefan Passantino | Patrick Clifton;Annie Donaldson;Zach Fuentes | | FW: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 14 | USAO0000029 | USAO0000030 | 1/26/2018 | Marcia Kelly | Ivanka Trump | | FW: Hello from Marcia | Personal Privacy | Names of individuals referenced in nonresponsive personal email redacted |
| 15 | USAO0000002 | USAO0000002 | 1/24/2018 | Stefan Passantino | Ivanka Trump | Marcia Kelly;Jared Kushner | FW: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 16 | USAO0000911 | USAO0000911 | 1/23/2018 | Marcia Kelly | Patrick Clifton;Joseph Hagin | | Fwd: Termination Report Notice | Attorney Client Privilege | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 17 | USAO0000915 | USAO0000915 | 1/23/2018 | Marcia Kelly | Irene Porada;Melinda Stoll | | FW: Termination Report Notice | Attorney Client Privilege | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 18 | USAO0000606 | USAO0000607 | 3/30/2018 | Scott De La Vega | Deborah Raviv | | FW: Post-Government Employment Memo | Attorney Client Privilege; Deliberative Process | Redacted email within White House Counsel's Office regarding communication with Defendant regarding her obligation to file a Termination Report |
| 19 | USAO0000628 | USAO0000634 | 4/2/2018 | Stefan Passantino | Deborah Raviv | Scott Gast;Ryan McAvoy | RE: Termination Report Past Due – Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 20 | USAO0000615 | USAO0000621 | 4/2/2018 | Deborah Raviv | Stefan Passantino | Scott Gast;Ryan McAvoy | RE: Termination Report Past Due – Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 21 | USAO0000622 | USAO0000628 | 4/4/2018 | Deborah Raviv | Scott Gast | | FW: Termination Report Past Due – Notice of Late Filing Fee Owed | Attorney Client Privilege | Redacted communication within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 22 | USAO0000034 | USAO0000034 | 3/26/2018 | Stefan Passantino | Jason Grove;Deborah Raviv | Scott De La Vega;Scott Gast | RE: Termination Report Past Due – Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 23 | USAO0000038 | USAO0000039 | 1/24/2018 | Alice Barrios-Santiago | Stefan Passantino | Scott De La Vega;Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted communications within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 24 | USAO0000040 | USAO0000041 | 1/24/2018 | Stefan Passantino | Alice Barrios-Santiago | Scott Gast | FW: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted communication within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |
| 25 | USAO0000644 | USAO0000646 | 1/7/2018 | Alice Barrios-Santiago | Scott De La Vega;Stefan Passantino | Scott Gast | Fwd: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted communication within White House Counsel's Office regarding communications with Defendant regarding her failure to file her Termination Report |

**EXHIBIT "2"**                    **2 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-01868-RJL**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 26 | USA00000947 | USA00000950 | 2/6/2018 | Stefan Passantino/Nakesa Spicer | Marcia Kelly/Irene Porada | | FW: Termination Report Notice | | Redacted emails from White House Counsel's Office re Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 27 | USA00000951 | USA00000052 | 2/6/2018 | Irene Porada | Marcia Kelly | | | Attorney Client Privilege | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 28 | USA00000053 | USA00000065 | 2/6/2018 | Stefan Passantino | Scott Gast | Stefan Passantino | Re: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 29 | USA00000642 | USA00000642 | 3/5/2018 | Stefan Passantino | Scott Gast | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 29 | USA00000663 | USA00000677 | 3/5/2018 | Stefan Passantino | Scott Gast | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 30 | USA00000673 | USA00000682 | 3/5/2018 | Stefan Passantino | Alice Burnett-Santiago/Monica Block/Kirk Marshall/Irene Porada | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Defendant regarding Defendant's failure to file her Termination Report |
| 31 | USA00000683 | USA00000691 | 3/5/2018 | Alice Burnett-Santiago | Monica Block/Kirk Marshall/Stefan Passantino/Irene Porada | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 32 | USA00000692 | USA00000098 | 3/5/2018 | Irene Porada | Stefan Passantino | Alice Burnett-Santiago/Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 33 | USA00000099 | USA00000706 | 3/5/2018 | | Stefan Passantino/Irene Porada | Scott Gast/Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 34 | USA00000707 | USA00000714 | 4/4/2018 | Ryan McKinney | Deborah Bane | | RE: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Deliberative Process | Redacted emails within White House Counsel's Office regarding communication with Defendant regarding her failure to file her Termination Report |
| 35 | USA00000071 | USA00000072 | 1/26/2018 | Ivanka Trump | Marcia Kelly | | | Personal Privacy | Names of individuals referenced in nonresponsive personal email redacted |
| 36 | USA00000735 | USA00000736 | 1/26/2018 | Marcia Kelly | Stefan Passantino/Irene Porada | | FW: Hello from Marcia | Attorney Client Privilege | Redacted email to White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |

**EXHIBIT "2"**  3 of 18

United States v. Omarosa Manigault Newman
No. 1:19-cv-1868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 37 | USAO0001105 | USAO0001109 | 1/25/2018 | Irene Porada | Marcus Kelly/Melissa Stott/Cecilia Trujillo | | Fwd: Termination Report Notice | Personal Privacy | Redactions address nonresponsive personal health information |
| 28 | USAO0001717 | USAO0001720 | 1/24/2018 | Stefan Passantino | Alice Bartlett-Santiago | Scott De La Vega/Scott Gast | FW: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 59 | USAO0000721 | USAO0000724 | 1/24/2018 | Stefan Passantino | Ivanka Trump | Jared Kushner/Marcia Kelly | FW: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted email from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 40 | USAO0000775 | USAO0000775 | 2/6/2018 | Marcia Kelly | Stefan Passantino | | RE: Termination Report Notice | Attorney Client Privilege | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 41 | USAO0000736 | USAO0000738 | 3/5/2018 | Stefan Passantino | Alice Bartlett-Santiago/Monica Block/Kirk Marshall/Irene Porada | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 42 | USAO0000740 | USAO0000749 | 3/5/2018 | Irene Porada | Alice Bartlett-Santiago/Monica Block/Kirk Marshall/Stefan Passantino | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 43 | USAO0000750 | USAO0000758 | 3/5/2018 | Monica Block | Kirk Marshall/Stefan Passantino/Irene Porada | Alice Bartlett-Santiago/Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 44 | USAO0000759 | USAO0000766 | 3/5/2018 | Kirk Marshall | Stefan Passantino/Irene Porada | Alice Bartlett-Santiago/Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 45 | USAO0000767 | USAO0000774 | 3/5/2018 | Stefan Passantino | Irene Porada | Alice Bartlett-Santiago/Scott Gast/Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 46 | USAO0000771 | USAO0000782 | 3/5/2018 | Stefan Passantino | Irene Porada | Alice Bartlett-Santiago/Scott Gast/Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 47 | USAO0000783 | USAO0000789 | 3/7/2018 | Stefan Passantino | Irene Porada | Alice Bartlett-Santiago/Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |

**EXHIBIT "2"**          **4 of 18**

United States v. Omarosa Manigault Newman
No. 1:19-cv-1868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 48 | USA00000796 | | 3/1/2018 | Irene Porada | Stefan Passantino | Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 49 | USA00000797 | | 3/1/2018 | Irene Porada | Stefan Passantino | | RE: Termination Report Notice | Attorney Client Privilege; Deliberative Process | Redacted emails within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 50 | USA00000801 | | 2/27/2018 | Alice Barnes-Santiago | Stefan Passantino | | RE: Termination Report Notice | Attorney Client Privilege | Redacted emails from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 50 | USA00000805 | | 2/6/2018 | Stefan Passantino | Irene Porada; JoAnna Spicer; Marcia Kelly | | FW: Termination Report Notice | Attorney Client Privilege | Redacted emails within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 51 | USA00000806 | USA00000814 | 4/4/2018 | Deborah Bars | Ryan McAvoy | | RE: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 52 | USA00000814 | | 4/4/2018 | Deborah Bars | Ryan McAvoy | | RE: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 53 | USA00000829 | | 6/4/2018 | Deborah Barsy | Ryan McAvoy | | RE: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 53 | USA00001150 | | 8/25/2018 | Melinda Stol | Irene Porada | | RE: Termination Report Notice | Personal Privacy | Nondisclosure address nonresponsive personal health information |
| 54 | USA00001154 | | 8/25/2018 | Irene Porada | Marcia Kelly; Melinda Stoll; Cecilia Trujillo | | Fwd: Termination Report Notice | Personal Privacy | Nondisclosure address nonresponsive personal health information |
| 55 | USA00001155 | | 3/1/2018 | Stefan Passantino | Irene Porada | Alice Barnes-Santiago; Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails within White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 56 | USA00000830 | | 3/1/2018 | Stefan Passantino | Irene Porada | Kirk Marshall | FW: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails from White House Counsel's Office to Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 57 | USA00000837 | | 3/1/2018 | JoAnna Spicer | Irene Porada | | RE: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 58 | USA00000075 | | 2/6/2018 | JoAnna Spicer | Irene Porada | | RE: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 59 | USA00000979 | USA00000981 | 2/6/2018 | Irene Porada; Cecilia Trujillo | | | | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |

EXHIBIT "2"                                    5 of 18

United States v. Omarosa Manigault Newman
No. 19-cv-01868 (RJL-D.C.)
United States' Privilege Log
September 20, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 60 | USA00000843 | USA00000852 | 3/5/2018 | Irene Porada | Alice Bartek-Santiago;Monica Block;Kirk Marshall;Stefan Passantino | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 61 | USA00000853 | USA00000862 | 3/5/2018 | Irene Porada | Alice Bartek-Santiago;Monica Block;Kirk Marshall;Stefan Passantino | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 62 | USA00002869 | | 3/5/2018 | Irene Porada | Stefan Passantino | Alice Bartek-Santiago;Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted email to White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 63 | USA00000870 | USA00000871 | 1/26/2018 | Marcia Kelly | Irene Porada;Melissa Stoll | | FW: Hello from Marcia | Attorney Client Privilege | Personal Privacy; Redactions address nonresponsive personal health information |
| 64 | USA00001120 | USA00001124 | 1/21/2018 | Cecilia Trujillo | Irene Porada | | RE: Termination Report Notice | Personal Privacy | Redactions address nonresponsive personal health information |
| 65 | USA00000964 | USA00000987 | 1/21/2018 | Marcia Kelly | Irene Porada;Melissa Stoll | | FW: Termination Report Notice | Attorney Client Privilege | Redacted email from White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 66 | USA00000872 | USA00000878 | 3/1/2018 | Irene Porada | Stefan Passantino | Kirk Marshall | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 67 | USA00000991 | USA00000993 | 2/6/2018 | Cecilia Trujillo | Irene Porada | | RE: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 68 | USA00000994 | USA00000996 | 2/6/2018 | Irene Porada | JoAnna Spicer;Cecilia Trujillo | | Fwd: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |
| 69 | USA00000997 | USA00002099 | 2/6/2018 | Irene Porada | JoAnna Spicer;Cecilia Trujillo | | Fwd: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report and email forwarding same |

**EXHIBIT "2"**          **6 of 18**

United States v. Cameron Mathijssh Newson
No. 1:19-cv-1868 (RJL-RJL)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 70 | USA00001000 | USA00001001 | 2/6/2018 | Irene Poreda | Marcia Kelly | | Re: Hello from Marcia | Attorney Client Privilege; Deliberative Process | Redacted email involving White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 71 | USA00000879 | USA00000879 | 3/30/2018 | Scott De La Vega | Deborah Raviv | Stefan Passantino | | Attorney Client Privilege; Deliberative Process | Redacted email within White House Counsel's Office regarding communications with Defendant regarding her obligation to file a Termination Report |
| 72 | USA00001031 | USA00001031 | 7/9/2018 | Ryan McAvoy | Deborah Raviv | | FW: Post-Government Employment Memo | Attorney Client Privilege; Deliberative Process | Communications involving White House Counsel's Office and Executive Office of the President personnel regarding efforts to contact Defendant regarding her failure to file her Termination Report |
| 73 | USA00000880 | USA00000880 | 3/26/2018 | Scott De La Vega | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Redacted email which White House Counsel's Office regarding communications with Defendant regarding her obligation to file a Termination Report |
| 74 | USA00000967 | USA00000911 | 3/16/2018 | Stefan Passantino | Deborah Raviv; Jason Green | | | Attorney Client Privilege | Redacted email within White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 75 | USA00001034 | USA00001034 | 7/5/2018 | Ryan McAvoy | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Communications involving White House Counsel's Office and Executive Office of the President personnel regarding efforts to contact Defendant regarding her failure to file her Termination Report |
| 76 | USA00001039 | USA00001039 | 3/30/2018 | Scott De La Vega | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Redacted email within White House Counsel's Office regarding communications with Defendant regarding her obligation to file a Termination Report |
| 77 | USA00001066 | USA00002066 | 3/26/2018 | Irene Poreda | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Email to White House Executive Office of the President personnel regarding efforts to contact Defendant |
| 78 | USA00001079 | USA00001079 | 3/26/2018 | Irene Poreda | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Email to White House Counsel's Office from Executive Office of the President personnel regarding communications with Defendant |
| 79 | USA00001085 | USA00001085 | 3/5/2018 | Alice Bartek-Santiago | Monica Block, Kirk Marshall, Stefan Passantino, Irene Poreda | Scott Gast | | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to file her Termination Report |
| 80 | USA00001090 | USA00001090 | 3/26/2018 | Irene Poreda | Deborah Raviv | | | Attorney Client Privilege; Deliberative Process | Email to White House Counsel's Office from Executive Office of the President personnel regarding efforts to contact Defendant |
| 81 | USA00001125 | USA00001125 | 3/30/2018 | Scott De La Vega | Deborah Raviv | | FW: Post-Government Employment Memo | Attorney Client Privilege; Deliberative Process | Redacted email within White House Counsel's Office regarding communications with Defendant regarding her obligation to file a Termination Report |
| 82 | USA00001155 | USA00001157 | 7/26/2018 | | | | 20180726181158173.pdf | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office notes regarding attempts to contact Defendant regarding her failure to file her Termination Report redacted. |

**EXHIBIT "2"**

**7 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-1868 (D.D.C.)**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 83 | USA00001185 | USA00001189 | 3/5/2018 | Stefan Passantino | Monica Block/Kirk Marshall/Irene Porada | Annie Donaldson; Zach Fuentes/Scott Gast | | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 84 | USA00001190 | USA00001190 | | Stefan Passantino | Annie Donaldson | Omarosa Manigault | RE: NDA Dates | Attorney Client Privilege; Work Product; Deliberative Process | Emails within White House Counsel's Office regarding communications with Defendant regarding her obligation as file a Termination Report and other nonresponsive issues |
| 85 | USA00001217 | USA00001217 | 10/12/2018 | Deborah Rark | Scott Gast | | FW: TR come by to chat about this. | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office emails regarding communications with Defendant regarding her Termination Report |
| 86 | USA00001218 | USA00001218 | 10/12/2018 | Stefan Passantino | Annie Donaldson | | OM Summary 10-11-18.docx | Attorney Client Privilege; Work Product; Deliberative Process | White House Counsel Office notes regarding Defendant's failure to file her Termination Report |
| 87 | USA00001237 | USA00001237 | 2/6/2018 | Stefan Passantino | Marcia Kelly | Marcia Kelly | RE:OMAROSA Draft Response | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 88 | USA00001238 | USA00001238 | 1/23/2018 | Stefan Passantino | Marcia Kelly; Ivanka Trump | Jared Kushner | RE: [EXTERNAL] RE:EOH/DWedding photos and personal items | Attorney Client Privilege; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's separation |
| 89 | USA00001239 | USA00001239 | 6/21/2018 | Stefan Passantino | Ryan McAvoy/Deborah Ravin | | RE: Omarosa Manigault | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office emails regarding communications with Defendant regarding her Termination Report |
| 90 | USA00001243 | USA00001243 | 3/5/2018 | Stefan Passantino | Scott Gast/Irene Porada | Scott Gast/Irene Porada | RE:-Termination Report Notice - *2 items * | Attorney Client Privilege; Work Product; Deliberative Process | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 91 | USA00001248 | USA00001248 | 3/5/2018 | Stefan Passantino | Stefan Passantino | Scott Gast/Irene Porada | RE: Termination Report Notice - *2 items * | Attorney Client Privilege; Work Product; Deliberative Process | Redacted internal White House Counsel's Office emails regarding attempts to contact defendant regarding her failure to file her Termination Report |
| 92 | USA00001253 | USA00001255 | 3/26/2018 | Deborah Ravin | Stefan Passantino | | Re: Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege | Internal White House Counsel's Office notes regarding attempts to contact defendant regarding her failure to file her Termination Report redacted. |
| 93 | USA00001259 | USA00001261 | 7/26/2018 | | | | 20180726185558373.pdf | Attorney Client Privilege; Work Product; Deliberative Process | |
| 94 | USA00001262 | USA00001262 | 1/23/2018 | Stefan Passantino | Marcia Kelly; Ivanka Trump | Jared Kushner | RE: [EXTERNAL] RE:EOH/DWedding photos and personal items | Attorney Client Privilege; Deliberative Process | Redacted Internal White House Counsel's Office and Executive Office of the President personnel regarding Defendant's separation |
| 95 | USA00001263 | USA00001263 | 10/18/2018 | Scott Gast | Monica Block | | FW: Missing Property - OM | Attorney Client Privilege; Work Product; Deliberative Process | Emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to comply with post termination obligations |

**EXHIBIT "2"**     **8 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-01868-RJL**
**United States Federal Privilege Log**
**September 20, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 96 | USA000001364 | USA000001367 | 3/5/2018 | Alice Barnes-Santiago | Monica Block/Kirk Marshall/Stefan Passantino/Irene Porada | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to comply with post-termination obligations. |
| 97 | USA000001368 | USA000001368 | 10/16/2018 | Deborah Raviv | Scott Gast | | | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office emails and emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to comply with post-termination obligations. |
| 98 | USA000001372 | USA000001372 | 3/5/2018 | Alice Barnes-Santiago | Monica Block/Kirk Marshall/Stefan Passantino/Irene Porada | Scott Gast | RE: Termination Report Notice | Attorney Client Privilege; Work Product; Deliberative Process | Emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to comply with post-termination obligations. |
| 99 | USA000001373 | USA000001373 | 3/30/2018 | Scott De La Vega | Deborah Raviv | | FW: Post-Government Employment Memo | Attorney Client Privilege; Deliberative Process | Redacted internal White House Counsel's Office email regarding communications relevant to Defendant's failure to file her Termination Report, redacted. |
| 100 | USA000001500 | USA000001500 | 3/26/2018 | Deborah Raviv | Stefan Passantino | | RE: Termination Report Past Due – Notice of Late Filing Fee Owed | Attorney Client Privilege | Redacted internal White House Counsel's Office email regarding communications relevant to Defendant's failure to file her Termination Report redacted. |
| 101 | USA000001505 | USA000001505 | 2/7/2018 | Stefan Passantino | Marcia Kelly | Uttam Dhillon/Scott Gast/James Carroll/Irene Porada | RE: Missed Call | Attorney Client Privilege | Redacted emails among White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to file her Termination Report. |
| 102 | USA000001506 | USA000001506 | 1/7/2018 | Stefan Passantino | Marcia Kelly | | RE: NDA Dates | Attorney Client Privilege; Work Product; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding post-termination nondisclosure issues. |
| 103 | USA000001560 | USA000001560 | 2/6/2018 | Stefan Passantino | Marcia Kelly | | RE: Missed Call | Attorney Client Privilege; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding post-termination communications with Defendant. |
| 104 | USA000001561 | USA000001561 | 2/6/2018 | Stefan Passantino | Marcia Kelly | | RE: OMAROSA Draft Response | Attorney Client Privilege; Work Product; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding post-termination communications with Defendant. |
| 105 | USA000001562 | USA000001562 | 2/7/2018 | Stefan Passantino | Marcia Kelly | James Carroll/Uttam Dhillon/Scott Gast/Irene Porada | RE: Missed Call | Attorney Client Privilege; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding Defendant's failure to file her Termination Report. |
| 106 | USA000001566 | USA000001566 | 3/5/2018 | Stefan Passantino | Monica Block/Kirk Marshall/Irene Porada | Annie Donaldson/Scott Gast/Zach Fuentes | Omarosa Manigault | Attorney Client Privilege; Work Product; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding communications with Defendant regarding her failure to file her Termination Report |
| 107 | USA000001573 | USA000001573 | 2/6/2018 | Stefan Passantino | Marcia Kelly | Irene Porada | RE: Missed Call | Attorney Client Privilege; Deliberative Process | Emails between White House Counsel's Office and Executive Office of the President personnel regarding post-termination communications with Defendant. |
| 108 | USA000001574 | USA000001574 | 3/30/2018 | Scott De La Vega | Deborah Raviv | | FW: Post-Government Employment Memo | Attorney Client Privilege; Deliberative Process | Internal White House Counsel's Office email regarding communications relevant to Defendant's failure to file her Termination Report. |
| 109 | USA000001601 | USA000001601 | 7/5/2018 | Deborah Raviv | Stefan Passantino | Ryan McEnany/Mark Vietor | FW: USPS | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding attempted communications with Defendant regarding Defendant's failure to file her Termination Report |

**EXHIBIT "2"**            **9 of 18**

United States v. Omarosa Manigault Newman
No. 1:19-cv-01868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 110 | USA00001407 | USA00001409 | 7/17/2020 | | | | Timeline of Omarosa Manigault Correspondences.pdf | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office notes regarding attempts to contact Defendant regarding her failure to file her Termination Report redacted |
| 111 | USA00001410 | USA00001415 | 7/17/2020 | | | | Timeline of Omarosa Manigault Correspondences (2).pdf | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office notes regarding attempts to contact Defendant regarding her failure to file her Termination Report redacted |
| 112 | | | 6/8/2018 | Stefan Passantino | Ryan McAvoy | Scott Gast | FW: Omarosa | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 113 | | | 6/8/2018 | Stefan Passantino | Scott Gast | | Omarosa Certified Letter Re Overdue 278.docx | Attorney Client Privilege; Work Product; Deliberative Process | Draft communications from White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 114 | | | 6/8/2018 | Stefan Passantino | Scott Gast | | Omarosa | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 115 | | | 6/8/2018 | Stefan Passantino | Scott Gast | | Omarosa | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 116 | | | 6/8/2018 | Stefan Passantino | Ryan McAvoy | Scott Gast | FW: Omarosa | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 117 | | | 3/27/2018 | Stefan Passantino | Annie Donaldson | | | Attorney Client Privilege; Work Product; Deliberative Process | Draft communications from Defendant to White House Counsel's Office |
| 118 | | | 12/27/2017 | | | | 1- Ethics Unsigned.pdf | Attorney Client Privilege; Deliberative Process | Draft agreement for Defendant by White House Counsel's Office |
| 119 | | | 3/7/2018 | Stefan Passantino | Annie Donaldson | | Omarosa | Attorney Client Privilege; Work Product; Deliberative Process | Internal White House Counsel's Office email regarding Defendant regarding her failure to file her Termination Report |
| 120 | | | 6/6/2018 | Stefan Passantino | | | Omarosa Certified Letter Re Overdue 278.docx | Attorney Client Privilege; Work Product; Deliberative Process | Draft communication from White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 121 | | | 6/6/2018 | Stefan Passantino | | | Omarosa Certified Letter Re Overdue 278.docx | Attorney Client Privilege; Work Product; Deliberative Process | Draft communications from White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 122 | | | 3/23/2018 | JoAnna Spicer | Deborah Ravie | | | Attorney Client Privilege; Work Product; Deliberative Process | Email from Executive Office of the President personnel to White House Counsel's Office regarding personnel changes at White House Document from Executive Office of the President pursuant to White House Counsel's Office listing personnel changes at White House, including reorganization |
| 123 | | | 12/22/2017 | Scott De La Vega | | Deborah Ravie | | Attorney Client Privilege; Personal Privacy; Deliberative Process | Draft communication from White House Counsel's Office email regarding employment information |
| 124 | | | 3/29/2018 | Jason Green | Scott Gast | | | Attorney Client Privilege; Deliberative Process | Internal White House Counsel's Office communications and communications between White House Counsel's Office and DOE regarding Defendant's failure to file her Termination Report |

**EXHIBIT "2"**

**10 of 18**

United States v. Omarosa Manigault Newman
No. 1:19-cv-01868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 125 | | | 7/27/2018 | Stefan Passantino | Annie Donaldson | Scott Gast | Omarosa Manigault Timeline | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Email between attorneys in White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 126 | | | 7/27/2018 | | | | Omarosa Manigault Timeline.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Document prepared by White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 127 | | | 6/5/2018 | Stefan Passantino | Scott Gast | Annie Donaldson | Omarosa Certified Letter for Overdue 278 | Attorney Client Privilege; Deliberative Process Privilege | Email between attorneys in White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 128 | | | 6/5/2018 | | | | Omarosa Certified Letter for Overdue 278.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 129 | | | 10/25/2018 | | | | List of reports due to WH 10-25-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 130 | | | 9/6/2018 | | | | List of Reports due to the WH - 9-6-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 131 | | | 6/5/2018 | Stefan Passantino | Annie Donaldson | Scott Gast | RE: Omarosa Certified Letter for Overdue 278 | Attorney Client Privilege; Deliberative Process Privilege | Email between attorneys in White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 132 | | | 6/5/2018 | | | | Omarosa Certified Letter for Overdue 278.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 133 | | | 6/5/2018 | Stefan Passantino | Scott Gast | Annie Donaldson | Omarosa Certified Letter for Overdue 278.docx | Attorney Client Privilege; Deliberative Process Privilege | Email between attorneys in White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 134 | | | 6/5/2018 | | | | Omarosa Certified Letter for Overdue 278.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 135 | | | 5/30/2018 | | | | 278s due to WH 5-30-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 136 | | | 5/25/2018 | | | | 278s due to WH 5-25-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 137 | | | 5/14/2018 | | | | 278 due to WH 5-14-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 138 | | | 4/16/2018 | | | | 278s due to Agency 4-16-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 139 | | | 4/4/2018 | Stefan Passantino | Scott Gast | | RE: Omarosa Payment | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding financial penalty owed by Defendant for failure to timely file her Termination Report and email reflecting legal analysis prepared by an attorney within the Executive Office of the President. |
| 140 | | | 4/2/2018 | | | | 278s due to Agency 4-2-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |

**EXHIBIT "2"**

**11 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-01868 (D.D.C.)**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 141 | | | 3/24/2018 | Scott De La Vega | Scott Gast | Jason Green; Deborah Raviv | RE: Manigault Termination report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding DOJ inquiry about Defendant's failure to file her termination report and correspondence between White House Counsel's Office and OGE re same |
| 142 | | | 12/29/2017 | Stefan Passantino | Alice Barrán-Santiago | Scott De La Vega; Scott Gast | Re: Separation - O. Manigault | Attorney Client Privilege; Deliberative Process Privilege | Email internal to White House Counsel's Office and email between White House Counsel's Office and Executive Office of the President personnel regarding Defendant's separation |
| 143 | | | 12/29/2017 | Alice Barrán-Santiago | Stefan Passantino | Scott De La Vega; Scott Gast | FW: Separation - O. Manigault | Attorney Client Privilege; Deliberative Process Privilege | Email internal to White House Counsel's Office and email between White House Counsel's Office and Executive Office of the President personnel regarding Defendant's separation |
| 144 | | | 12/29/2017 | Stefan Passantino | Annie Donaldson | | RE: Did Omarosa | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding Defendant's post-separation obligations |
| 145 | | | 1/28/2019 | | | | List of reports due to WH 1-28-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 146 | | | 12/6/2018 | | | | List of reports due to WH 12-6-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 147 | | | 11/16/2018 | | | | List of reports due to WH 11-15-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 148 | | | 11/8/2018 | | | | List of reports due to WH 11-8-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 149 | | | 8/27/2018 | | | | List of Reports Due to WH 8-27-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 150 | | | 8/2/2018 | | | | List of Reports Due to WH 8.1.18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 151 | | | 7/11/2018 | | | | Reports due to WH 7-11-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 152 | | | 6/21/2018 | Deborah Raviv | Stefan Passantino | Ryan McAvoy; Mark Vetter | Omarosa Manigault Certified Mail | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding attempts to contact Defendant regarding her failure to file her termination report |
| 153 | | | 6/21/2018 | Scott De La Vega | Scott Gast | | 27% due to WH 6-21-2018.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 154 | | | 6/21/2018 | Deborah Raviv | Ryan McAvoy | Stefan Passantino | Omarosa Manigault | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding communication to Defendant regarding her failure to file her termination report |
| 155 | | | 3/21/2018 | Deborah Raviv | Scott Gast | Deborah Raviv | RE: Manigault Termination report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding DOJ inquiry about Defendant's failure to file her termination report and correspondence between White House Counsel's Office and OGE re termination |
| 156 | | | 3/21/2018 | Deborah Raviv | Scott Gast | | RE: Omarosa Manigault Termination Report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding status of Defendant's Termination Report |
| 157 | | | 12/15/2017 | Stefan Passantino | Alice Barrán-Santiago | Scott De La Vega; Scott Gast | Re: Timothy Tripepi | Attorney Client Privilege; Deliberative Process Privilege | Email internal to White House Counsel's Office and Executive Office of the President personnel regarding communications |
| 158 | | | 12/20/2017 | Alice Barrán-Santiago; JoAnna Spicer | | | Omarosa personal email address | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office and Executive Office of the President personnel regarding Defendant's Termination Report |

**EXHIBIT "2"**   **12 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-1868 (D.D.C.)**
**United States' Privilege Log**
**September 18, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 159 | | | 10/19/2018 | Deborah Rasm | Rebecca Hermanowicz | | RE: Outstanding report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email and communication with DOJ regarding the status of financial disclosure reports |
| 160 | | | 6/21/2018 | Deborah Rasm | JoAnne Spicer | Melissa Stehl | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email among White House Counsel's Office and Executive Office of the President personnel regarding communication with Defendant regarding Defendant's failure to file her Termination Report |
| 161 | | | 6/21/2018 | Deborah Rasm | JoAnne Spicer; Melissa Stehl | | Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email among White House Counsel's Office and Executive Office of the President personnel regarding communication with Defendant regarding Defendant's failure to file her Termination Report |
| 162 | | | 6/4/2018 | Deborah Rasm | Irene Porada; JoAnna Spicer | | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email among White House Counsel's Office and Executive Office of the President personnel regarding communication with Defendant regarding Defendant's failure to file her Termination Report |
| 163 | | | 6/4/2018 | Deborah Rasm | JoAnna Spicer | | Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 164 | | | 10/16/2018 | | | | list of reports due to WH 10-16-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 165 | | | 10/16/2018 | | | | Status of Outstanding Reports - DGE.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 166 | | | 10/19/2018 | Deborah Rasm | Scott Gast; Rebecca Hermanowicz; Mark Vetter | | RE: Outstanding report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email and communication with DOJ regarding the status of financial disclosure reports |
| 167 | | | 10/25/2018 | Deborah Rasm | Scott Gast; Rebecca Hermanowicz; Mark Vetter | | RE: Outstanding report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email and communication with DOJ regarding the status of financial disclosure reports |
| 168 | | | 10/19/2018 | Deborah Rasm | Scott Gast; Rebecca Hermanowicz; Mark Vetter | | RE: Outstanding report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email and communication with DOJ regarding the status of financial disclosure reports |
| 169 | | | 9/26/2018 | | | | List of Reports due to WH 9-26-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 170 | | | 9/20/2018 | | | | List of Reports due to WH 9-20-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 171 | | | 9/13/2018 | | | | List of Reports due to WH - 9-13-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 172 | | | 6/4/2018 | | | | 278s due to WH 6-4-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document; regarding status of financial disclosure reports |
| 173 | | | 5/7/2018 | | | | 278s due to WH - 5-7-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 174 | | | 4/30/2018 | | | | 278s due to Agency 4-30-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 175 | | | 4/7/2018 | | | | List of greater than 45 day extensions.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding financial disclosure reports |
| 176 | | | 4/5/2018 | | | | 278 Filers (CY 2018) - Reqs_3.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding financial disclosure reports |
| 177 | | | 4/5/2018 | | | | 278 Filers (CY 2018) - Reqs_3.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding financial disclosure reports |

**EXHIBIT "2"**                    **13 of 18**

**United States v. Omarosa Manigault Newman**
**No. 1:19-cv-1868 (D.D.C.)**
**United States' Privilege Log**
**September 30, 2020**

| Privilege Control Number | Begin Bates | End Bates | DATE | CC | TITLE | FROM | To | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 178 | | | 4/4/2018 | | RE: Omarosa Payment | Stefan Passantino | Scott Gast | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding financial penalty owed by Defendant for failing to finish her Termination Report and email reflecting legal analysis prepared by an attorney within the Executive Office of the President |
| 179 | | | 1/5/2018 | | Omarosa Post-Government | Stefan Passantino | Alice Bartels-Santiago; Scott De La Vega | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding Defendant's post-separation ethical obligations |
| 180 | | | 12/29/2017 | Scott De La Vega; Scott Gast | RE: Separation - O. Manigault | Alice Bartels-Santiago | Stefan Passantino | Attorney Client Privilege; Deliberative Process Privilege | Email internal to White House Counsel's Office and email between White House Counsel's Office and Executive Office of the President personnel regarding Defendant's separation |
| 181 | | | 12/18/2017 | | ETHICS_MASTERTRACKER - Stefan Version.xlsx | | | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of ethics requirements |
| 182 | | | 12/14/2017 | Scott De La Vega; Scott Gast | RE: Timothy Tripepi | Stefan Passantino | Alice Bartels-Santiago | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding status of Defendant's Termination Report |
| 183 | | | 12/14/2017 | Scott De La Vega; Scott Gast | RE: Timothy Tripepi | Stefan Passantino | Alice Bartels-Santiago | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding status of Defendant's Termination Report |
| 184 | | | 12/14/2017 | Scott De La Vega; Scott Gast | Re: Timothy Tripepi | Alice Bartels-Santiago | Stefan Passantino | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding status of Defendant's Termination Report |
| 185 | | | 12/13/2018 | | List of reports due to WH 12-13-18.xlsx | | | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 186 | | | 11/29/2018 | | List of reports due to WH 11-29-18.xlsx | | | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 187 | | | 7/5/2018 | Ryan McAvoy; Mark Vetter | RE: Omarosa Manigault Certified Mail | Stefan Passantino | | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding attempts to contact Defendant regarding her failure to file her Termination Report |
| 188 | | | 6/28/2018 | | List of Reports Due to WH 6-28-18.xlsx | Stefan Passantino | | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 189 | | | 6/21/2018 | | RE: Omarosa Manigault | Deborah Raviv | Ryan McAvoy; Stefan Passantino | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office communication regarding attempts to contact Defendant regarding her failure to file her Termination Report |
| 190 | | | 3/17/2018 | | 27Rs due to Agency 3-12-18.xlsx | Deborah Raviv | Rebecca Romanczewicz | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 191 | | | 3/8/2018 | | 27Rs due to agency.xlsx | Deborah Raviv | Ryan McAvoy | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office reports |
| 192 | | | 1/12/2018 | | list of reports due to WH 1-11-18.xlsx | Deborah Raviv | Ryan McAvoy | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 193 | | | 10/15/2018 | Mark Vetter | FW: Outstanding report | Deborah Raviv | Rebecca Romanczewicz | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email and communication with OGE regarding the status of financial disclosure reports |
| 194 | | | 7/5/2018 | | Omarosa Manigault | Deborah Raviv | Ryan McAvoy | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office communication regarding attempts to contact Defendant regarding her failure to file her Termination Report |
| 195 | | | 7/2/2018 | | Omarosa Manigault - mail status | Deborah Raviv | Ryan McAvoy | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office communication regarding attempts to contact Defendant regarding her failure to file her Termination Report |
| 196 | | | 6/21/2018 | | Let me know when you are in and have a minute | Deborah Raviv | Ryan McAvoy | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office communication regarding attempts to contact Defendant regarding her failure to file her Termination Report |

United States v. Omarosa Manigault Newman
No. 1:19-cv-01868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 197 | | | 6/4/2018 | Deborah Raviv | JoAnna Spicer | Irene Porada | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office personnel and Executive Office of the President personnel regarding attempts to contact Defendant regarding her failure to file her Termination Report |
| 198 | | | 5/1/2018 | Deborah Raviv | Stefan Passantino | Scott Gast | Omarosa Manigault Timeline | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 199 | | | 5/3/2018 | | | | Omarosa Manigault Timeline.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Document prepared by White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 200 | | | 4/6/2018 | | | | 278 Filers (CY 2018) - Resp. 3 PFD.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding financial disclosure reports |
| 201 | | | 3/23/2018 | Deborah Raviv | JoAnna Spicer | | Confirmation on separation date | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office personnel and Executive Office of the President personnel regarding Defendant's separation |
| 202 | | | 3/12/2018 | | | | 278s due to Agency 3-12-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 203 | | | 6/5/2018 | Stefan Passantino | Annie Donaldson | Scott Gast | RE: Omarosa Certified Letter for Overdue 278 | Attorney Client Privilege; Deliberative Process Privilege | Email between attorneys in White House Counsel's Office regarding draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 204 | | | 6/5/2018 | | | | Omarosa Certified Letter for Overdue 278.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 205 | | | 12/28/2017 | Stefan Passantino | Annie Donaldson | | RE: Del Derensa | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding communication to Defendant regarding Defendant's reporting obligations |
| 206 | | | 10/17/2018 | Deborah Raviv | Scott Gast | | Manigault Timeline | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 207 | | | 10/17/2018 | | | | Omarosa Manigault Timeline.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Document prepared by White House Counsel's Office regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 208 | | | 10/11/2018 | | | | List of report due to WH 10-11-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 209 | | | 10/24/2018 | | | | List of reports due to WH 10-4-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 210 | | | 6/4/2018 | Deborah Raviv | Stefan Passantino | Scott Gast; Ryan McAvoy; Mark Vetter | Omarosa Cover Letter (Draft) | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |
| 211 | | | 6/4/2018 | | | | Omarosa Cover Letter (Draft).docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication by White House Counsel's Office to Defendant regarding Defendant's failure to file her Termination Report |

EXHIBIT "2"                    15 of 18

United States v. Omarosa Manigault Newman
No. 1:19-cv-01868 (D.D.C.)
United States' Privilege Log
September 10, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 212 | | | 5/3/2018 | Deborah Raviv | Stefan Passantino | | Omarosa Manigault Timeline | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office: email regarding communications with Defendant regarding Defendant's Failure to file her Termination Report |
| 213 | | | 5/3/2018 | | | Scott Gast | Omarosa Manigault Timeline.docx | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Document prepared by White House Counsel's Office regarding communications with Defendant regarding Defendant's Failure to file her Termination Report |
| 214 | | | 4/9/2018 | | | | 27th due to Agency 4-9-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office: document regarding status of financial disclosure reports |
| 215 | | | 4/6/2018 | Deborah Raviv | Samuel Ramer | Scott Gast | 278 Filers (CY 2018) - Resp. 3.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office: email re document regarding financial disclosure reports |
| 216 | | | 4/6/2018 | | | | 278 Filers (CY 2018) - Resp. 3.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office: document regarding financial disclosure reports |
| 217 | | | 4/6/2018 | Deborah Raviv | Scott Gast; Samuel Ramer | | RE: 278 Filers (CY 2018) - Resp. 3.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office: email re document regarding financial disclosure reports |
| 218 | | | 4/4/2018 | Stefan Passantino | Scott Gast | | RE: Omarosa Payment | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Worst Counsel's Office: email regarding financial penalty owed by Defendant for failing to timely file her termination Report and email reflecting legal analysis prepared by an attorney within the Executive Office of the President |
| 219 | | | 4/4/2018 | Stefan Passantino | Scott Gast | | RE: Omarosa Payment | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding financial penalty owed by Defendant for failing to timely file her Termination Report and email reflecting legal analysis prepared by an attorney within the Executive Office of the President |
| 220 | | | 1/5/2019 | | | | 1-5-2019 Due for the Agency.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office: document regarding status of financial disclosure reports |
| 221 | | | 12/24/2012 | Alice Bartek Lustzagg | Stefan Passantino | Scott De La Vega; Scott Gast | RE: Timothy Tripepi | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding status of Defendant's Termination Report |
| 222 | | | 3/19/2019 | | | | List of reports due to WH 3-19-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 223 | | | 3/6/2019 | | | | List of reports due to WH 3-6-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 224 | | | 2/25/2019 | | | | List of reports due to WH 2-25-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 225 | | | 2/20/2019 | | | | List of reports due to WH 2-20-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 226 | | | 2/12/2019 | | | | List of reports due to WH 2-12-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 227 | | | 2/6/2019 | | | | List of reports due to WH 2-6-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 228 | | | 2/6/2019 | | | | List of reports due to WH 2-6-19.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 229 | | | 12/24/2018 | | | | List of reports due to WH 12-18-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 230 | | | 8/23/2018 | | | | List of Reports Due WH 8-23-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Office document regarding status of financial disclosure reports |
| 231 | | | 8/16/2018 | | | | List of Reports due to WH 8-16-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 232 | | | 7/26/2018 | | | | List of reports due to WH 7-26-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |

**EXHIBIT "2"**   **16 of 18**

United States v. Omarosa Manigault Newman
No. 1:19-cv-01868 (D.D.C.)
United States' Privilege Log
September 30, 2020

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 233 | | | 7/5/2018 | Stefan Passantino | Deborah Raviv | Ryan McEnany, Mark Vetter | RE: Omarosa Manigault Certified Mail | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding attempted communication re Defendant's failure to file her Termination Report |
| 234 | | | 6/14/2018 | | Deborah Raviv | | 27Rs due to WH 6-14-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 235 | | | 6/14/2018 | | | | 27Rs due to WH 6-14-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 236 | | | 3/24/2018 | Scott Gast | Stefan Passantino | Scott De La Vega; Scott Gast; Jason Green | Proposed email to Omarosa Manigault | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office document regarding draft communication regarding her failure to file her Termination Report |
| 237 | | | 3/24/2018 | | | | Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication to Defendant regarding her failure to file her Termination Report |
| 238 | | | 2/8/2019 | | | | Personnel Separation Packet (Redacted).pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Proposed attachment to draft communication to Defendant regarding her failure to file her Termination Report |
| 239 | | | 3/19/2018 | | | | 27Rs due to Agency 3-15-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 240 | | | 3/6/2018 | | | | 27Rs due to agency.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 241 | | | 1/3/2018 | Scott De La Vega | Alice Bartee Santiago | | FW: Omarosa Post-Government | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding communication with Defendant regarding her post-separation obligation |
| 242 | | | 10/18/2018 | | | | list of reports due to WH 10-18-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 243 | | | 7/19/2018 | | | | List of reports due WH 7-19-18.xlsx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office document regarding status of financial disclosure reports |
| 244 | | | 5/7/2018 | Deborah Raviv | Stefan Passantino | Scott Gast | Omarosa Manigault Timeline | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office email regarding communications with Defendant regarding Defendant's failure to file her Termination Report |
| 245 | | | 3/26/2018 | Deborah Raviv | Stefan Passantino | Scott De La Vega; Scott Gast; Jason Green | Proposed email to Omarosa Manigault | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Internal White House Counsel's Office document regarding draft communication to Defendant regarding her failure to file her Termination Report |
| 246 | | | 3/26/2018 | | | | Termination Report Past Due - Notice of Late Filing Fee Owed | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Draft communication to Defendant regarding her failure to file her Termination Report |
| 247 | | | 3/26/2018 | | | | Personnel Separation Packet (Redacted).pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Proposed attachment to draft communication to Defendant regarding her failure to file her Termination Report |
| 248 | | | 3/26/2018 | Deborah Raviv | Ryan McEnany | | Omarosa Manigault | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office communication regarding response to discussions with Defendant regarding Defendant's failure to file her Termination Report |
| 249 | | | 3/5/2019 | | | | Issuing Annual Reports 2019.docx | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office notes regarding future financial disclosure reports |
| 250 | | | 8/14/2018 | Stefan Passantino | Scott Gast; Deborah Raviv | | RE: Referral to DOJ | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding referral of Defendant's failure to file her Termination Report |
| 251 | | | 8/14/2018 | Deborah Raviv | Scott Gast; Stefan Passantino | | Referral to DOJ | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding referral of Defendant's failure to file her Termination Report |
| 252 | | | 8/14/2018 | Deborah Raviv | Scott Gast; Stefan Passantino | | RE: Referral to DOJ | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding referral of Defendant's failure to file her Termination Report |

**EXHIBIT "2"**

**17 of 18**

| Privilege Control Number | Begin Bates | End Bates | DATE | FROM | To | CC | TITLE | Privilege | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 253 | | | 4/10/2018 | Deborah Raev | Scott Gast | | Manigault's Termination Report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding Defendant's Failure to file her Termination Report |
| 254 | | | 4/10/2018 | Deborah Raev | Scott Gast | | Manigault's Termination Report | Attorney Client Privilege; Deliberative Process Privilege | Internal White House Counsel's Office email regarding Defendant's Failure to file her Termination Report |
| 255 | | | 12/20/2017 | Alice Bartek-Santiago | Jaleasa Spicer | | Omarosa personal email address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Termination Report |
| 256 | | | 6/4/2018 | Deborah Raev | Jaleasa Spicer | | Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Failure to file her Termination Report |
| 257 | | | 6/4/2018 | Deborah Raev | Irene Porada; JaAnna Spicer | | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Failure to file her Termination Report |
| 258 | | | 6/4/2018 | Deborah Raev | JaAnna Spicer | Irene Porada | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Failure to file her Termination Report |
| 259 | | | 6/21/2018 | Deborah Raev | JaAnna Spicer | Melissa Stoll | RE: Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Failure to file her Termination Report |
| 260 | | | 6/21/2018 | Deborah Raev | JaAnna Spicer; Melissa Stoll | | Omarosa Manigault Mailing Address | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's Failure to file her Termination Report |
| 261 | | | 3/21/2018 | Deborah Raev | JaAnna Spicer | | Confirmation on separation date | Attorney Client Privilege; Deliberative Process Privilege | Email between White House Counsel's Office and Executive Office of the President personnel regarding communication to Defendant regarding Defendant's separation date |
| 262 | | | 7/17/2020 | | | | 2017.04.17 - Memo - Employee Issues (4).pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | White House Counsel's Office Memorandum regarding issues involving Defendant |
| 263 | | | 7/17/2020 | | | | 2017.04.17 - Memo - Employee Issues (2).pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | White House Counsel's Office Memorandum regarding issues involving Defendant |
| 264 | | | 7/17/2020 | | | | 2017.04.17 - Memo - Employee Issues (1).pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | White House Counsel's Office Memorandum regarding issues involving Defendant |
| 265 | | | 7/17/2020 | | | | Omarosa Manigault Timeline.pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | Document prepared by White House Counsel's Office regarding communications with Defendant regarding Defendant's Failure to file her Termination Report |
| 266 | | | 7/17/2020 | | | | 2017.04.17 - Memo - Employee Issues.pdf | Attorney Client Privilege; Attorney Work Product; Deliberative Process Privilege | White House Counsel's Office Memorandum regarding issues involving Defendant |

**EXHIBIT "2"**

**18 of 18**

 **Donald J. Trump** 
@realDonaldTrump

Follow ⌄

...Yes, I am currently suing various people for violating their confidentiality agreements. Disgusting and foul mouthed Omarosa is one. I gave her every break, despite the fact that she was despised by everyone, and she went for some cheap money from a book. Numerous others also!

5:58 AM - 31 Aug 2019

**13,834** Retweets   **66,059** Likes    

♡ 14K    ⟲ 14K    ♡ 66K

**EXHIBIT "3"**                    **Page 1 of 1**

**From:** "Cheung, Ashley (CIV)" <Ashley.Cheung@usdoj.gov>
**Date:** Tuesday, May 28, 2019 at 10:44 AM
**To:** 'John Phillips' <jmp@floridajustice.com>
**Subject:** RE: ☐ Re: Response

Mr. Phillips,

I'm writing to follow up on the below message. Can you please confirm that your client is interested in resolving this matter without litigation and let us know your availability for a call to discuss?

As previously indicated, we regard the return of your client's personal effects as unrelated to our claim under the Ethics in Government Act.

Best,

**Ashley Cheung**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(p) (202) 616-8267  |  (f) (202) 616-8470
ashley.cheung@usdoj.gov

**From:** OMAROSA MANIGAULT <omarosa1600@icloud.com>
**Sent:** Monday, May 06, 2019 4:15 PM
**To:** Cheung, Ashley (CIV) <ascheung@CIV.USDOJ.GOV>
**Cc:** Gilligan, Jim (CIV) <JGilliga@CIV.USDOJ.GOV>
**Subject:** ○☐ Re: Response

To: James Gilligan
Cc: Ashely Cheung

Thank you for your letter about the referral from the executive office of President Donald Trump.

I was always eager to get this termination report completed within the 30 days after my January 20th, 2018 separation from the administration. However, as I had communicated with my ethics contact, Stefan Passantino, at the White House, I am still lacking some key information to complete the report.

Specifically, in several calls and emails to Stefan, we discussed the need for the contents of seven boxes from my office that were seized by Uttam Dhillon, Irene H. Porada and Mr. Passantino, upon my departure.

Much of the information that I need to complete this termination report — financial records, travel documents, emails and other important correspondence related to my employment on the Trump campaign, transition, inauguration and my tenure at the White House — is contained in those boxes. These boxes are still in the possession of the White House.

I am still hopeful that the White House will return my boxes and give me access to the data necessary to complete the report. Please advise.

Regards,
Omarosa Manigault Newman

2

**EXHIBIT "5"**





Re: Termination Report
Past Due – Notice of Late
Filing Fee Owed

me  Mar 26, 2018
to Stefan

Hi Stefan,
If I want to file a formal complaint
about the fees and discrepancy in the
report can you tell who I direct that
to?
Is it the Ethics office or Justice
department.
Kindly,

# CREW | citizens for responsibility and ethics in washington

December 21, 2020

Jeffrey A. Rosen
Deputy Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Brian C. Rabbitt
Acting Assistant Attorney General
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Jeffrey Bossert Clark
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Re:   Request for Investigation of Trump Administration Appointees' Failure to File
Public Financial Disclosure Reports in Violation of the Ethics in Government Act

Dear Messrs. Rosen, Rabbitt, and Clark:

Citizens for Responsibility and Ethics in Washington ("CREW") requests that the
Department of Justice ("DOJ") investigate whether several former Trump Administration
political appointees—including former State Department officials Sean Lawler and Mari Stull—
have violated the Ethics in Government Act ("EIGA") by failing to file public financial
disclosure reports upon termination of their government employment ("Termination Reports").

Termination Reports serve the critical function of exposing government officials'
potential conflicts of interest to public scrutiny, and the knowing and willful failure to file such
reports can result in civil or criminal penalties.[1] Strict compliance with EIGA's filing
requirements is particularly important now, given the ongoing presidential transition and
attendant turnover of political appointees in the Executive Branch. Moreover, despite several
documented instances of former Trump Administration appointees failing to file Termination
Reports, to our knowledge the only such appointee to have faced an EIGA enforcement action to
date is Omarosa Manigault Newman.[2] Ms. Newman is a former White House staffer who has
been an outspoken critic of President Trump, and recent reports suggest that the EIGA

---

[1] See 5 U.S.C. app. § 104(a).
[2] See Compl., *United States v. Newman*, No. 19-cv-1868, ECF No. 1 (D.D.C. June 25, 2019); David Shortell, <u>Justice
Department sues Omarosa Manigault Newman for failing to file financial disclosure report after she was fired</u>, *CNN*,
June 25, 2019, https://cnn.it/2IxTPDS.

December 21, 2020
Page 2

enforcement action against her was brought in retaliation for a negative book she wrote about the President.[3] To ensure evenhanded and uniform enforcement of the law, we urge DOJ to investigate whether the former political appointees identified below have failed to file Termination Reports in violation of EIGA and, if so, to take appropriate corrective action.

## The Ethics in Government Act

Congress enacted EIGA's financial disclosure provisions because it determined that the citizens should know federal officials' financial interests. To that end, EIGA and the Office of Government Ethics' ("OGE") implementing regulations impose detailed public reporting requirements on covered federal officials.[4] Among them is the requirement to file a Termination Report within 30 days of leaving federal service, unless the official served less than 60 days or transfers to another covered position within 30 days.[5] Agency ethics officials may grant extensions of this deadline for "good cause shown," but such extensions may not exceed 90 days.[6]

Termination Reports serve critical functions. Among other things, the reports "disclose[] a departing official's future employment arrangements, allowing ethics officials to tailor any necessary follow-up post-employment counseling and to verify a departing official's government actions complied with federal conflict of interest laws."[7]

Individuals who fail to file a Termination Report required by EIGA "risk serious consequences."[8] DOJ "may bring a civil action in any appropriate United States district court against any individual . . . who knowingly and willfully fails to file" a Termination Report required by EIGA, and the "court in which such action is brought may assess against such individual a civil penalty" not to exceed $61,585.[9] DOJ may also pursue criminal charges for such violations.[10] "An individual knowingly and willfully fails to comply with the EIGA's filing requirements when that individual 'intentionally disregards the statute or is indifferent to its requirements.'"[11] Courts have deemed this standard satisfied where individuals ignored "multiple reminders" to file their Termination Reports and were "given many opportunities to comply with the EIGA requirements."[12]

---

[3] *See* Charlie Savage, <u>White House Sought Suit Against Omarosa Manigault Newman After News of Her Memoir</u>, *New York Times*, Nov. 18, 2020, https://nyti.ms/33YDP4Y.

[4] *See* 5 U.S.C. app. §§ 101-11.

[5] *See* 5 U.S.C. app. § 101(e); 5 C.F.R. § 2634.201(e); OGE Public Financial Disclosure Guide § 1.01, https://bit.ly/3eU4qVr.

[6] *See* 5 C.F.R. § 2634.201(g); OGE Public Financial Disclosure Guide § 1.04, https://bit.ly/3pieLPp.

[7] OGE Post-Election Readiness Review, Dep't of State, Sept. 2012, https://bit.ly/3ffNwkf.

[8] OGE Public Financial Disclosure Guide § 1.06, https://bit.ly/35ekj5L.

[9] 5 U.S.C. § 104(a)(1); 5 C.F.R. § 2634.701(b).

[10] 5 U.S.C. § 104(a)(2); 5 C.F.R. § 2634.701(c).

[11] *United States v. Gant*, 268 F. Supp. 2d 29, 33 (D.D.C. 2003); *accord United States v. Lairy*, 2020 WL 4039176, at *2 (D.D.C. July 17, 2020).

[12] *Lairy*, 2020 WL 4039176, at *2.

December 21, 2020
Page 3

Although EIGA requires agency heads to refer to DOJ "the name of any individual which such official . . . has reasonable cause to believe has willfully failed to file a report" in violation of EIGA, DOJ may also act upon such violations without an agency referral.[13]

## Potential Violations

CREW routinely requests Termination Reports and other financial disclosures from agencies throughout the federal government. As part of these efforts, CREW has determined that the former political appointees identified below appear to have failed to file Termination Reports with their respective agencies, despite, in some cases, repeated attempts by agency ethics officials to secure those reports. And each of these former officials were covered employees required to file public Termination Reports under EIGA. We thus request that DOJ investigate each instance described below to determine if further action is warranted.

### *Department of State – Sean Lawler*

Sean Lawler served as the Chief of Protocol of the United States in the Department of State ("State") from December 1, 2017 to July 8, 2019.[14] This was a presidential appointment requiring Senate confirmation, or a "PAS" position.[15] Mr. Lawler reportedly resigned from State "amid an investigation into allegations of discrimination and harassment," including claims that he "carr[ied] a whip at work . . . to intimidate colleagues."[16] After leaving State, Mr. Lawler entered the private sector as the Founder & Principal at Fortitude Strategies, LLC, and he continues to hold that position,[17] meaning he would not have qualified for the Termination Report exemption for officials transferring to another covered position within 30 days.

Given his July 8, 2019 departure date, the latest possible date Mr. Lawler should have filed his Termination Report—accounting for the 30-day statutory waiting period and the maximum 90-day extension permitted under EIGA—was November 5, 2019.

By email dated September 28, 2020, CREW submitted an OGE Form 201 Request to State for Mr. Lawler's Termination Report, among other records.[18] On October 27, State released several financial disclosure reports in response to CREW's pending 201 requests, but not Mr. Lawler's Termination Report. An October 27 cover letter from State official Clemon Wilson stated that the agency provided CREW with all "available responsive reports or documents" requested.[19] In emails sent on October 30 and November 9, CREW asked State to

---

[13] *See United States v. Rose*, 28 F.3d 181, 184 (D.C. Cir. 1994) (noting DOJ's view, in EIGA enforcement suit against congressman, that "[t]he Attorney General's authority is not limited to instances in which the House either has not acted on such violations or has referred the matter [to the DOJ] for an enforcement action").
[14] Office Personnel Management ("OPM"), List of Political Appointees from Jan. 20, 2017 to Nov. 5, 2019, at 22, https://bit.ly/3pzSLju; Sean Lawler, Linkedin, https://www.linkedin.com/in/sean-lawler-3b3234103; Tracking how many key positions Trump has filled so far, *Washington Post* https://www.washingtonpost.com/graphics/politics/trump-administration-appointee-tracker/database/.
[15] *See id.*
[16] Josh Lederman, *Trump's chief of protocol pulled off the job ahead of G-20*, *NBC News*, June 25, 2019, https://nbcnews.to/3kIEcXe.
[17] Sean Lawler, Linkedin, https://www.linkedin.com/in/sean-lawler-3b3234103.
[18] Ex. 1.
[19] Ex. 2.

December 21, 2020
Page 4

confirm that Mr. Lawler did not file a Termination Report.[20] On November 10, State confirmed that "the responsive documents provided to you were the most currently available under this agency as well as termination reports [sic]."[21]

Mr. Lawler's failure to file his Termination Report also appears to be confirmed in State's 2019 Agency Ethics Program Questionnaire. That questionnaire says that a single PAS official failed to file a termination report in 2019, and that this unidentified former official, as well as other former agency officials, have "not responded to several emails or certified letters" requesting their Termination Reports.[22] Comparing data from the *Washington Post*'s database tracking the confirmation and departure of Trump Administration appointees against the list of PAS officials for whom State has released termination reports to CREW,[23] it appears that Mr. Lawler is the only PAS official who departed State in 2019 that has not filed a Termination Report with the agency. It stands to reason, then, that Mr. Lawler is the unnamed PAS official mentioned in State's 2019 questionnaire.

In sum, the facts outlined above indicate that Mr. Lawler was required to file his Termination Report by November 5, 2019, that he had failed to do so as of November 10, 2020, and that he has "not responded to several emails or certified letters" from agency ethics officials requesting that he file his Termination Report. These facts provide reason to believe that Mr. Lawler knowingly and willfully failed to file a Termination Report in violation of EIGA.

### Department of State – Mari Stull

Mari Stull served as a Senior Advisor in the State Department's Bureau of International Organizations from April 1, 2018 to January 11, 2019.[24] This was a Schedule C appointment[25]—a type of political appointment for confidential or policy roles immediately subordinate to other political appointees.[26] Ms. Stull reportedly resigned from State amid numerous allegations of misconduct, including claims of workplace harassment and retaliation, and her creation of a "blacklist" of career employees perceived as disloyal to President Trump.[27] An August 2019 Inspector General report confirmed many of these allegations.[28] The same report says that Ms. Stull "left federal service" following her departure from State,[29] indicating that she would not

---

[20] Ex. 3.

[21] Ex. 3. State did release Mr. Lawler's annual public financial disclosure report for 2019, but not any Termination Report. An attachment to State's October 27, 2020 cover letter describes the released report as follows: "Lawler, Sean P – CY19 annual only." Ex. 2.

[22] OGE 2019 Agency Ethics Program Questionnaire, Dep't of State, https://bit.ly/36jq8y2.

[23] *See* Tracking how many key positions Trump has filled so far, *Washington Post* https://www.washingtonpost.com/graphics/politics/trump-administration-appointee-tracker/database/.

[24] OPM, List of Political Appointees from Jan. 20, 2017 to Nov. 5, 2019, at 37.

[25] *See id.*; State Dep't Office of Inspector General, Review of Allegations of Politicized and Other Improper Personnel Practices in the Bureau of International Organization Affairs, ESP-19-05, at 2, Aug. 2019, https://www.stateoig.gov/system/files/esp-19-05.pdf.

[26] OGE Public Financial Disclosure Guide, Schedule C Employee, https://bit.ly/2IxhGmo.

[27] *See* Nahal Toosi, 'Vino Vixen,' alleged blacklist creator, leaves State, *Politico*, Jan. 15, 2019, https://politi.co/32PpoQi.

[28] *See* State Dep't Office of Inspector General, Review of Allegations of Politicized and Other Improper Personnel Practices in the Bureau of International Organization Affairs, ESP-19-05, Aug. 2019.

[29] *Id.* at 2.

December 21, 2020
Page 5

have qualified for the Termination Report exemption for officials transferring to another covered position within 30 days.

Given her January 11, 2019 departure date, the latest possible working day Ms. Stull should have filed her Termination Report—accounting for the 30-day statutory waiting period and the maximum 90-day extension permitted under EIGA—was May 13, 2019.

By email dated September 28, 2020, CREW submitted an OGE Form 201 Request to State for Ms. Stull's Termination Report, among other records.[30] On October 27, State released several financial disclosure reports in response to CREW's pending 201 requests, but not Ms. Stull's Termination Report. An October 27 cover letter from State official Clemon Wilson stated that the agency provided CREW with all "available responsive reports or documents" requested.[31] In emails sent on October 30 and November 9, CREW asked State to confirm that Ms. Stull did not file a Termination Report.[32] On November 10, State confirmed that "the responsive documents provided to you were the most currently available under this agency as well as termination reports [sic]."[33]

According to State's 2019 Agency Ethics Program Questionnaire, an unspecified number of Schedule C appointees failed to file Termination Reports in 2019, and these former officials "have not responded to several emails or certified letters" requesting those reports.[34] Since Ms. Stull was among the Schedule C appointees who left State in 2019, and given the agency's confirmation to CREW that it has received no Termination Report from Ms. Stull as of November 10, 2020, it stands to reason that Ms. Stull is one of the Schedule C appointees referenced in State's 2019 questionnaire.

Thus, the facts outlined above indicate that Ms. Stull was required to file her Termination Report by May 13, 2019, that she had failed to do so as of November 10, 2020, and that she has "not responded to several emails or certified letters" from agency ethics officials requesting that she file her Termination Report. These facts provide reason to believe that Ms. Stull knowingly and willfully failed to file a Termination Report in violation of EIGA.

### *Department of Labor – Byron Anderson and Mark Dundee*

Byron Anderson and Mark Dundee served as Schedule C political appointees at the Department of Labor ("Labor") under the Trump Administration and departed the agency by no later than May 31, 2019. Specifically, Mr. Anderson, served as a Senior Legislative Officer at Labor from October 1, 2017, to May 31, 2019,[35] and has pursued a career as an author and screenwriter since leaving the agency.[36] Mr. Dundee served as a Senior Policy Advisor at Labor

---

[30] Ex. 4.

[31] Ex. 2.

[32] Ex. 3.

[33] Ex. 3. State did release Ms. Stull's new entrant public financial disclosure report, but not any Termination Report. An attachment to State's October 27, 2020 cover letter describes the released report as follows: "Stull, Mari Lisabeth – CY18_NE_ only." Ex. 2.

[34] OGE 2019 Agency Ethics Program Questionnaire, Dep't of State, https://bit.ly/36jq8y2.

[35] OPM, List of Political Appointees from Jan. 20, 2017 to Nov. 5, 2019, at 1.

[36] *See* Byron Anderson, Linkedin, https://www.linkedin.com/in/byron-anderson-28324328/.

December 21, 2020
Page 6

from November 1, 2017, to May 23, 2019,[37] and thereafter joined Aon as a Senior Partner / Senior Vice President, where he continues to work.[38]

Because both former officials departed government service after leaving Labor, neither of them appears to have qualified for the Termination Report exemption for officials transferring to another covered position within 30 days.

Mr. Anderson and Mr. Dundee departed Labor by May 31, 2019. Using that as their departure date, the latest possible working day they should have filed their termination reports—accounting for the 30-day statutory waiting period and the maximum 90-day extension permitted under EIGA—was September 30, 2019.

By email dated September 28, 2020, CREW submitted OGE Form 201 Requests to Labor for several former officials' Termination Reports, among other records.[39] In an email sent on October 22, Labor official Peter Constantine wrote that Mr. Anderson and Mr. Dundee had "failed to file termination reports."[40]

The facts outlined above thus show that Mr. Anderson and Mr. Dundee were required to file their Termination Reports by no later than September 30, 2019, and that they had failed to do so as of October 22, 2020. It is unclear whether their failures to file were knowing and willful. DOJ should therefore investigate to determine if further action is appropriate. At a minimum, both former officials should be instructed to promptly file their long overdue Termination Reports with the agency in accordance with EIGA.

### Other Agencies – Several Unidentified Former Officials

In addition to the former officials identified above, CREW's review of agencies' ethics program questionnaires has revealed several instances of former Trump Administration appointees failing to file Termination Reports, potentially knowingly and willfully. Although the questionnaires do not identify the former officials by name, the circumstances described warrant further examination by DOJ in coordination with the originating agency:

- The Department of Education's 2019 questionnaire states: "1 termination Schedule C non-compliant referred to OIG for further action."[41]

- The Office of Management and Budget's 2019 questionnaire states: "One departed employee failed to file termination report despite multiple attempts to contact."[42] The questionnaire indicates that the employee was a non-career Senior Executive Service appointee.[43]

---

[37] OPM, List of Political Appointees from Jan. 20, 2017 to Nov. 5, 2019, at 11.
[38] Mark W. Dundee, Linkedin, https://www.linkedin.com/in/dr-mark-w-dundee-0915b37/.
[39] Ex. 5.
[40] Ex. 6. Although Mr. Constantine initially referred to "Bryon" Anderson, he later clarified that he meant to refer to "Byron" Anderson. *Id.*
[41] OGE 2019 Agency Ethics Program Questionnaire, Dep't of Education, https://bit.ly/35rlO0B.
[42] OGE 2019 Agency Ethics Program Questionnaire, Office of Management and Budget, https://bit.ly/35lyshw.
[43] *See id.*

December 21, 2020
Page 7

- The U.S. International Trade Commission's 2018 questionnaire states: "One employee resigned and despite best efforts to have the employee file a combined annual/termination report, filer did not submit such a report."[44]

- The Department of Housing and Urban Development's 2018 questionnaire states: "Schedule C filer unresponsive to direction to file termination report."[45]

The agency questionnaires indicate that none of these individuals were referred to DOJ. However, insofar as these former officials failed to file Termination Reports despite repeated reminders, or under circumstances sufficiently serious to warrant a referral to the agency's Inspector General, a DOJ investigation may indeed be warranted.

## <u>Conclusion</u>

EIGA's financial disclosure process is designed to ensure public confidence that federal officials are acting in the interests of the American people, rather than their own financial interests. And Termination Reports, in particular, serve the critical function of exposing potential conflicts that officials may have as they depart federal service. As explained above, several former Trump Administration appointees have failed to file Termination Reports required by EIGA, and, in some cases, there is evidence that those failures were knowing and willful. We therefore request that DOJ promptly investigate these matters and take any appropriate corrective action.

Sincerely,

Noah Bookbinder
Executive Director

Nikhel Sus
Senior Counsel

cc:   Emory Rounds, Director
      U.S. Office of Government Ethics

---

[44] OGE 2019 Agency Ethics Program Questionnaire, U.S. Int'l Trade Comm'n, https://bit.ly/36u7Fif.
[45] OGE 2018 Agency Ethics Program Questionnaire, Dep't of Housing & Urban Dev., https://bit.ly/32DdfxS.

**erica@floridajustice.com**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Wednesday, September 11, 2019 10:04 PM |
| **To:** | Cheung, Ashley (CIV); Scott.F.Gast@who.eop.gov |
| **Cc:** | Kirby Johnson; michele@floridajustice.com |
| **Subject:** | Re: Final Revised Newman 2017 OGE Form 278e_PDF |
| **Attachments:** | USAvOMN.pdf |

Enclosed please find our response, which has been filed.

We request immediate dismissal of the action. Not only has the matter been mooted, but it was based on false facts. If you do not dismiss it within the next 5 days, we request the depositions of Donald J. Trump, Stefan Passantino, Esq., Uttam Dhillon, Esq., Irene Porada, former White House Chief of Staff, Gen. John Kelly and Scott F. Gast.

Ms. Manigault Newman was threatened by General Kelly from the moment her termination conversation started which has lasted until the President's tweet last week indicating he's suing her for retaliatory reasons. Shameful extortion and insulting delays were played with boxes, which clearly had fundamental information necessary to complete the forms. More games have been played with the dating of the form, as noted in the response. We will be seeking sanctions.

Please govern yourselves accordingly.

Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
               GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, Georgia, Alabama and the District of Columbia

**From:** 'John Phillips' <jmp@floridajustice.com>
**Date:** Wednesday, September 11, 2019 at 5:22 PM
**To:** "Cheung, Ashley (CIV)" <Ashley.Cheung@usdoj.gov>, "Scott.F.Gast@who.eop.gov"
<Scott.F.Gast@who.eop.gov>
**Cc:** Kirby Johnson <kirby@floridajustice.com>, "michele@floridajustice.com" <michele@floridajustice.com>
**Subject:** FW: Final Revised Newman 2017 OGE Form 278e_PDF

1

**EXHIBIT "9"**                              **Page 1 of 2**

Omarosa Manigault Newman is still waiting on Mr. Gast to provide her with the correct form as discussed in their last phone call on the issue. However, we were able to finally retrieve her records recently. She provides this based on the lawsuit filed against her. If you have any questions or concerns, do not hesitate to ask.

We will be filing a response to the lawsuit separately.


Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
                 GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com


*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, Georgia, Alabama and the District of Columbia

2

**EXHIBIT "9"**                    **Page 2 of 2**

## erica@floridajustice.com

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Friday, September 27, 2019 7:30 PM |
| **To:** | Cheung, Ashley (CIV) |
| **Cc:** | jwgaattys@aol.com; Kirby Johnson |
| **Subject:** | Re: United States v. Manigault Newman |

We need the dates for the depositions we requested previously, including Donald Trump. As you know, and as we pointed out previously, he has taken to twitter to indicate persecution of whistleblowers, including but not limited to making treason and death penalty references in public. He's persecuted Omarosa and indicated he's personally suing her in order to send a message from the Presidential pulpit. This is the only record litigation in any way involving the White House, and was referred therefrom, so it's relevant and necessary for a host of reasons.

"Gen. John Kelly, White House ethics attorney Stefan Passantino, Esq., White House ethics attorney Uttam Dhillon, Esq., Human Resource Manager Irene Porada" were key witnesses referenced in our Motion. Please advise if you will coordinate same or at least dates for deposition in the next 30-60 days.

Of course, you may also be a witness as well, at least in the Rule 11 or sanctions context. We reserve the right to have your deposition related to the filing of this frivolous action while knowingly withholding my client's property or knowing it was withheld. This outright violates the very law you cite. Please govern yourself accordingly.

Our client is happy to address any perceived issues with her statement but needs to know what those are. Please provide those immediately. Given what is going on right now with the other whistleblower matters, the DoJ and retaliation on multiple fronts, including the President openly tweeting intimidation to his former secretary by referencing him personally "suing" Omarosa, we hope things can be worked out quickly, honestly and in the sunlight.

We simply want this matter dismissed. This is our last request without seeking fees and costs.


Thank You,


John


John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone: (904) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com


* Board Certified Specialist and Expert in Civil Trial Law
* Licensed to practice in Florida, Georgia, Alabama and the District of Columbia


On Sep 27, 2019, at 4:49 PM, Cheung, Ashley (CIV) <Ashley.Cheung@usdoj.gov> wrote:

**EXHIBIT "10"**                                    **Page 1 of 3**

Mr. Phillips,

Thank you for your response.  We are available from 2-3pm on Monday, October 7 and 11am-12pm on Tuesday, October 8.  We'll reserve a conference room for the meeting in our office located at 1100 L Street NW, Washington, D.C. 20005.

Ethics officials in the Office of White House Counsel have reviewed the termination report that your client submitted.  The termination report is incomplete.  However, the Office of White House Counsel is willing to have an ethics official work with your client to address the deficiencies.  Please let us know whether your client would like to address the deficiencies in her termination report with an ethics official.

Best,

**Ashley Cheung**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(p) (202) 616-8267  |  (f) (202) 616-8470
ashley.cheung@usdoj.gov

**From:** John M. Phillips <jmp@floridajustice.com>
**Sent:** Thursday, September 26, 2019 3:01 PM
**To:** Cheung, Ashley (CIV) <ascheung@CIV.USDOJ.GOV>
**Cc:** jwgaattys@aol.com; jphillips@floridajustice.com
**Subject:** Re: United States v. Manigault Newman

I'll be in DC the 7th and 8th.  My paralegal is out with the death of her son. We can confirm time shortly.

Thank You,

John

**John M. Phillips, B.C.S.****
Phillips & Hunt
Telephone: (904) 444-4444
Email: jmp@floridajustice.com
Website: FloridaJustice.com

**EXHIBIT "10"**                    **Page 2 of 3**

\* Board Certified Specialist and Expert in Civil Trial Law
\* Licensed to practice in Florida, Georgia, Alabama and the District of Columbia


On Sep 26, 2019, at 2:55 PM, Cheung, Ashley (CIV) <Ashley.Cheung@usdoj.gov> wrote:

Counsel,

I'm writing to follow up on my below email from September 12, 2019.  As you know, the Court has ordered the parties to meet and confer by October 15.  Please advise as to your availability for a meet and confer on October 1-4, and October 7-11.

Best,

**Ashley Cheung**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(p) (202) 616-8267  |  (f) (202) 616-8470
ashley.cheung@usdoj.gov

**From:** Cheung, Ashley (CIV)
**Sent:** Thursday, September 12, 2019 2:42 PM
**To:** jwgaattys@aol.com; jphillips@floridajustice.com
**Subject:** United States v. Manigault Newman

Counsel,

Pursuant to the Court's order, attached please find the Case Management Order.  Please advise as to your availability for a meet and confer on September 27, October 1-4, and October 7-11.

Additionally, please confirm that you will serve the "electronically stored audio recording[s]" referenced in footnotes 2 and 4 of your motion in accordance with Local Rule 5.4(e).  We request service by Fed. Ex.

Best,

**Ashley Cheung**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(p) (202) 616-8267  |  (f) (202) 616-8470
ashley.cheung@usdoj.gov

**EXHIBIT "10"**                    **Page 3 of 3**

**erica@floridajustice.com**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Monday, November 25, 2019 2:43 PM |
| **To:** | Cheung, Ashley (CIV); Lynch, Christopher M.   (CIV); Snead, Jacqueline Coleman (CIV) |
| **Cc:** | jwgaattys@aol.com; 'Kirby Johnson'; michele@floridajustice.com; fedprog.ecf@usdoj.gov |
| **Subject:** | Re: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL) |
| **Attachments:** | USAvOMN.pdf |

Please provide us with a 2 week extension to respond to discovery. Trying again, as Mr. Lynch won't respond to us very often.

Once again, under the plain language of the EIGA, to successfully present a claim under 5 U.S.C. App. 4 § 104 (a)(1), the USA has the burden of proving that Ms. Manigault Newman both **knowingly** and **willingly** failed to file her termination financial disclosure report. We hope you will listen to the phone calls we have provided and speak with those involved. We reiterate a desire for all of these depositons. She is fully under the fair impression she was granted an extension, Mr. Passantino would otherwise get back with her, as he said he would, to provide her with the information she needed. Further, the White House had her boxes until after this matter was filed, which will clearly show had pertinent information. Even if they didn't and she thought they did, it would defeat willfulness and be a continued bad look on the White House and Department of Justice.

Meanwhile, the President's office referred this over to you and he's simultaneously calling her names and claiming revenge and retaliation. It looks like you, as members of the Bar, are participating in litigation retaliation.

Please provide a good faith basis for continuing this suit or what the United States wants or expects at this point.

Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
                    GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website:  FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, New York, Georgia, Alabama and the District of Columbia

---

**From:** 'John Phillips' <jmp@floridajustice.com>
**Date:** Monday, November 25, 2019 at 11:43 AM
**To:** "Lynch, Christopher M. (CIV)" <Christopher.M.Lynch@usdoj.gov>
**Cc:** "jwgaattys@aol.com" <jwgaattys@aol.com>, 'Kirby Johnson' <kirby@floridajustice.com>,

**EXHIBIT "11"**                                           **Page 1 of 2**

"michele@floridajustice.com" <michele@floridajustice.com>
**Subject:** Re: United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL)

Please provide us with a 2 week extension to respond to discovery.


Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
             GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, New York, Georgia, Alabama and the District of Columbia

---

**From:** "Lynch, Christopher M. (CIV)" <Christopher.M.Lynch@usdoj.gov>
**Date:** Thursday, October 24, 2019 at 9:24 PM
**To:** 'John Phillips' <jmp@floridajustice.com>
**Cc:** "jwgaattys@aol.com" <jwgaattys@aol.com>, 'Kirby Johnson' <kirby@floridajustice.com>,
"michele@floridajustice.com" <michele@floridajustice.com>
**Subject:** United States v. Omarosa Manigault Newman, DDC No. 1:19-cv-1868 (RJL)

Counsel,

Pursuant to the agreement reached today at the meet and confer regarding service of discovery requests, please find attached:
   1.   Plaintiff's First Requests for Admission
   2.   Plaintiff's First Requests for Production of Documents
   3.   Plaintiff's First Set of Interrogatories to Defendant

Thank you.

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov

**erica@floridajustice.com**

| | |
|---|---|
| **From:** | John M. Phillips <jmp@floridajustice.com> |
| **Sent:** | Thursday, October 24, 2019 1:55 PM |
| **To:** | Lynch, Christopher M. (CIV); Cheung, Ashley (CIV) |
| **Cc:** | michele@floridajustice.com; 'Kirby Johnson'; jwgaattys@aol.com; Kunasek, Hannah G. EOP/WHO; Gast, Scott F. EOP/WHO; Jones, David M. EOP/WHO |
| **Subject:** | USA v. OMN |

Sorry, title should have been USA v. Omarosa Manigault Newman, not Trump. Revised and resent.

As I understand local rule 5.3,

"Proof of service of papers required or permitted to be served, other than those for which a different method of proof is prescribed by the Federal Rules of Civil Procedure or by statute, shall be filed with such papers. The proof shall show the date and manner of service, and may be by certificate of an attorney of record or other proof satisfactory to the Court. Failure to make proof of service does not affect the validity of service. The Court may at any time allow the proof to be amended or supplied, unless to do so would unfairly prejudice a party."

I became aware of "Plaintiff's Opposition to Defendant's Motion to Dismiss" at the phone call. We co-filed the answer, and are filing a notice of appearance today just to be sure it is all clear. We are lead counsel now and heretofore. We were not served with the Response and do not see any certificate of service or notice of who was served whatsoever. Obviously, we disagree with the contents thereof. Please make sure I am served on anything related to this matter. Please provide proof of service and clarify my apparent misunderstanding of 5.3 that a certificate of service "shall be filed" with served papers.

As a follow up to our call, we have repeatedly requested depositions of:

> Donald J. Trump,
> Stefan Passantino, Esq.,
> Uttam Dhillon, Esq.,
> Irene Porada, former White House Chief of Staff,
> Gen. John Kelly
> Scott F. Gast

> And Ashley Cheung.

We await your response. We also request depsoitons of:

> Hannah Kunasek
> And whoever assisted her with the boxes,

> David Jones, as he also was on email and had something to do with the custody of the boxes. He may be who assisted Hannah. We have video of the transfer. We can provide if you need it.

> We also request whoever appears on any and all referrals of this matter to the Department of Justice.

1

**EXHIBIT "12"**                    **Page 1 of 3**

We request any and all witnesses who the Department of Justice anticipates calling at trial or by affidavit.

Mr. Trump has admitted Omarosa is the subject of retaliation, saying:

"Yes, I am currently suing various people for violating their confidentiality agreements. Disgusting and foul mouthed Omarosa is one. I gave her every break, despite the fact that she was despised by everyone, and she went for some cheap money from a book. Numerous others also!"

We need to conduct discovery on this issue. Please provide anyone other than Donald J. Trump who controls the @realdonaldtrump twitter account.

We have repeatedly asked for and been ignored about:
- Issues regarding inconsistencies of whether Omarosa would receive an Amended Form, as the financial disclosure form had an incorrect date. This is all discussed in the call and highly relevant. We need any discovery and information about all of those meetings and how statements made in the Complaint so drastically differ from the recorded calls.
- Issues regarding delay of return and detailed custody of her Boxes. Please provide a complete chain of custody and names of all people who packed, held, stored or carried the boxes at any point prior to my receipt thereof.
- Claims have been made that there are deficiencies in the report. We need to know what they are and have asked repeatedly and been ignored. My client wants to review and update, if necessary. All delay is being caused on your end. However, we can't guess what you claim is deficient. Please provide all / every communication between the White House and Department of Justice in any way related to this case.

We've asked for all referral documents and evidence and expect same.

We request any proof, read receipts or other documentation of any and all email you claim Omarosa received from the White House or Department of Justice or their counsel, as well as any evidence whatsoever exhibiting any intent OTHER than her waiting for her boxes and a proper form to complete.

As a reminder, please be punctual to all meetings. I know 2 minutes isn't a lot to you, but it is time that adds up at the end of the day. I have three small children. I value those minutes more than I can ever put into words.


Thank You,

John

John M. Phillips, B.C.S.**
Phillips & Hunt
Telephone:  FL: (904) 444-4444
              GA: (912) 444-4444
Email:  jmp@floridajustice.com
Website: FloridaJustice.com

**EXHIBIT "12"**                                        **Page 2 of 3**

*Board Certified Specialist in Civil Trial Law by the Florida Bar
*Licensed to practice in Florida, Georgia, Alabama and the District of Columbia

**EXHIBIT "12"**                                    **Page 3 of 3**