UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>OMAROSA MANIGAULT NEWMAN,<br><br>    Defendant. | Civil Action No. 1:19-cv-1868 (RJL) |

**JOINT RESPONSE TO COURT ORDER AND REQUEST FOR STATUS CONFERENCE**

The parties, United States and Omarosa Manigault Newman, by and through their respective counsel, respond as follows to the Court's Order of March 16, 2021, requiring the parties to submit by today a proposed protective order protecting the confidentiality of documents to the Trump Campaign:

1. On June 17, 2020, Plaintiff filed both a motion for protective order and motion to compel discovery. *See* Pl.'s Renewed Mot for Protective Ord., ECF No. 17; Pl.'s Mot. to Compel, ECF No. 18.

2. While the motions to compel and for protective order were pending, discovery in this case proceeded. During this time, Plaintiff produced approximately 1,415 pages of documents and Defendant produced approximately 379 pages of documents and a number of audio and/or video files. Both parties exchanged responses to Requests for Admission, and Defendant responded to Plaintiff's Interrogatories.[1]

---
[1] Defendant never served interrogatories on Plaintiff.

3.  Following this discovery, Plaintiff moved for summary judgment on December 7, 2020 and Defendant cross-moved for summary judgment on February 4, 2021.  *See* Pl.'s Mot. for Summ. J., ECF No. 24; Def.'s Mot. for Summ. J., ECF No. 32.  As of this filing, both motions for summary judgment are fully briefed.

4.  Defendant contends that summary judgment is not ripe as she wants to conduct discovery.  Plaintiff contends that Defendant waived that contention by filing her own motion for summary judgment, *see* ECF No. 32, and by failing to satisfy the requirements of Fed. R. Civ. P 56(d).  *See* Pl.'s Reply ISO Mot. for Summ. J. at 13-14, ECF No. 31; *see generally United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26 (D.C. Cir. 2014) (setting forth "three criteria" that a party "must satisfy" to obtain relief under Fed. R. Civ. P. 56(d)).

5.  On March 16, 2021, the Court granted Plaintiff's motion to compel and granted in part and denied in part Plaintiff's motion for protective order.  Order of March 16, 2021 at 1, ECF No. 36. In its order, the Court declined to enter a protective order with respect to the deposition of Ashley Cheung, Defendant's Request for Production Nos. 3-5 and 11, and Request for Admission No. 28,[2] and ordered the parties to submit by today a joint proposed protective order covering "any documents in this litigation that are subject to the confidentiality agreement between defendant and Donald Trump for President, Inc." Order of March 16, 2021, at 2.

6.  The parties disagree as to the scope of the Court's Order and respectfully seek the Court's guidance on that issue.  Specifically, Defendant has requested the depositions of other individuals with direct knowledge about "defendant's termination date or location of her personal effects," including the three individuals who provided affidavits in support of Plaintiff's Motion for Summary Judgment. Plaintiff disagrees with Defendant's characterization of the knowledge of

---

[2] As of this filing, Defendant has already responded to Request for Admission No. 28.

the individuals whose depositions she has requested since the Court's March 16, 2021 Order, and contends that Defendant's filing of her motion for summary judgment after Plaintiff's motion is contrary to the position she is now taking as to the continued need for discovery.

7.  Accordingly, the parties respectfully request that the Court schedule a telephonic status conference to address that issue, to establish a deadline for the ordered discovery, and to set a schedule for supplemental briefing (if necessary) on the cross motions for summary judgment in connection with the ordered discovery.

8.  The parties have conferred, and Defendant does not believe a confidentiality order is necessary to further protect the confidentiality of the documents she has been ordered to produce because Defendant believes that the issue is moot, and a protective order is unneeded and unwarranted based on the Memorandum Opinion & Order issued on March 30, 2021 in *Denson v. Donald J. Trump for President, Inc.*, 20-cv-4737 (S.D.N.Y.), ECF No. 48. Plaintiff also does not request a confidentiality order with respect to these documents. Therefore, the parties respectfully request that the Court excuse them from the portion of its Order of March 16 requiring them to submit a joint proposed protective order covering "any documents in this litigation that are subject to the confidentiality agreement between defendant and Donald Trump for President, Inc." Order of March 16, 2021, at 2.

Dated: March 31, 2021    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Christopher M. Lynch*
Christopher M. Lynch
D.C. Bar # 1049152
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4537
Fax: (202) 616-8470
Email: christopher.m.lynch@usdoj.gov

*Attorneys for Plaintiff*


*/s/ John M. Phillips*
John M. Phillips
D.C. Bar # 1632674
Law Office of John M. Phillips, LLC
212 North Laura Street
Jacksonville, FL 32202
Tel.: (904) 444-4444
Fax: (904) 508-0683
Email: jphillips@foloridajustice.com
         erica@floridajustice.com

*Attorneys for Defendant*