UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAROSA MANIGAULT NEWMAN,<br><br>Defendant. | Civil Action No. 1:19-cv-1868 (RJL) |

### PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

After receiving briefing from the parties on May 28, 2021 regarding the parties' positions on disputed discovery matters, the Court, by order dated June 14, 2021, stayed discovery pending resolution of the parties' summary judgment motions. The Court then provided the parties the opportunity to supplement the record with the discovery that has been conducted since the parties' original summary judgment motions were filed. *See* Minute Order of June 14, 2021.

Defendant has not supplemented the record with evidence from such discovery. Instead, Defendant claims that she is entitled to additional discovery—the same discovery that she previously sought to obtain before summary judgment, a request that this Court denied. *See* ECF No. 42; *id*. Exs. B & C, ECF Nos. 42-2 & 42-3 (May 21, 2021 emails seeking certain discovery); *cf.* ECF No. 40 (Defendant's May 28, 2021 filing regarding discovery disputes) & ECF No. 41 (Plaintiff's May 28, 2021 filing regarding discovery disputes). Defendant also repeats her argument that Government counsel objected improperly to certain questions at the deposition of Ashley Cheung, which this Court has already considered. *Compare* ECF No. 42 at 4-6, *with* ECF No. 40 at 5-10. Defendant has not satisfied the requirements for a motion for reconsideration, and

the Court should disregard Defendant's attempt to relitigate these issues.[1] To the extent a response is required, Plaintiff incorporates by reference its arguments from its May 28, 2021 filing.[2] *See* ECF No. 41.

Absent from Defendant's supplemental brief is any record evidence or argument setting forth a genuine issue of material fact that would preclude summary judgment for the United States.[3] The record evidence establishes that for more than three years Defendant willfully violated EIGA by failing to submit her Termination Report within thirty days of her termination, and accordingly the Court should grant summary judgment to the United States.[4]

---

[1] "Motions for reconsideration are disfavored[.] The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances. Accordingly, the movant must not relitigate old matters, or raise arguments or present evidence that could have been raised [previously]." *Walsh v. Hagee*, 316 F.R.D. 1, 2 (D.D.C. 2014) (first two alterations in original; internal quotation marks and citations omitted). To prevail on such a motion, the moving party "bears the burden of identifying an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citation and internal quotation marks omitted). Defendant has made no showing of any of the above factors; she makes no suggestion that there has been any change in law or fact since her May 28, 2021 submission or the Court's ruling of June 14, 2021, and to the extent her filing can be construed as an argument that the Court's ruling was "clear error" or resulted in "manifest injustice," that is incorrect for the reasons stated herein and in Plaintiff's May 28, 2021 filing. *See* ECF No. 41.

[2] With respect to Ms. Cheung's deposition, Defendant concedes that it is permissible to instruct a witness not to answer to preserve a privilege and to enforce a limitation ordered by the Court. *See* ECF 42 at 4. Each of Government counsel's objections noted in Defendant's filing is expressly grounded in one or the other of these two bases, and thus Defendant thus has no cause to complain about either. *See* ECF No. 42 at 5-6. Moreover, as noted in Plaintiff's May 28, 2021 filing, Ms. Cheung directly answered all the questions related to the three issues allowed by the Court. *See* ECF No 41 at 13 n.7 (citing to the record of Ms. Cheung's deposition). Defendant thus obtained all the information from the deposition that she was permitted by the Court's order.

[3] In her supplemental filing, Defendant appears to contend that she and her counsel first learned at Ms. Cheung's May 21, 2021 deposition that Scott Gast was in possession of the personal effects that Defendant left in the White House. *See* ECF No. 42 at 2. But the record before the Court establishes that Ms. Cheung advised Defendant's counsel by email on May 16, 2019, before this action was filed, that Mr. Gast had those personal effects and that she could coordinate with him on their return. *See* ECF No. 41-1 at 18. Mr. Gast was also listed by Defendant as a potential witness on her initial disclosures. *Id.* at 76. Defendant never noticed his deposition.

[4] Defendant's inability to controvert the factual record submitted by Plaintiff was not for lack of access to discovery. Defendant has now received over three thousand pages of documents from

For the reasons set forth above and in Plaintiff's prior summary judgment briefing, ECF Nos. 24, 31, 33, & 43 the Court should: (a) grant Plaintiff's Motion for Summary Judgment; (b) deny Defendant's Motion for Summary Judgment; and (c) enter judgment for Plaintiff.

Dated: July 21, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Christopher M. Lynch*
Christopher M. Lynch
D.C. Bar # 1049152
Trial Attorney
United States Department of Justice
Civil Division,
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 353-4537
Fax: (202) 616-8470
Email: christopher.m.lynch@usdoj.gov

*Attorneys for Plaintiff*

---

Plaintiff. She had the opportunity to conduct discovery both before and after the pending summary judgment motions were filed. She even had the opportunity to take the deposition of opposing counsel. The Government has fully responded to every discovery request not subject to a protective order that Defendant propounded prior to Defendant's May 21, 2021 request for privileged information (which is subject to the current stay), and Defendant has deposed the only witness whose deposition she has noticed in the case.